HELPING YOU STAY IN YOUR HOME. 
MAKING HOME AFFORDABLE

*You may be able to make your payments more affordable.*
*Act now to get the help you need!*



February 08, 2010

Dennis K Obduskey
132 Wagon Tongue Road
Bailey, CO 80421

Loan #: 708-0205097843
Property Address: 132 Wagon Tongue Ro   Bailey, CO 80421

Dear Dennis K Obduskey :

You did it! By entering into a Home Affordable Modification Trial Period Plan you have taken the first step toward making your payment more affordable. We want to remind you that when you signed your Trial Period Plan, you agreed to work with a HUD-approved housing counseling agency. The service provided by the housing counseling agency is FREE. Counselors will work with you to create a household budget and develop an action plan to reduce your household debts. You can also count on your housing counselor to provide you with support during the loan modification process.

Your next step is to choose from the following housing counseling options:

A. Select a HUD approved housing counseling agency by going to this website address: http://www.hud.gov/offices/hsg/sfh/hcc/fc/. The available agencies are listed by state and can provide you with either in-person counseling or counseling by phone.

B. Or, select counseling by phone through the HOPE Hotline by calling 1-888-995-HOPE. This is an on-demand counseling service that is available 24-hours a day/7-days a week. The HOPE Hotline is available in Spanish or English (other languages are available on request).

Whichever option you select, the housing counseling services will be made available at NO COST TO YOU. Remember, it is your responsibility to contact one of these counseling agencies. It is also a requirement of your Trial Period Plan.

If you have questions about this requirement, please contact us at 1-800-416-1472.

Sincerely,

Wells Fargo Home Mortgage



C1SL-309-02-8

## IMPORTANT INFORMATION ABOUT YOUR TRIAL PERIOD PLAN

<u>Review of your loan is underway. Remember: you need to return the completed, signed package and required documents as soon as possible.</u>

Important Escrow Information:
- If you are approved for and accept a trial payment plan under the Home Affordable Modification Program, you will be required to maintain or establish an escrow account to pay your future property taxes and insurance premiums which will remain on your account for the life of the loan. Until then, please continue to pay any tax or insurance bills you have previously been responsible for paying.
- If delinquent property taxes or insurance premiums are discovered during our review of your financial situation, we will make those payments including all interest and penalties. We will then establish an escrow account or adjust your existing escrow account for payment of past due and future amounts.
- Any insurance and/or tax item that is paid through homeowner's association dues will remain non-escrowed.

Important Payment Information:
- If your payments are being electronically withdrawn by us, we are not able to adjust your withdrawal amounts to collect your trial period payments. If your payments are being electronically withdrawn, whether by us or any other provider, it is your responsibility to stop those withdrawals if and when it is appropriate. Please remember this when you move from your current payment to a trial period payment.
- If you need Wells Fargo Home Mortgage to cancel your withdrawals, please call us at 1-866-386-8519 (Monday-Friday 6 a.m. to 10 pm CST and Saturday 8 a.m. to 2 p.m.) at least five (5) business days prior to the date you wish to have the withdrawals stopped.
- We are unable to accept or hold post-dated checks. However, if you would like to use our Wells Fargo Easy Pay process to schedule your trial period payments by phone, please contact us at 800-848-9862.

Note: You will receive a form to re-start automatic, on-going electronic withdrawals when your loan is formally modified at the end of your trial period.

\*\*Please see payment coupons attached for your convenience\*\*

| | |
|---|---|
| Dennis K Obduskey<br><br>132 Wagon Tongue Road<br>Bailey, CO 80421<br><br>Wells Fargo Home Mortgage<br>Suite L2-200<br>1200 West 7th Street<br>Los Angeles, CA 90017 | Loan Number: 708-0205097843<br><br>Payment Amount Due: $1,152.63<br><br>Payment Due Date: 3/1/2010 |

| | |
|---|---|
| Dennis K Obduskey<br><br>132 Wagon Tongue Road<br>Bailey, CO 80421<br><br>Wells Fargo Home Mortgage<br>Suite L2-200<br>1200 West 7th Street<br>Los Angeles, CA 90017 | Loan Number: 708-0205097843<br><br>Payment Amount Due: $1,152.63<br><br>Payment Due Date: 4/1/2010 |

| | |
|---|---|
| Dennis K Obduskey<br><br>132 Wagon Tongue Road<br>Bailey, CO 80421<br><br>Wells Fargo Home Mortgage<br>Suite L2-200<br>1200 West 7th Street<br>Los Angeles, CA 90017 | Loan Number: 708-0205097843<br><br>Payment Amount Due: $1,152.63<br><br>Payment Due Date: 5/1/2010 |

| | |
|---|---|
| Wells Fargo Home Mortgage<br>Suite L2-200<br>1200 West 7th Street<br>Los Angeles, CA 90017 | Loan Number:<br><br>Payment Amount Due:<br><br>Payment Due Date: |

C1SL-309-02-8

Investor Loan # 448240149

# HOME AFFORDABLE MODIFICATION PROGRAM
# LOAN TRIAL PERIOD
(Step One of Two-Step Documentation Process)

Trial Period Plan Effective Date: 03/01/2010
Borrower ("I")[1]: Dennis K Obduskey
Lender or Servicer ("Lender"): Wells Fargo Home Mortgage
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): 5/31/2007
Loan Number: 708-0205097843
Property Address ("Property"): 132 Wagon Tongue Ro Bailey, CO 80421

If I am in compliance with this Loan Trial Period and my representations in Section 1 continue to be true in all material respects, then the Lender will provide me with a Loan Modification Agreement, as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage payment and documents to permit verification of all of my income (except that I understand that I am not required to disclose any child support or alimony unless I wish to have such income considered) to determine whether I qualify for the offer described in this Plan. I understand that after I sign and return two copies of this Plan to the Lender, the Lender will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Lender sign it and Lender provides me with a copy of this Plan with the Lender's signature.

1. My Representations. I certify, represent to Lender and agree:
   A. I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am either in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
   B. I live in the Property as my principal residence, and the Property has not been condemned;
   C. There has been no change in the ownership of the Property since I signed the Loan Documents;
   D. I am providing or already have provided documentation for all income that I receive (except that I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Offer);
   E. Under penalty of perjury, all documents and information I have provided to Lender pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and
   F. If Lender requires me to obtain credit counseling, I will do so.
   G. If I have been discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents. Based on this representation, Lender agrees that I will not have personal liability on the debt pursuant to this Plan. I understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents or to execute the Modification Agreement if the Lender has not received an acceptable title endorsement and/or subordination agreements from other lien holders, as necessary, to ensure that the modified mortgage Loan retains its first lien position and is fully enforceable.

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

CISL-309-02-8

2.  The Loan Trial Period. On or before each of the following due dates, I will pay the Lender the amount set forth below $1,152.63, which includes payment for Escrow Items, including real estate taxes, insurance premiums and other fees, if any, of U.S. $230.55.

| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1 | $1,152.63 | 03/01/2010 |
| 2 | $1,152.63 | 04/01/2010 |
| 3 | $1,152.63 | 05/01/2010 |
|   |           |            |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which will be finalized in accordance with Section 3 below.

During the period 3/1/2010-5/1/2010 commencing on 3/1/2010 and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due 6/1/2010 or (ii) termination of this Plan, I understand and acknowledge that:

A.  TIME IS OF THE ESSENCE under this Plan;
B.  Except as set forth in Section 2.C. below, the Lender will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived to the extent permitted by applicable law;
C.  If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the lender may foreclose if I have not made each and every Trial Period Payment that is due before the scheduled foreclosure sale. If a foreclosure sale occurs pursuant to this Section 2.C., this agreement shall be deemed terminated;
D.  The Lender will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full. If there is any remaining money after such payment is applied, such remaining funds will be held by the Lender and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;
E.  When the Lender accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;
F.  If prior to the Modification Effective Date, (i) the Lender does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; or (iii) the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Plan will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and
G.  I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan. If under the Lender's procedures, title endorsement(s) and/or subordination agreement(s) are required to ensure that the modified Loan Documents retain first lien position and are fully enforceable, I understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents or to execute the Modification Agreement if the Lender has not received acceptable title endorsement(s) and/or subordination agreement(s) from other lien holders, as Lender determines necessary.

3.  The Modification. I understand that once Lender is able to determine the final amounts of unpaid interest and any other delinquent amounts (except late charges) to be added to my loan balance and after deducting from my loan balance any remaining money held at the end of the Trial Period under Section 2.D. above, the Lender will determine the new payment amount. If I comply with the

02/17/2010 13:58 FAX 303 593 6446      DENNIS OBDUSKEY                                  ☒009/028

requirements in Section 2 and my representations in Section 1 continue to be true in all material respects, the Lender will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date. The Modification Agreement will provide that, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the loan. Upon execution of a Modification Agreement by the Lender and me, this Plan shall terminate and the Loan Documents, as modified by the Modification Agreement, shall govern the terms between the Lender and me for the remaining term of the loan.

4. **Additional Agreements.** I agree to the following:

   A. That, unless a borrower or co-borrower is deceased, all persons who signed the Loan Documents have signed this Plan.
   B. To comply, except to the extent that they are modified by this Plan, with all covenants, agreements, and requirements of Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, Impounds, and all other payments, the amount of which may change periodically over the term of my loan.
   C. That this Plan constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.
   D. That all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. The Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.
   E. Notwithstanding anything herein to the contrary, if my final two trial period payments are received by Wells Fargo Home Mortgage after the close of business on the 15th calendar day of the last month of the Trial Period but before the end of the Trial Period, I agree that the Trial Period shall be extended by one calendar month (the "Additional Trial Period"). I agree to abide by all terms and provisions of this Trial Period during the additional Trial Period. In addition, I agree to make a Trial Period Payment in the amount of $1,152.63 no more than 30 days after the last due date listed in the chart in Section 2 above.
   F. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. I understand and consent to the disclosure of my personal information and the terms of this Trial Period Plan and the Modification Agreement by Lender to (a) the U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (c) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (e) any HUD certified housing counselor.

In Witness Whereof, the Lender and I have executed this Plan.

Wells Fargo Home Mortgage                    _Dennis K Obduskey_ (Seal)
Lender                                       Borrower    2/16/2010
                                             Date
By: _____                   _____ (Seal)
                                             Borrower
_____
Date                                         _____
                                             Date

C1SL-309-02-8