Dennis Obduskey
132 Wagon Tongue Road
Bailey, CO 80421
November 7, 2011

Office of RESPA and Interstate Land Sales
Department of Housing and Urban Development
451 Seventh Street S.W., Room 9154
Washington, DC 20410                                              *via certified mail*

Dear RESPA Administrator:

The attached copy of a Qualified Written Request was sent this past June to Wells Fargo Home Mortgage, via NACA, Neighborhood Assistance Corporation of America, a non-profit HUD certified counseling agency. I have no correspondence from either Wells Fargo or NACA reflecting acknowledgement or answers related to the request; please consider this an official complaint directed toward my loan servicer.

I also still expect to receive the information via NACA, with a copy to me at my home address.

I am also copying the office of the Colorado Attorney General, Wells Fargo Home Mortgage, NACA, and Colorado US Senators Michael Bennet and Mark Udall. Although I have communicated some historical information to Sen. Bennet's office in the past, I have tried to resolve this problem without external help except via NACA. I would not have gotten this far without them.

As I understand it, this is well past the legal requirement for returning the requested information, although I reminded the servicer in my on-line NACA web file, on July 8, 2011 when I accepted a loan modification offer requiring me to make trial payments on August 1, September 1 and October 1, 2011, that I still expected a full response to the QWR.

I am surprised and disappointed that I have not received any QWR documentation; especially given I had expected to receive promised loan modification documents after my third and final "trial" payment made on October 1, 2011 as agreed. Modification documents have not been received, either, although promised and confirmed at a Home Preservation Workshop organized by Wells Fargo Home Mortgage in July.

Not only does my QWR relate to the entire "payment" history and documentation of fees charged and a number of other "trial payments" during the past 2-3 years, I also desire to verify all records related to transfer of the Promissory Note, copies of appropriate legal recorded records related to sale and transfer, and all information related to loss mitigation and other calculations as referenced in the original QWR.

As this issue began when Wells Fargo Home Mortgage *solicited me* in December of 2008 for a loan modification, then botched the documents and required me to begin what turned into an extended 2 ½-year process that should have been long since been completed, it's time to reasonably and accurately get through this and let me get on with my life at the home I've lived at since 1998.

Although I cannot afford it, I also intend explore other possible legal actions.

Sincerely,

*Dennis K Obduskey* (signature)
Dennis K Obduskey

Enclosures

**Exhibit-10**

Office of RESPA and Interstate Land Sales
November 7, 2011
Page 2

cc:

Wells Fargo Home Mortgage
PO Box 10335
Des Moines, IA  50306    Loan: 0205097843    *certified*

NACA
Qualified Written Request
3607 Washington St
Boston, MA  02130    NACA ID: 632384    *certified*

Office of the Attorney General
1525 Sherman St., 7th Floor
Denver, CO  80203

U.S. Senator Michael Bennet
458 Russell Senate Office Building
Washington, DC 20510

U.S. Senator Mark Udall
Hart Office Building Suite SH-328
Washington, DC 20510

# QUALIFIED WRITTEN REQUEST

Clients Names: 1) __Dennis Keith Obduskey__

2) _____

Property Address: __132 Wagon Tongue Road, Bailey, CO  80421__
Lender: __Wells Fargo Home Mortgage__
Loan Number: __0205097843__

Mailing Address:
NACA
3607 Washington
Boston, MA 02130

Dear Lender,

You are the current Loan Servicer of my home mortgage as identified above. Today, I am uncertain as to who the current Holder and Owner of the original Note and deed of trust is because the transfer and ownership of my loan, as has proven to be the case with thousands of other home loans across America, could have been impacted by recent issues concerning people signing transfer documents without knowledge or authority to do so. This has resulted in foreclosure moratoriums in many instances (i.e. the notorious "Robo Signers") along with foreclosure reversals (i.e. Massachusetts Supreme Court ruling).

By way of this Qualified Written Request I am asking that you as my current Loan Servicer, send me all pertinent information about fees, costs, escrow accounting, loan ownership, loan servicing transfers, loan ownership transfers, and further information concerning my home loan.

This is a "qualified written request" pursuant to the Real Estate Settlement Procedures Act (section 2605 (e)).

I request the following information:

1. A complete payment history which lists the dates and amounts of all payments we have made on the loan to date, and shows how each payment was applied or credited (whether to principal, interest, escrow, suspense, or some other treatment);

2. A breakdown of the amount of claimed arrears or delinquencies on the account including an itemization of all fees and charges you claim are currently due;

3. The payment dates, purpose of payment, and recipient of any and all foreclosure fees and costs that have been charged to the account;

4. The payment dates, purpose of payment, and recipient of all escrow items charged to the account along with my Escrow/Impound Account Agreement;

5. A copy of any annual escrow statements, and notices of a shortage, deficiency, or surplus, sent within the last three years;

6. The current balance in any suspense account as of today's date and the reason why such funds were deposited in the account;

7. The name and address of the entity that legally is the "Holder" of the promissory note secured by the deed of trust in the mortgage loan referenced above. If your answer is the same as your answer to #7 above, you may simply reply "same as #7";

8. The names of all entities to which the Promissory Note referenced above has been sold or otherwise transferred at any time, and the dates the each sale or transfer of the Note occurred along with recorded evidence for each sale and transfer;

9. A copy of the Note referenced above showing all endorsements that have occurred, together with any addendums to the note;

10. The names of all entities to which this mortgage or deed of trust has been assigned, and the dates that each assignment occurred. If any assignment in blank has occurred, include it in the list of dates with the notation "In Blank" in place of the name of an entity;

11. A copy of each of the assignments reflecting each assignment referenced in #11, above;

12. A description of all loss mitigation and foreclosure avoidance steps taken in regard to this mortgage loan, including all calculations concerning debt-to-income and net-present-value determinations and all documents regarding loss mitigation;

13. The name and the address of the Owner, of the Trustee, and of the Document Custodian Holder of my Promissory Note secured by the Deed of Trust in the mortgage loan referenced above;

14. The Net Present Value ("NPV") calculation for my home loan articulating your assessment of my home loan's value and method of valuation (i.e. what to do with my home loan in relation to investors' interests);

15. Pooling and Servicing Agreement;

16. Recording conditions for each mortgage assignment and sale;

17. Name and contact information of the Sub-Servicer of my home loan;

18. First Payment Notice;

19. Initial Uniform Residential Loan Application:

20. Final Uniform Residential Loan Application;

21. Initial Truth-In-Lending disclosure;

22. Final Truth-In-Lending disclosure;

23. Initial Good Faith Estimate;

24. Final Good Faith Estimate;

25. Lender Master Servicing Agreement for Lender serviced home mortgage loans;

26. Lender's Servicing Agreement for mortgage loans assigned to approved Sub-Servicers;

27. Mortgage Loan Commitment;

28. Final HUD-1 Settlement Statement;

29. Prepayment Disclosure;

30. Section 32 High Cost Disclosure;

31. Applicable Tangible Net Benefit Tests;

32. Appraisal;

33. 4506-T Form;

34. Mortgage Loan Commitment or Underwriting Approval issued by the Originator of this home loan;

35. Notice of Right To Cancel;

36. Transmittal Summary – Form 1008;

37. Disclosure given to the consumer at application outlining how interest-only mortgages work;

38. Initial ARM disclosures;

39. ARM Handbook;

I authorize you as my Loan Servicer to forward each of the thirty-nine RESPA-requested items listed above to NACA at 3607 Washington, Thanking you in advance for your cooperation in honoring my "Qualified Written Request", as is required of you by the Real Estate Settlement Procedures Act (section 2605 (e)).

Sincerely,

_____    6/15/2011
Client Name  Dennis K Obduskey       Date

_____    _____
Client Name                          Date

Cc: HUD RESPA
    State Attorney General