*C.R.C.P. 120*

COLORADO COURT RULES
Copyright (c) 2015 by Matthew Bender & Company Inc.
All rights reserved

\*\*\* This document reflects changes received through June 26, 2015 \*\*\*

COLORADO RULES OF CIVIL PROCEDURE
CHAPTER 17 COURT PROCEEDINGS: SALES UNDER POWERS

C.R.C.P. 120 (2015)

Rule 120. Orders Authorizing Sales Under Powers.

**(a)**

**Motion; Contents.** Whenever an order of court is desired authorizing a sale under a power of sale contained in an instrument, any interested person or someone on such person's behalf may file a verified motion in a district court seeking such order. The motion shall be accompanied by a copy of the instrument containing the power of sale, shall describe the property to be sold, and shall specify the default or other facts claimed by the moving party to justify invocation of the power of sale. When the property to be sold is personal property, the motion shall state the names and last known addresses, as shown by the records of the moving party, of all persons known or believed by the moving party to have an interest in such property which may be materially affected by such sale. When the property to be sold is real property and the power of sale is contained in a deed of trust to a public trustee, the motion shall state the name and last known address, as shown by the records of the moving party, of the grantor of such deed of trust, of the current record owner of the property to be sold, and of any person known or believed by the moving party to be personally liable upon the indebtedness secured by the deed of trust, as well as the names and addresses of those persons who appear to have acquired a record interest in such real property, subsequent to the recording of such deed of trust and prior to the recording of the notice of election and demand for sale, whether by deed, mortgage, judgment or any other instrument of record. In giving notice to persons who appear to have acquired a record interest in real property, the address of each such person shall be the address which is given in the recorded instrument evidencing such person's interest, except that if such recorded instrument does not give an address or if only the county and state are given as the address of such person, no address need be stated for such person in the motion. The clerk shall fix a time not less than 21 nor more than 35 days after the filing of the motion and a place for the hearing of such motion.

**(b)**

**Notice; Contents; Service.** The moving party shall issue a notice describing the instrument containing the power of sale, the property sought to be sold thereunder, and the default or other facts upon which the power of sale is invoked. The notice shall also state the time and place set for the hearing and shall refer to the right to file and serve responses as provided in section (c), including a reference to the last day for filing such responses and the addresses at which such responses must be filed and served. The notice shall contain the following advisement: "If this case is not filed in the county where your property is located, you have the right to ask the court to move the case to that county. Your request may be made as a part of your response or any paper you file with the court at least 7 days

**Exhibit-11**

before the hearing." The notice shall contain the return address of the moving party. Such notice shall be served by the moving party not less than 14 days prior to the date set for the hearing, by: (1)   mailing a true copy thereof to each person named in the motion (other than persons for whom no address is stated) at the address or addresses stated in the motion; (2)   and by filing a copy with the clerk and by delivering a second copy to the clerk for posting by the clerk; and (3)   if a residential property as defined by statute, by posting a true copy in a conspicuous place on the subject property as required by statute. Such mailing and delivery to the clerk for posting, and property posting shall be evidenced by the certificate of the moving party or moving party's agent. For the purpose of this section, posting may be electronic on the court's public website so long as the electronic address for the posting is displayed conspicuously at the courthouse.

**(c)**

**Response; Contents; Filing and Service.** Any interested person who disputes, on grounds within the scope of the hearing provided for in section (d), the moving party's entitlement to an order authorizing sale may file and serve a response to the motion, verified by the oath of such person, setting forth the facts upon which he relies and attaching copies of all documents which support his position. The response shall be filed and served not less than 7 days prior to the date set for the hearing, said interval including intermediate Saturdays, Sundays, and legal holidays, C.R.C.P. 6(a) notwithstanding, unless the last day of the period so computed is a Saturday, a Sunday or a legal holiday, in which event the period runs until the end of the next succeeding day which is not a Saturday, Sunday or a legal holiday. Service of such response upon the moving party shall be made in accordance with C.R.C.P. 5(b). C.R.C.P. 6(e) shall not apply to computation of time periods under this section (c).

**(d)**

**Hearing; Scope of Issues; Order; Effect.** At the time and place set for the hearing or to which the hearing may have been continued, the court shall examine the motion and the responses, if any. The scope of inquiry at such hearing shall not extend beyond the existence of a default or other circumstances authorizing, under the terms of the instrument described in the motion, exercise of a power of sale contained therein, and such other issues required by the Service Member Civil Relief Act (SCRA), 50 U.S.C. § 520, as amended. The court shall determine whether there is a reasonable probability that such default or other circumstance has occurred, and whether an order authorizing sale is otherwise proper under said Service Member Civil Relief Act, and shall summarily grant or deny the motion in accordance with such determination. Neither the granting nor the denial of a motion under this Rule shall constitute an appealable order or judgment. The granting of any such motion shall be without prejudice to the right of any person aggrieved to seek injunctive or other relief in any court of competent jurisdiction, and the denial of any such motion shall be without prejudice to any right or remedy of the moving party. The court shall not require the appointment of an attorney to represent any interested person as a condition of granting such motion, unless it appears from the motion or other papers filed with the court that there is a reasonable probability that the interested person is in the military service.

**(e)**

**Hearing Dispensed with if no Response Filed.** If no response has been filed within the time permitted by section (c), the court shall examine the motion and, if satisfied that venue is proper and the moving party is entitled to an order authorizing sale upon the facts

stated therein, the court shall dispense with the hearing and forthwith enter an order authorizing sale.

**(f)**

**Venue.** For the purposes of this section, a consumer obligation is any obligation (i) as to which the obligor is a natural person, and (ii) is incurred primarily for a personal, family, or household purpose. Any proceeding under this Rule involving a consumer obligation shall be brought in and heard in the county in which such consumer signed the obligation or in which the property or a substantial part thereof is located. Any proceeding under this Rule which does not involve a consumer obligation or an instrument securing a consumer obligation may be brought and heard in any county. However, in any proceeding under this Rule, if a response is filed, and if in the response or in any other writing filed with the court, the responding party requests a change of venue to the county in which the encumbered property or a substantial part thereof is situated, the court shall order transfer of the proceeding to such county.

**(g)**

**Return of Sale.** The court shall require a return of such sale to be made to the court, and if it appears therefrom that such sale was conducted in conformity with the order authorizing the sale, the court shall thereupon enter an order approving the sale.

**(h)**

**Docket Fee.** A docket fee in the amount specified by law shall be paid by the person filing such motion. Unless the court shall otherwise order, any person filing a response to the motion shall pay, at the time of the filing of such response, a docket fee in the amount specified by law for a defendant or respondent in a civil action under section 13-32-101 (1) (d), C.R.S.

**HISTORY:** Source: (b), (e), and (f) amended February 7, 1991, effective June 1, 1991; (a) amended February 17, 1993, effective April 1, 1993; (a) amended and adopted, effective November 16, 1995; (c) and (d) amended and effective June 28, 2007; (d) corrected and effective November 5, 2007; (b) amended and effective January 7, 2010; (b) amended and effective October 14, 2010; (a), (b), and (c) amended and adopted December 14, 2011, effective January 1, 2012, for all cases pending on or filed on or after January 1, 2012, pursuant to C.R.C.P. 1(b).

COMMITTEE COMMENT

The 1989 amendment to C.R.C.P. 120 (Sales Under Powers) is a composite of changes necessary to update the Rule and make it more workable. The amendment was developed by a special committee made up of practitioners and judges having expertise in that area of practice, with both creditor and debtor interests represented.

The changes are in three categories. There are changes that permit court clerks to perform many of the tasks that were previously required to be accomplished by the Court and thus save valuable Court time. There are changes to venue provisions of the Rule for compliance with the Federal Fair Debt Collection Practices Act. There are also a number of editorial changes to improve the language of the Rule.

There was considerable debate concerning whether the Federal "Fair Debt Collection Practices Act" is applicable to a C.R.C.P. 120 proceeding. Rather than attempting to mandate compliance with that federal statute by specific rule provision, the Committee recommends that a person acting as a debt collector in a matter covered by the provisions of the Federal "Fair Debt Collection Practices Act" be aware of the potential applicability of the Act and comply with it, notwithstanding any provision of this Rule.

ANNOTATION

Law reviews. For article, "War Legislation Affecting Titles to Real Estate", see 21 Dicta 11 (1944). For article, "Notes on Proposed Amendments to Colorado Rules of Civil Procedure", see 27 Dicta 165 (1950). For article, "Foreclosure by Sale by Public Trustee of Deeds of Trust in Colorado", see 28 Dicta 437 (1951). For article, "Forms Committee Presents Standard Pleading Samples to Be Used in Foreclosures Through Public Trustee", see 28 Dicta 461 (1951). For article, "Amendments to the Colorado Rules of Civil Procedure", see 28 Dicta 242 (1951). For article, "Additional Real Estate Standards", see 30 Dicta 431 (1953). For article, "One Year Review of Civil Procedure and Appeals", see 38 Dicta 133 (1961). For comment, "The Effect of Certified Realty Corp. v. Smith on Mortgage Foreclosure in Colorado", see 52 U. Colo. L. Rev. 301 (1981). For article, "Inadequacy of Sales Price at Judicially Ordered Sales of Real Property", see 12 Colo. Law, 1435 (1983). For article, "Marshalling in Judicial or Nonjudicial Foreclosure in Colorado", see 13 Colo. Law. 1809 (1984). For article, "Foreclosure by Private Trustee: Now Is the Time for Colorado", see 65 Den. U. L. Rev. 41 (1988). For article, "Rule 120: Relocation of the Meaningful Hearing", see 20 Colo. Law. 495 (1991).

This rule was repealed and readopted to provide for due process safeguards to one who challenges the entitlement to foreclose a deed of trust containing a power of sale to the public trustee. Valley Dev. at Vail, Inc. v. Warder, 192 Colo. 316, 557 P.2d 1180 (1976).

Due process requires opportunity to be heard. Due process under section (d) requires only that the respondents to the motion be given an opportunity to be heard on their contentions. Moreland v. Marwich, Ltd., 629 P.2d 1095 (Colo. App. 1981), rev'd on other grounds, 665 P.2d 613 (Colo. 1983).

Provisions of this rule must be strictly complied with by one seeking foreclosure under a power of sale through the public trustee. Dews v. District Court, 648 P.2d 662 (Colo. 1982).

A completed foreclosure need not be set aside where the complaining party received timely actual notice and was not prejudiced. Amos v. Aspen Alps 123, LLC, 298 P.3d 940 (Colo. App. 2010), aff'd, 2012 CO 46, 280 P.3d 1256.

The provisions of this rule are predicated upon the requirements of the soldiers' and sailors' civil relief act, and the rule was adopted for the purpose of establishing a procedure for compliance therewith. That act by its plain provisions does not prevent the foreclosure of security for any obligation pursuant to a written agreement of the parties executed during the period of military service. Whitaker v. Hearnsberger, 123 Colo. 545, 233 P.2d 389 (1951).

The purpose of the rule is only to establish the status of the debtor with respect to military service. Hastings v. Security Thrift & Mtg. Co., 145 Colo. 36, 357 P.2d 919 (1960).

Proceedings under this rule are designed to afford holders of notes secured by deeds of

trust a means of avoiding questions of marketability of title derived from sales thereunder. Where the debtor was not in military service, the sale by the public trustee could have proceeded without reference to this rule without prejudice to the debtor. Hastings v. Security Thrift & Mtg. Co., 145 Colo. 36, 357 P.2d 919 (1960).

This rule implements the statutory public trustee foreclosure system. Bakers Park Mining & Milling Co. v. District Court, 662 P.2d 483 (Colo. 1983).

Proceedings under this rule are not adversary proceedings in which the court determines issues and enters a final judgment, and no appeal may be taken to review the same. Hastings v. Security Thrift & Mtg. Co., 145 Colo. 36, 357 P.2d 919 (1960).

When hearing required. If a response to the motion seeking sale under the public trustee's deed is timely filed, the court should conduct a hearing on the existence of the default, and other relevant issues if raised in the response. Dews v. District Court, 648 P.2d 662 (Colo. 1982).

The scope of inquiry for a hearing held pursuant to this rule is limited to the existence of a default or other circumstances authorizing the sale, and action collateral to such hearing is necessary to resolve all other issues. Ragsdale Bros. Roofing v. United Bank, 744 P.2d 750 (Colo. App. 1987); In re Carpenter, 200 Bankr. 47 (D. Colo. 1996).

The purpose and scope of a hearing pursuant to this rule are very narrow: the trial court must determine whether there is a reasonable probability that a default or other circumstance authorizing exercise of a power of sale has occurred. The test is whether, considering all relevant evidence, there is a reasonable probability that a default exists. United Guar. Residential Ins. Co. v. Vanderlaan, 819 P.2d 1103 (Colo. App. 1991); Plymouth Capital Co. v. District Court, 955 P.2d 1014 (Colo. 1998).

Determination of real party in interest. The trial court in a proceeding under this rule must consider whether the moving parties are the real parties in interest when the issue is properly raised by the debtors. Goodwin v. District Court, 779 P.2d 837 (Colo. 1989).

The defenses of waiver and estoppel are valid defenses that should be considered by the trial court in a proceeding under this rule if properly raised by the debtor. Goodwin v. District Court, 779 P.2d 837 (Colo. 1989).

There is no requirement that an order directing foreclosure be filed in the county where the property affected is located. Hastings v. Security Thrift & Mtg. Co., 145 Colo. 36, 357 P.2d 919 (1960).

The notice procedure requires nothing more than that the notices be mailed to the mortgagee at the address given in the deed of trust. Motlong v. World Sav. & Loan Ass'n, 168 Colo. 540, 452 P.2d 384 (1969).

Certificate of mailing not conclusive. Although section (b) states that "mailing and posting shall be evidenced by the certificate of the clerk", the certificate is not conclusive proof of compliance with the rule but only creates a presumption which may be rebutted with evidence of noncompliance. Dews v. District Court, 648 P.2d 662 (Colo. 1982).

Court may retain supervisory jurisdiction over proposed foreclosure. The narrowly circumscribed scope of a proceeding under this rule does not preclude the court from retaining supervisory jurisdiction over a proposed foreclosure for purposes of ensuring that

due process is accorded to the parties. Bakers Park Mining & Milling Co. v. District Court, 662 P.2d 483 (Colo. 1983).

Ex parte appointment of receiver. While the ex parte appointment of a receiver may be permissible under emergency circumstances or where notice is impractical, a case must be pending at the time of the appointment. Johnson v. McCaughan, Carter & Scharrer, 672 P.2d 221 (Colo. App. 1983).

A receivership hearing did not provide petitioners with an effective opportunity to be heard on the issue of foreclosure. Valley Dev. at Vail, Inc. v. Warder, 192 Colo. 316, 557 P.2d 1180 (1976).

Injunctive action is not the exclusive action which may be taken under this rule as an aggrieved person may also seek other relief in any court having jurisdiction. Ragsdale Bros. Roofing v. United Bank, 744 P.2d 750 (Colo. App. 1987).

Foreclosure sale must be scheduled within seven days of hearing. When a creditor seeks to foreclose a deed of trust or mortgage, the foreclosure sale must be scheduled not less than seven days after the hearing conducted under this rule. Kirchner v. Sanchez, 661 P.2d 1161 (Colo. 1983).

Petitioners may be allowed additional time to redeem. The trial court acts within the limits of its discretion when it allows the petitioners additional time to redeem from the foreclosure sales. Moreland v. Marwich, Ltd., 665 P.2d 613 (Colo. 1983).

Attorney's fees not provided for. The determination of whether attorneys' fees can be recovered and the amount that is due is not within the permissible scope of a proceeding under this rule. Bakers Park Mining & Milling Co. v. District Court, 662 P.2d 483 (Colo. 1983).

Proceedings under this rule are a "judicial proceeding" and, therefore, "legal action" for the purposes of the federal Fair Debt Collection Practices Act. Thus, former section (f) of this rule, which permitted an action to be filed in any county, was preempted by federal law. But acceptance by district court clerks of improperly filed actions was not "state action" for the purposes of 42 U.S.C. § 1983. Zartman v. Shapiro and Meinhold, 811 P.2d 409 (Colo. App. 1990) (decided under rule in effect prior to 1989 amendment), aff'd, 823 P.2d 120 (Colo. 1992).

The federal Fair Debt Collection Practices Act requires that an action to enforce an interest in real property securing a consumer's obligation, brought by a debt collector, must be brought only in a judicial district in which the real property is located. For purposes of the federal act an attorney who qualifies under the first sentence of the definition in 15 U.S.C. § 1692a(6) is a debt collector. Shapiro and Meinhold v. Zartman, 823 P.2d 120 (Colo. 1992) (decided under rule in effect prior to 1989 amendment).

Court order under this rule to reform a bid ex post facto was beyond its authority. United Guar. Res. Ins. v. Vanderlaan, 819 P.2d 1103 (Colo. App. 1991).

The statute of limitations applies to each installment due on a note separately and does not begin to run on any one installment until that installment is due. Right to foreclose on note pursuant to this rule is not extinguished because recovery on certain payments is barred by the statute of limitations. Application of Church, 833 P.2d 813 (Colo. App. 1992).

Plaintiffs' due process rights not violated where claim of insufficient notice arises out of their own failure to comply with the change of address requirements in the deed of trust. Plaintiffs failed to provide to defendant, in writing, a notice of change of address. Defendant thus utilized address specified in the deed of trust to serve its motion and notice under this rule and to provide the public trustee with plaintiffs' most current address. The plain language of the deed of trust expresses the parties' intentions concerning notice and changes of address. Defendant's adherence to the deed of trust' notice provision complied with the notice requirements of section (a). Thus, the notice provision in the deed of trust and defendant's compliance with that provision comported with the requirements of section (a). Estates in Eagle Ridge, LLLP v. Valley Bank & Trust, 141 P.3d 838 (Colo. App. 2005).

Denver district court had jurisdiction to enter order authorizing foreclosure sale in proceeding filed in that court under this rule notwithstanding pending Larimer county proceeding. Under the circumstances of this case, the rule of priority of jurisdiction did not divest the Denver district court of jurisdiction to enter the order authorizing sale. There was no risk of inconsistent decision or duplicative efforts, because defendant had abandoned its efforts to obtain an order authorizing sale from the Larimer county district court and, indeed, had not even filed the necessary documentation to allow it to obtain such an order from the court. Thus, policy reasons supporting rule of priority of jurisdiction are not implicated here. Estates in Eagle Ridge, LLLP v. Valley Bank & Trust, 141 P.3d 838 (Colo. App. 2005).

Applied in Good Fund, Ltd.-1972 v. Church, 40 Colo. App. 403, 579 P.2d 1174 (1978); Boulder Lumber Co. v. Alpine of Nederland, Inc., 626 P.2d 724 (Colo. App. 1981); Krause v. Columbia Sav. & Loan Ass'n, 631 P.2d 1158 (Colo. App. 1981); Wiley v. Bank of Fountain Valley, 632 P.2d 282 (Colo. App. 1981); Kemp v. Empire Sav., Bldg. & Loan Ass'n, 660 P.2d 899 (Colo. 1983); Rustic Hills Shopping Plaza, Inc. v. Columbia Sav. & Loan Ass'n 661 P.2d 254 (Colo. 1983); Krause v. Columbia Sav. & Loan Ass'n, 661 P.2d 265 (Colo. 1983); Klingensmith v. Serafini, 663 P.2d 1058 (Colo. App. 1983).

*C.R.C.P. 120.1*

COLORADO COURT RULES
Copyright (c) 2015 by Matthew Bender & Company Inc.
All rights reserved

\*\*\* This document reflects changes received through June 26, 2015 \*\*\*

COLORADO RULES OF CIVIL PROCEDURE
CHAPTER 17 COURT PROCEEDINGS: SALES UNDER POWERS

C.R.C.P. 120.1 (2015)

Rule 120.1. Order Authorizing Expedited Sale Pursuant to Statute.

**(a)**

**Motion; Contents.** An order of the court authorizing an expedited sale pursuant to section 38-38-903, C.R.S. may be sought in conjunction with the order authorizing sale. An eligible holder as defined by statute may file a verified motion, together with a supporting affidavit, in a district court seeking an order authorizing an expedited sale together with the motion for order authorizing sale pursuant to C.R.C.P. Rule 120. The affidavit shall state the following: (1)   The moving party is an eligible holder as that term is defined by statute; (2)   the subject deed of trust secures an eligible evidence of debt as that term is defined by statute; and (3)   the property has been abandoned as defined by statute, or in the alternative, the grantor of the deed of trust requests an order for expedited foreclosure sale. Upon receipt of the motion and supporting affidavit, the clerk shall fix a time and place for a hearing on the motion for order authorizing sale and the motion for an expedited sale. The time fixed for hearing shall be not less than twenty nor more than thirty calendar days after the filing of the motion for expedited sale.

**(b)**

**Notice; Contents; Service.** The moving party shall issue a combined notice in English and in Spanish, which shall include the provisions as specified in C.R.C.P. Rule 120(b) and add a statement that the moving party is seeking in addition to the order authorizing sale, an order for expedited foreclosure sale. The moving party shall additionally state that the property is abandoned, or in the alternative that the grantor of the deed of trust has requested the order for expedited foreclosure sale. At least fifteen calendar days prior to the hearing, the combined notice shall be served by the moving party as required by C.R.C.P. 120, and in addition shall be either personally served on the grantor of the deed of trust, or posted at the real property as provided in C.R.C.P. Rule 120(b). Such mailing, delivery to the clerk for posting, and personal service or property posting shall be evidenced by the certificate of the moving party or the moving party's agent.

**(c)**

**Response; Contents; Filing and Service.** The grantor of the deed of trust may dispute the moving party's motion for expedited sale in the same time frame as provided in C.R.C.P. Rule 120.

**(d)**

**Hearing; Scope of Issues; Order; Effect.** At the time and place set for the hearing or to which the hearing may have been continued, the court shall examine the motion and responses, if any. The scope of inquiry under this section shall not extend beyond the determination that the property is abandoned as that term is defined by statute, or that the grantor requests for an order for expedited sale. The court shall enter the order for expedited sale if there is clear and convincing evidence that the property has been abandoned or that the grantor of the deed of trust has requested such order. In order to establish clear and convincing evidence that the property has been abandoned, the moving party shall file an affidavit with the court as provided by statute. The court shall determine whether there is clear and convincing evidence that the property is abandoned.

**(e)**

**Hearing Dispensed with if no Response Filed.** If no response has been filed within the time permitted by C.R.C.P. Rule 120(c), the court shall examine the motion and, if satisfied that the moving party is entitled to an order for expedited sale upon the facts stated in the motion and affidavit, the court shall dispense with the hearing and forthwith enter the order for expedited sale.

**HISTORY:** Source: Entire rule added and effective October 14, 2010; (a) and (b) amended and effective September 20, 2012.