**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:15-cv-01734-RBJ

DENNIS OBDUSKEY, an individual,

    Plaintiff,

v.

WELLS FARGO, WELLS FARGO BANK,
WELLS FARGO & CO., WELLS FARGO BANK, N.A.,
WELLS FARGO HOME MORTGAGE, and
MCCARTHY AND HOLTHUS LLP,

    Defendant.

___

**MOTION OF MCCARTHY & HOLTHUS, LLP
TO DISMISS COMPLAINT**
___

Defendant McCarthy & Holthus, LLP (the "Firm") hereby moves the Court for an order dismissing the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## I.    INTRODUCTION

Plaintiff asserts various claims based on a loan he took in 2007. In July, 2014, Defendant Wells Fargo Bank, N.A. ("WFB") retained the Firm to pursue a non-judicial foreclosure of the property located at 132 Wagon Tongue Road, Bailey, CO 80421 (the "Property") which is owned by Plaintiff Dennis K. Obduskey ("Plaintiff"). Despite its limited and recent participation with respect to this defaulted loan, Plaintiff's Complaint seeks damages against the Firm and WFB for purported acts dating back to 2007. Pursuant to F.R.C.P. 12(b)(6), the Firm seeks dismissal of the five claims for failure to state claims upon which relief may be granted.

## BACKGROUND

The Plaintiff filed his Complaint (the "Complaint") on August 12, 2015.  The Complaint is summarized below.

Plaintiff alleges that in 2009 he executed and returned modification documents to WFB but that WFB informed him he would need to apply for a new loan modification.  [Complaint, ¶1-2]  Plaintiff informed the Federal trade Commission ("FTC") of ongoing problems with WFB and the lawsuit relates in part to a complaint filed by the Plaintiff in 2012.  [Complaint, ¶¶3 – 4]. WFB offered Plaintiff multiple loan modifications and accepted trial payments from plaintiff between 2008 – 2012.  [Complaint, ¶5] Plaintiff alleges that WFB and its prior firm failed to reply to point-by-point issues in a qualified written request in 2011. [Complaint, ¶ 7]

WFB purportedly hired a law firm that fails to follow the requirements of the FDCPA [Complaint, ¶12]   Plaintiff filed a complaint with the Consumer Financial Protection Bureau on June 11, 2015, relating to the Firm's failure "to respond to a verification request response to that complaint." [Complaint, ¶ 13]  Plaintiff alleges that the Firm failed to provide any validation to Plaintiff prior to initiating anew foreclosure action in May, 2015.  [Complaint, ¶20] On the one hand, Plaintiff alleges that the Firm did not respond to the request for verification of the debt [Complaint, ¶ 21] Plaintiff then alleges that the Firm "failed to provide an appropriate response to Plaintiff" and that "a written response by the Firm lacked the basic information necessary within a validation response." [Complaint, ¶¶ 21 – 24]

WFB has claimed numerous owners of the note. [Complaint, ¶14] Plaintiff alleges that employees of WFB left door hangars on his door in 2013 and that the communications violated the FDCPA [Complaint, ¶ 26, Exhibits 21 - 23]

Plaintiff worked amicably with the last three law firms retained by WFB and the foreclosures were withdrawn [Complaint, ¶ 30]. In September, 2011, Plaintiff retained his attorney. [Complaint, ¶ 33] Plaintiff's counsel advised the Plaintiff regarding the requirement to validate debts in August 2014 and "Defendant's counsel" have been sent notification of such requirements. [Complaint, ¶ 34]. Plaintiff alleges that "they have failed to meet the basic requirements with collections and debt validations." [Complaint, ¶ 35]

### III.   LEGAL ARGUMENT

#### A.   Standards for Dismissal Under Fed. R. Civ. Proc. 12(B)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "tests the legal sufficiency of a complaint assuming all the factual allegations in the complaint are true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "In making this determination, a court must decide whether the complaint contains sufficient facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (requiring sufficient factual specificity in support of claims, which, if assumed to be true, demonstrate the plaintiff has "plausibly (not just speculatively) stated a claim for relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Bell Atlantic*, 550 U.S. at 555. "The complaint must contain 'enough factual matter (taken as true)' to 'raise [the] right to relief above the speculative level.'" *Id*. at 555-56.  The court must still accept the facts alleged in the complaint as true, even if they are doubtful, and it must make all reasonable inferences in favor of the plaintiff. *Id*. at 555-56; *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). "In the Tenth Circuit, courts considering a motion under Fed. R. Civ. P. 12(b)(6) must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff, and must examine the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008).

Plaintiff asserts five causes of action: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) violation of the Colorado Consumer Protection Act ("CCPA"), C.R.S. §6-1-105; (3) defamation; (4) extreme and outrageous conduct; and (5) commencement of an unlawful collections action.  As set forth below, each claim fails and the Complaint must be dismissed.

### B. Plaintiff's FDCPA Claim Fails to State a Claim

Count I alleges that the Firm violated the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, "including, but not limited to" the following provisions: communications with third parties (§ 1692c), harassment or abuse (§ 1692d), false or misleading representations (§ 1692e), unfair practices (§ 1692f), and validation of debts (§ 1692g).  Plaintiff has not and cannot state a claim under any of these provisions.  Count I should be dismissed.

Plaintiff has not adequately pled facts supporting an FDCPA violation.  To state a claim for a violation of the FDCPA, a plaintiff must plead: (a) the specific subsection of the FDCPA

the defendant violated, and (b) how the defendant allegedly violated those subsections. *See Sudduth v. Citimortgage, Inc.*, 79 F. Supp. 3d 1193, 1199 (D. Colo. 2015).

Applying these standards, the Complaint is deficient on its face. Plaintiff generally alleges that the Firm's "combined acts and omissions" violate "the FDCPA, including, but not limited to" sections 1692c, 1692d, 1692e, 1692f and 1692g. Plaintiff has not identified which specific provisions of the FDCPA were purportedly violated, or how the Firm violated each section. Instead, Plaintiff merely recites elements of the claims in a conclusory manner and didn't provide the Court with a copy of the deficient response. The allegations are also contradictory. On the one hand, Plaintiff states that no response was provided. On the other hand, Plaintiff claims the response was deficient. Plaintiff's allegations that contradict the attachments to his pleading should not be accepted as true. *See GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997) (courts need not accept as true legal conclusions and factual allegations that are contradicted by properly considered documents). Thus, Plaintiff has not stated a claim under the FDCPA *See, e.g.*, *Kimmel v. Phelan Hallinan & Schmieg, PC*, 847 F. Supp. 2d 753, 769–70 (E.D. Pa. 2012) (FDCPA claim failed where there was a "mass of factual allegations" and a "laundry list of statutory provisions that a defendant allegedly violated").

Plaintiff's claim also fails because the FDCPA does not apply to non-judicial foreclosures. *Schwitzer v. Wells Fargo Bank, N.A.*,, No. 12-CV-01367-RBJ-MJW, 2013 WL 607832, at *5 (D. Colo. Feb. 19, 2013). A majority of courts, including the District of Colorado, have held that non-judicial foreclosures are outside the scope of the FDCPA. *Sudduth* at 1197 (D. Colo. 2015), *citing Schwitze*r at *5. *See also Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348,

1354 (D. Utah 2009) ("A non-judicial foreclosure is not the collection of a debt under the FDCPA") (citing cases).

Most of the allegations in the Complaint occurred prior to the Firm's representation of WFB which began in 2014. For the reasons stated in the motion to dismiss filed by WFB, Plaintiff has not stated claims against WFB for violation of the FDCPA. FDCPA claims are subject to a one year statute of limitations, accruing from the date the violation occurs. 15 U.S.C. § 1692k(d). Plaintiff's complaint primarily focuses on historical events dating back to 2008. Events occurring before August 12, 2014, however, are not timely in the context of Plaintiff's FDCPA claim, and Plaintiff has not alleged any facts supporting violations of the FDPCA that occurred on or after August 13, 2014.

### B.   Plaintiff's Unfair and Deceptive Trade Practices Claim Fails as a Matter of Law.

C.R.S. § 6-1-105 contains a long list of activities that constitute deceptive trade practices in the State of Colorado. Section 6-1-105(3) makes clear that the list is not exclusive and that there may be additional practices actionable at common law.

To prevail on a private claim made pursuant to the Colorado Consumer Protection Act ("CCPA"), Plaintiff must allege and prove five elements:

> (1) the defendant engaged in an unfair or deceptive trade practice; (2) the challenged practice occurred in the course of the defendant's business, vocation, or occupation; (3) the challenged practice significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) the plaintiff suffered injury in fact to a legally protected interest; and (5) the challenged practice caused the plaintiff's injury.

*Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142 (Colo. 2003); and *Nobody in Particular Presents, Inc. v. Clear Channel Commc'ns, Inc.*, 311 F. Supp. 2d (D. Colo. 2004)

  Plaintiff's Complaint does not describe any conduct on the part of the Firm that would form the basis of a CCPA claim. Moreover, the only conduct expressly identified in the claim deals with fees and costs added to the original loan. There is no allegation that the Firm added the fees and costs. Plaintiff fails to identify what provision of C.R.S. § 6-1-105 the CCPA claim is based upon and similarly fails to allege the elements of a claim under Section 6-1-105. There is no explanation of the unfair or deceptive trade practice, how the conduct was unfair or deceptive, the identity of the defendant that engaged in the conduct, how the conduct impacted the public and how the conduct has damaged the Plaintiff.

  To obtain relief under the CCPA, a claimant must prove, among other things, that the deceptive trade practice "significantly impact[s] the public as actual or potential consumers." *Hall v. Walter*, 969 P.2d 224, 234 (Colo. 1998). "[A] CCPA claim is not actionable if it pertains to private conduct that does not affect the public." *Van Rees v. Unleaded Software, Inc.*, --- P.3d ----, 2013 COA 164, ¶ 39 (Colo. App. 2013). While it is impossible to determine what facts support Plaintiff's CCPA claim, none of the allegations impact any member of the public aside from Plaintiff. Accordingly, the claim must be dismissed.

### C. Plaintiff Has not Alleged a Claim for Defamation Against the Firm

Count III of the Complaint purports to state a defamation claim based upon false credit reporting and filing documents related to the foreclosure. Plaintiff has not stated a claim for defamation under either theory as to the Firm.

Defamation is defined as "a communication holding an individual up to contempt or ridicule that causes the individual to incur injury or damage." *Keohane v. Stewart,* 882 P.2d 1293 (Colo. 1994). The elements for a cause of action for defamation are: (1) a defamatory statement concerning another; (2) published to a third party; (3) with fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special damages or the existence of special damages to the plaintiff caused by publication. Lee v. Colorado Times, Inc., 222 P.3d 957 (Colo. App. 2009). A claim for defamation requires, at a minimum, the publication of a false statement of a defamatory nature. *Burns v. McGraw-Hill Broad. Co., 659 P.2d 1351, 1360 (Colo. 1983).* If a plaintiff is seeking damages relating to libel *per quod* (as opposed to libel *per se*), then he must allege special damages. *Bernstein v. Dun and Bradstreet, Inc.*, 149 Colo. 150, 154, *citing Knapp v. Post Co.,* 111 Colo. 294, 499 (1943) and *Brown v. Barnes*, 133 Colo. 311, (1956). For libel *per quod*, the plaintiff has to allege special application to him of the language used by way of innuendo and special damages in order to state an actionable claim. *Bernstein* at 158.

Plaintiff's defamation claim fails to state a claim because it does not allege that a false or defamatory statement was made by the Firm nor does Plaintiff include allegations as to special damages and how the libel *per quod* applies to him. Moreover, there is no allegation that the Firm reported any information to the credit bureaus. Even if it had, which it did not, Plaintiff

cannot recover for defamation with respect to reports made to credit bureaus because such a claim is preempted pursuant to 15 U.S.C. § 1681h(e). Section 1681h(e) states in pertinent part that "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." *15 U.S.C. § 1681h(e)*. Plaintiff has not alleged that the Firm acted with malice or willful intent to injure him. Colorado's one year statute of limitations also bars Plaintiff's claim arising from statements on his credit report. C.R.S. § 13-80-103.

Likewise, the Firm's statements on notices related to the foreclosure are not false. Plaintiff does not deny that he has been in default since June 1, 2009, so the statements are not false. In addition, the notice states that the foreclosure is proceeding pursuant to the Deed of Trust. Plaintiff does not allege that WFB and/or the Firm lacked the right to foreclose under the Deed of Trust. Consequently, nothing in the foreclosure notice is false, and no defamation claim arises from the recording of these documents.

### D.    **Plaintiff's Extreme and Outrageous Conduct Claim Fails.**

Plaintiff's extreme and outrageous conduct claim is based on two premises. First, the Plaintiff "has been forced to deal with three law firms regarding the debt." Second, WFB "failed to provide accurate information pertaining to the current note holder." Not only does the claim fail to identify wrongful conduct on the part of the Firm, the claim fails to identify any conduct that could be deemed extreme or outrageous.

To state a claim for emotional distress by outrageous conduct, a plaintiff must allege behavior by a defendant that is extremely egregious. *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 665 (Colo. 1999). For a plaintiff to recover for outrageous conduct, the defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Rugg v. McCarty,* 173 Colo. 170, 177, 476 P.2d 753 756 (1970) (quoting *Restatement (Second) of Torts § 46 cmt. d (1966)*). In addition, Plaintiff must allege facts supporting the following: "(1) the defendant engaged in extreme and outrageous conduct; (2) recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) causing the plaintiff severe emotional distress." *See Llewellyn v. Allstate Home Loans, Inc.*, 795 F. Supp. 2d 1210, 1231 (D. Colo. 2011) *aff'd in part* 711 F.3d 1173, 1229 (10th Cir. 2013). The bar for extreme and outrageous conduct is high. *Id.* Here, the allegations themselves, even if true, show nothing extreme or outrageous. *See Mbaku v. Bank of America, N.A.*, No. 12-cv-00190-PAB-KLM, 2013 WL 425981, at *8 (D. Colo. Feb. 1, 2013) (Court held it was not extreme or outrageous to initiate foreclosure proceedings) *and Hewitt v. Pitkin County Bank & Trust Co.*, 931 P.2d 456, 459 (Colo. App. 1995) (affirming dismissal of outrageous conduct claims based on allegations that a bank "accepted loan payments from him and then reneged on its promise not to commence foreclosure proceedings against him, and instead commenced such proceedings the very next day").

The Plaintiff has stated no conduct against the Firm that would arise to the level of extreme or outrageous. Accordingly, the claim should be dismissed.

### E. Plaintiff's Unlawful Collections Action Claim Fails.

The Plaintiff's last count for commencement of unlawful collections action is based on an erroneous argument that the statute of limitations has run and that WFB cannot foreclose the Property. Plaintiff alleges that WFB sent him a default letter on June 5, 2009. He contends that since WFB did not file a complaint within 6 years of the default, it is now precluded from doing so pursuant to C.R.S. § 13-80-103.5. The Plaintiff's claim fails as a matter of law.

Pursuant to C.R.S. 13-80-103.5, the statute of limitations on a note is six (6) years after the cause of action accrues. The statute states the following:

> (1) The following actions shall be commenced within six years after the cause of action accrues and not thereafter:
>
> (a) All actions to recover a liquidated debt or an unliquidated, determinable amount of money due to the person bringing the action, all actions for the enforcement of rights set forth in any instrument securing the payment of or evidencing any debt, and all actions of replevin to recover the possession of personal property encumbered under any instrument securing any debt; except that actions to recover pursuant to section 38-35-124.5 (3), C.R.S., shall be commenced within one year.

There are a number of events and circumstances that will toll the statute of limitations. Voluntary payments by a borrower before the statute of limitations has run are sufficient to toll the statute of limitations." *Drake v. Tyner*, 914 P.2d 519, 522 (Colo. App. 1996). "The theory upon which part payment is given this effect is that the part payment amounts to a voluntary acknowledgment of the debt from which the law implies a new promise to pay the balance." *Id.* Here, Plaintiff concedes he made twelve partial payments on the loan as part of trial modification plans between 2008 and 2012. [Complaint, ¶ 5]. The HAMP documents attached to the Complaint likewise confirm that Plaintiff voluntarily enrolled in the trial programs and expressly acknowledged the debt. Because Plaintiff made partial payments and otherwise acknowledged

11

the debt, each payment "start[ed] the statute of limitations running anew . . . ." *Drake*, 914 P.2d

at 523.  Thus, even if the six-year statute of limitations applies, it began no earlier than October

1, 2011, the date of Plaintiff's last partial payment, meaning it has not yet run.

## CONCLUSION

For these reasons, the Firm requests that this Court dismiss each of Plaintiff's claims with prejudice.

DATED: November 2, 2015.

                      MCCARTHY & HOLTHUS, LLP

By: */s/ Holly R. Shilliday*
     Holly R. Shilliday, #24423
     7700 E. Arapahoe Road, Suite 230
     Centennial, Colorado 80112
     Telephone:  (877)
     hshilliday@mccarthyholthus.com

     ***Attorneys for Defendant McCarthy & Holthus, LLP***

## CERTIFICATE OF SERVICE

  I hereby certify that on this 2nd day of November, 2015, a true and correct copy of the foregoing document was filed and served electronically through this Court's CM/ECF system or served via U.S. Mail, first class postage prepaid, upon the following:

Steven L. Hill, Esq.
RIGGS, ABNEY, NEAL, TURPEN,
ORBISON & LEWIS, P.C.
50 S. Steele St, Suite 600
Denver, Colorado 80209
Telephone: 303.298.7392
Fax: 303.298.7398
E-mail: shill@riggsabney.com

Christopher J.L. Diedrich
Snell 7 Wilmer L.L.P.
1200 17th Street, Suite 1900
Denver, Colorado 80202

              /s/ *Susan LeMoine*
              for McCarthy & Holthus, LLP

22531199