488    Loyola Consumer Law Review    [Vol. 24:4

legal issues. The first wave of cases concerned the question of whether MERS has standing (or is the real party in interest) so that it can bring a judicial foreclosure suit in its own name.[96] In states where MERS is found not to be the proper plaintiff, a relatively easy fix requires MERS to assign the mortgage back to the true assignee and note holder, who can sue in its own name.

However, this maneuver raises the question of whether a mortgage assignment from MERS to the current holder is valid.[97] These assignments are typically executed by employees of either the current servicer or the attorney filing the foreclosure, essentially purporting to act as agent for the assignor and assigning it to his or her principal (or client). The MERS system of allowing all its members' employees to appoint themselves assistant vice presidents raises important agency law questions regarding the validity of these assignments.[98] This becomes a particular concern when combined with the inaccuracy of the MERS database. If any mortgage servicer or foreclosure attorney belonging to MERS can assign a MERS mortgage to his company or his client relying on incorrect information in the database, the possibilities of error and of competing claims to the right to foreclose arise. More fundamentally, the ability of any MERS member to alter the mortgage ownership information in MERS more or less at will, may lead courts to become increasingly reluctant to recognize MERS assignments as a valid basis for a foreclosure sale.

---

[96] *Compare* Gomes v. Countrywide Home Loans, Inc., 121 Cal. Rptr. 3d 819 (Cal. Ct. App. 2011), *cert. denied*, 132 S. Ct. 419 (2011) (finding MERS may initiate nonjudicial foreclosure), *with* Mortg. Elec. Registration Sys., Inc. v. Azize, 965 So. 2d 151 (Fla. Dist. Ct. App. 2007) (finding that MERS may initiate judicial foreclosure), *and* Mortg. Elec. Registration Sys., Inc. v. Barnes, 940 N.E.2d 118 (Ill. App. Ct. 2010); *see Saunders*, 2 A.3d at 298 (MERS is not proper plaintiff in judicial foreclosure, but may assign mortgage to real party in interest); Bank of N.Y. v. Silverberg, 86 A.D.3d 294 (N.Y. App. Div. 2011). The author is not aware of any cases holding that MERS may not initiate a foreclosure sale in a nonjudicial foreclosure deed of trust state.

[97] *See* In re Agard, 444 B.R. 231 (Bankr. E.D.N.Y. 2011) (holding that MERS could not legally assign a mortgage because it was never a proper mortgagee).

[98] *See* Peterson, *supra* note 8; *but see* Forbes v. Countrywide Home Loans, Inc., No. E051309, 2011 WL 4985965 (Cal. Ct. App. 2011) (rejecting claim that execution of assignment of deed of trust and on behalf of MERS and the trustee's deed on behalf of the beneficiary by the same individual was invalid).

EXHIBIT - 8