**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | | |
|---|---|---|
| EDWARD HUYER, et al., | * * * | 4:08-cv-507 |
| Plaintiffs, | * * | |
| v. | * * | |
| WELLS FARGO & CO., and WELLS FARGO BANK, N.A., | * * * | ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |
| Defendants. | * * | |

WHEREAS, on August 21, 2015, the Parties[1] to the above-entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review by this Court and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the Action on the merits and dismissal of the Action with prejudice; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 2nd day of September, 2015 that:

1.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, amendment of the Class definition is appropriate and the amended Class

---

[1] As used herein, the term "Parties" means Plaintiffs Connie Huyer, Edward R. Huyer, Jr., Carlos Castro, and Hazel P. Navas-Castro (collectively, "Plaintiffs") on behalf of themselves and the Class (defined below), and Defendants Wells Fargo & Co. and Wells Fargo Bank, N.A. (collectively, "Wells Fargo" or "Defendants").

EXHIBIT - 15

1

definition is: all Persons who have or had a mortgage serviced by Wells Fargo and owe or paid a property inspection fee assessed during the period August 1, 2004 through December 31, 2013, inclusive. Excluded from the Class are Defendants, any entity in which a Defendant has a controlling interest or is a parent or subsidiary of, or any entity that is controlled by a Defendant, and any of Defendants' officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors, and assigns. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class.

2.      For all of the reasons set forth in this Court's Order dated October 23, 2013, and solely for purposes of effectuating the Settlement, the Court preliminarily finds that (i) the members of the Settlement Class are so numerous that joinder of all Class members in the Action would be impracticable; (ii) there are questions of law and fact common to the Class that predominate over individual questions; (iii) the claims of Plaintiffs are typical of the claims of the Class; (iv) Plaintiffs and Plaintiffs' Counsel can fairly and adequately represent and protect the interests of Class members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering the interests of the Class members in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already commenced by Class members, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of a class action.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, solely for purposes of effectuating the Settlement and for no other purpose, Plaintiffs Connie Huyer, Edward R. Huyer, Jr., Carlos Castro and Hazel P. Navas-Castro as representatives

of the Class, and appoints the law firms of Scott+Scott, Attorneys At Law, LLC and Reese LLP as Co-Lead Class Counsel for the Class.

    4.    The Court preliminarily finds that:

    (a)    the proposed Settlement resulted from informed, extensive arm's-length negotiations, including mediation under the direction of a very experienced mediator, the Hon. Arthur J. Boylan, U.S. District Court Magistrate Judge (Ret.);

    (b)    Class counsel has concluded that the proposed Settlement is fair, reasonable and adequate; and

    (c)    the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Class.

    5.    A hearing (the "Settlement Fairness Hearing") is hereby scheduled to be held before the Court on January 21, 2016, at 10:00 a.m. at the United States District Court, Southern District of Iowa, Central Division, U.S. District Courthouse, 123 East Walnut Street, Des Moines, Iowa 50309, for the following purposes:

    (a)    to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    (b)    to determine whether the Final Judgment as provided under the Stipulation should be entered, dismissing the Third Amended Class Action Complaint filed in the Action on the merits and with prejudice;

    (c)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

    (d)    to consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses;

(e) to consider Plaintiffs' requests for service awards for the time and effort they expended in prosecuting the Action on behalf of the Class;

(f) to determine whether an order should be entered barring and enjoining Plaintiffs and all Class Members from instituting, commencing, maintaining or prosecuting, either directly, indirectly, or in a representative capacity, any action in any court or tribunal asserting any Released Claims against any of the Released Defendants; and

(g) to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class and may adjourn the Settlement Fairness Hearing without further notice to the Class. The Court reserves the right to enter its Final Judgment approving the Stipulation and dismissing the Third Amended Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation, Plaintiffs' request for service awards, or Plaintiffs' Counsel's application for an award of attorneys' fees and expenses.

7. The Court approves the form, substance and requirements of the Notice of Proposed Settlement of Class Action (the "Notice"), the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), the Postcard Notices A and B, and the Proof of Claim and Release (the "Proof of Claim"), annexed hereto as Exhibits A-1, A-2, A-3, A-4 and A-5 respectively.

8. The Court approves the appointment of Garden City Group, LLC as the Claims Administrator.

(a) The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto, to be mailed, by first class mail, postage prepaid, within forty-five (45) calendar days of this Order, to all Class Members identified in the Notice Database.

(b) The Claims Administrator shall cause the Summary Notice to be published once in the national edition of the *Wall Street Journal,* and once over the *PR Newswire,* within ten (10) calendar days after the mailing of the Notice. The Notice, Proof of Claim and Stipulation shall be posted on the website www.WellsFargoPropertyInspectionSettlement.com (the "Settlement Website"), that the Claims Administrator will establish for this Action.

(c) Plaintiffs' Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Postcard Notice, establishment of the Settlement Website, and proof of publication of the Summary Notice.

(d) The form and content of the Notice, Postcard Notice and the Summary Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9. Certain Class Members will automatically receive a distribution from the Net Settlement Fund in the event the Settlement is consummated in accordance with the terms set forth in the Stipulation. Others will be required to file a Proof of Claim in order to be entitled to participate in the distribution of the Net Settlement Fund. Those Class Members required to file a Proof of Claims shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form attached hereto at Exhibit A-4, must be submitted to the Claims Administrator, at the Post Office box

indicated in the Notice, or on-line through the Settlement Website, not later than March 16, 2016. Any Class Member required to submit a Proof of Claim who does not timely do so within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any Judgment entered by the Court. Notwithstanding the foregoing, Plaintiffs' Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed.

(b)     Each Proof of Claim shall be deemed to have been submitted on the date submitted on-line, or when postmarked (if properly addressed and mailed by first class mail, postage prepaid). Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(c)     The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraphs; (ii) it must be accompanied by such documents or proof as Plaintiffs' Counsel and the Claims Administrator, in their discretion, may deem acceptable; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(d)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of

6

the Settlement) release all Released Claims as provided in the Stipulation against the Released Parties.

10. Class Members shall be bound by the Stipulation and all determinations and judgments in this Action concerning the Settlement, including, but not limited to the releases provided for therein, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such request shall, no later than thirty (30) calendar days prior to the date scheduled herein for the Settlement Fairness Hearing, mail a request for exclusion in written form by first class mail postmarked to the address designated in the Notice.  Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Class and the settlement in *Young v. Wells Fargo & Co.,* Case No. 4:08-CV-507 RP-CFB (S.D. Iowa), and must be signed by such person.  Such persons requesting exclusion are also directed to provide documentation demonstrating membership in the Class.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

11. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, the Plaintiffs' requests for service awards, and/or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers, are filed in writing with the Clerk of Court, United States District Court, Southern District of Iowa, Central Division, U.S. District Courthouse, 123 East Walnut Street, Des Moines, Iowa 50309, and copies of all such papers are served not later than thirty (30) calendar days prior to the date

scheduled herein for the Settlement Fairness Hearing upon each of the following: (i) Deborah Clark-Weintraub, Scott+Scott, Attorneys at Law, LLP, The Chrysler Building, 405 Lexington Avenue, 40th Floor, New York, NY 10174, and Michael R. Reese, Reese LLP, 100 West 93rd Street, 16th Floor, New York, NY 10025, on behalf of the Plaintiffs and the Class; and (ii) Mark D. Lonergan, Severson & Werson, One Embarcadero Center, Suite 2600, San Francisco, California 94111, on behalf of Wells Fargo. An objection must state that the objection is to the settlement in *Young v. Wells Fargo & Co.*, Case No. 4:08-CV-507 RP-CFB (S.D. Iowa), and include evidence of membership in the Class, including the Class Member's name, address, telephone number, signature, and the reasons for the objection to the Settlement. Attendance at the Settlement Fairness Hearing is not necessary; however, persons wishing to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, the Plaintiffs' request for service awards, and/or the award of attorneys' fees and reimbursement of expenses, and desire to present evidence at the Settlement Fairness Hearing, must include in their written objections copies of any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. If an objector hires an attorney to represent him, her or it for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than thirty (30) calendar days before the Settlement Fairness Hearing. Any Class Member or other Person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising (in this proceeding or on any appeal), any objection

to the Settlement, and any untimely objection shall be barred. Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.

12. Defendants' Counsel and Plaintiffs' Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

13. All motions and papers in support of the Settlement, the Plan of Allocation, the request of Plaintiffs for service awards and any application by Plaintiffs' Counsel for attorneys' fees and expenses shall be filed and served no later than fourteen (14) calendar days prior to the objection deadline in ¶11. Any reply papers shall be filed no later than seven (7) calendar days prior to the Settlement Fairness Hearing.

14. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining or prosecuting, any action in any court or tribunal that asserts Released Claims against any Released Defendant.

15. As provided in the Stipulation, Plaintiffs' Counsel may pay the Claims Administrator the reasonable and customary fees and costs associated with giving Notice to the Class and the review of claims and administration of the Settlement, up to $3,250,000, out of the Settlement Fund without further order of the Court.

16. If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Plaintiffs' Counsel or Defendants elect to terminate the Settlement, or if the Settlement is not finally approved or otherwise fails to become effective for any reason, then, in

any such event, the Stipulation, including any amendment(s) thereof, and this Order Preliminarily Approving Settlement and Providing for Notice, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any Action or proceedings by any person or entity for any purpose, and each party shall be restored to his, her or its respective position as it existed on February 17, 2015, and the provisions of ¶ 3.01 of the Stipulation shall apply.

17. The Court may adjourn or continue the Settlement Fairness Hearing without further written notice.

18. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

IT IS SO ORDERED.

Dated this __2nd__ day of September, 2015.

_____
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT