

Wells Fargo Home Mortgage
MAC X2302-02J
1 Home Campus
Des Moines, IA 50328-0001

December 09, 2011

Dennis K. Obduskey
132 Wagon Tongue Road
Bailey, CO 80421

Dear Dennis K Obduskey:

RE:   Loan Number 708-0205097843

Wells Fargo Home Mortgage (WFHM) received an inquiry on November 10, 2011, regarding the above referenced mortgage loan. Therefore, I will be addressing your concerns.

I am responding on behalf of your single point of contact Ms. Marissa Willey. Ms. Willey has attempted to contact you via telephone to provide you with the final resolution of your inquiry. Her last attempt was on December 09, 2011. As the attempts via telephone have been unsuccessful, I am providing you with the resolution in writing.

Please be advised that WFHM is the servicer of the above loan. The title on the loan is in the name of Mortgage Electronic Registration System (MERS), as nominee for First Magnus Financial Corporation, an Arizona Corporation. MERS is an electronic storage warehouse responsible for tracking the ownership rights relating to mortgage loans. Once the mortgage documents are recorded with the county recorder and registered on the MERS system, the chain of title starts and stops with MERS. MERS continues to hold the mortgage lien on behalf of the beneficial note holder and servicer. WFHM is still responsible for collecting payments and payoffs as the servicer. Please remit any payoff on the above referenced loan to WFHM. There will be no other assignment.

During a time of financial hardship various workout options may be available to our customers. These workout options include a repayment plan, loan modification, short sale, or Deed in Lieu of foreclosure.

All workout arrangements are based on a review of the homeowner's financial information and the investor guidelines. WFHM must comply with the Home Preservation standards of the investor prior to offering any type of workout arrangements to our mortgagors.

Since a workout agreement is based in part on the mortgagor's financial ability to repay the debt, the mortgagor is required to provide us with their most current financial information. Due to the time sensitivity of financial information, any documentation submitted must be reflective of its status within the last 30 days.

I have reviewed the information presented in your correspondence and would like to provide you with the details of my research.

EXHIBIT - 21

Obduskey
December 09, 2011
Page 2

On December 31, 2008, WFHM initiated a review for potential retention options available to the above referenced mortgage loan. On January 09, 2009, WFHM approved a Loan Modification Agreement (Modification); a copy is enclosed for your reference. The terms are outlined below:

| Item | Pre-Modified Loan | Modified Loan |
|---|---|---|
| Principal Balance | $329,000.00 | $339,432.80 |
| Interest Rate | 6.75% | 4.75% |
| Principal & Interest Payment | $1,850.63* | $1,580.93 |
| Next Due Date | October 01, 2008 | March 01, 2009 |
| Maturity Date | June 01, 2037 | February 01, 2049 |

*Interest Only Payment*

On January 12, 2009, WFHM sent you a second Loan Modification Agreement (Modification) which included updated terms. Enclosed is a replica of the Modification for your reference. The terms are outlined below:

| Item | Pre-Modified Loan | Modified Loan |
|---|---|---|
| Principal Balance | $329,000.00 | $341,480.50 |
| Interest Rate | 6.75% | 4.75% |
| Principal & Interest Payment | $1,850.63* | $1,590.47 |
| Next Due Date | October 01, 2008 | April 01, 2009 |
| Maturity Date | June 01, 2037 | March 01, 2049 |

*Interest Only Payment*

WFHM discussed the difference of the Loan Modification Agreements (Modifications) with you on February 9, 2009, and advised that we would verify which of the Modifications you should sign. Upon review, WFHM reached out to you on February 12, 2009, to advise that the January 9, 2009, Modification was valid.

WFHM received the signed Modification that was offered on January 9, 2009; however, it was then determined that the January 12, 2009, Modification was valid. Therefore, on March 17, 2009, WFHM requested that you sign and return this Modification. At this time, you advised WFHM that you never received a copy of the January 12, 2009, Modification; therefore, WFHM requested that another copy be sent to your attention.

Due to the January 12, 2009, signed Modification had not been received, the offer was deemed null and void as of May 18, 2009 and your loan was placed back into retention review to be re-reviewed.

On May 27, 2009, WFHM advised you via telephone that additional financial documentation was needed to review the mortgage account for assistance.

On May 29, 2009, WFHM sent correspondence advising you that we had not received the required financial documentation necessary to proceed. Enclosed is a replica of our correspondence for your reference.

EX003/HDH/co565480

Obduskey
December 09, 2011
Page 3

When we are not able to offer the retention options you are seeking, WFHM will suggest alternative options of Pre-Foreclosure Sale or Deed in Lieu of foreclosure. Be advised that these are standard suggestions and this suggestion does not mean that these options necessarily apply to your specific situation and are given if you may need to consider liquidation options. Pursuant to your request, WFHM removed you from short sale review on June 10, 2009.

On June 15, 2009, WFHM initiated a review for potential retention options available to the above referenced mortgage loan. On June 25, 2009, WFHM approved a Home Affordable Modification Program (HAMP) Loan Trial Period; a copy is enclosed for your reference. The terms are outlined below:

| Due Date | Amount Due |
|---|---|
| July 25, 2009 | $1,605.26 |
| September 01, 2009 | $1,605.26 |
| October 01, 2009 | $1,605.26 |

The HAMP Loan Trial Period was completed on September 30, 2009. Once the three payments pursuant to the terms of the HAMP Loan Trial Period were received, WFHM requested updated financial documents to complete the additional review the mortgage account for the final HAMP loan modification.

On September 30, 2009, you advised WFHM via the telephone that the required documentation would be received by October 31, 2009.

WFHM sent correspondence on October 28, 2009, requesting the financial documentation needed to review the mortgage account for assistance. Enclosed is a copy of our correspondence for your reference.

WFHM does not have record of receiving all of the financial information requested. Therefore, WFHM sent additional correspondence on December 09, 2009, requesting the financial documentation needed to review the mortgage account for assistance. Enclosed is a copy of our correspondence for your reference.

HAMP provides guidelines to reduce a qualified borrower's monthly mortgage payment to approximately 31% of their total gross monthly income.

After our review of the financial information provided, your gross monthly income totaled $7,257.06 and your monthly mortgage payment was $2,180.02. Therefore, your monthly mortgage payment represented 30.04% of your gross monthly income. As your monthly mortgage payment is already within the program's target payment range, we are unable to approve HAMP for the loan.

When a loan is not eligible for HAMP, it is our standard practice to review an account for all other available workout options.

As required by the investor of your loan, in order to determine what workout options may be available, complete financial information was needed for our review. WFHM attempted to reach

EX003/HDH/co565480

Obduskey
December 09, 2011
Page 4

you throughout December 2009, and spoke to you on December 30, 2009, to advise you of the additional information needed. On January 05, 2010, WFHM sent correspondence advising you that we had not received all of the required financial documentation necessary to continue; therefore, your loan was being removed from the review process. Enclosed is a copy for your reference.

On January 18, 2010, WFHM initiated a review for potential retention options available to the above referenced mortgage loan.

As the servicer of your loan, WFHM must act in accordance with requirements set forth by the investor of your loan. WFHM sent correspondence on February 01, 2010, advising you that we were unable to adjust the terms of your mortgage due to investor requirements.

On February 03, 2010, WFHM received a referral from the Neighborhood Assistance Corporation of America (NACA) disputing our recent denial. Therefore, another review was initiated.

On February 08, 2010, WFHM completed another review of the information presented and approved a HAMP Loan Trial Period; a copy is enclosed for your reference. The terms are outlined below:

| Due Date | Amount Due |
|---|---|
| March 01, 2010 | $1,152.63 |
| April 01, 2010 | $1,152.63 |
| May 01, 2010 | $1,152.63 |

The HAMP Loan Trial Period was completed on April 30, 2010. Once the three payments pursuant to the terms of the HAMP Trial Period were received, WFHM collected your updated financial documents to complete the additional review of your mortgage loan for the final HAMP loan modification.

Based off of the information provided and in accordance with guidelines established for HAMP, WFHM was unable to approve your loan for HAMP given that the loan did not represent an imminent default. Therefore, the loan was not eligible for HAMP. WFHM sent a letter on September 13, 2010, stating the same; a copy is enclosed for your reference.

When a loan is not eligible for HAMP, it is our standard practice to review an account for all other available workout options.

WFHM attempted to reach you via telephone and the NACA website between the dates of September 09, 2010, through September 24, 2010, to advise that additional financial documentation was needed to review the mortgage account for additional workout options.

On September 27, 2010, WFHM sent correspondence advising you that we had not received all of the required financial documentation necessary to proceed; therefore, your loan was removed from the review process. Enclosed is a copy of our correspondence for your reference.

On June 13, 2011, WFHM received financial documentation through NACA; which initiated a review for potential retention options available to the above referenced mortgage loan. On this date, WFHM sent correspondence advising that we were unable to adjust the terms of your mortgage through HAMP, as your loan was previously modified under HAMP. Enclosed is a copy of for your reference. However, upon further review, WFHM determined that your loan was not previously modified under HAMP; therefore, WFHM was able to review your loan again for HAMP. On July 06, 2011, WFHM approved a HAMP Loan Trial Period; a copy is enclosed for your reference. The terms are outlined below:

| Due Date | Amount Due |
| --- | --- |
| August 01, 2011 | $1,645.53 |
| September 01, 2011 | $1,645.53 |
| October 01, 2011 | $1,645.53 |

The HAMP Loan Trial Period was completed on September 30, 2011, and WFHM began reviewing your loan for a final HAMP modification.

In accordance with our standard workout review process, a title report was ordered for the property. The title report WFHM obtained has revealed two judgments and a lien exists against the property. The following is a list of the judgments and liens reflecting against the property for your reference:

Type of Lien: Federal Tax Lien
Instrument Number: 675199
Recorded Date: November 08, 2010
Amount of Lien: $90,534.88

Type of Lien: Judgment
Instrument Number: 681578
Recorded Date: July 25, 2011
Amount of Lien: $4,061.27
Lien Holder: Capital One Bank USA NA

Type of Lien: Judgment
Instrument Number: 683130
Recorded Date: September 27, 2011
Amount of Lien: $10,674.61
Lien Holder: Discover Bank

On October 26, 2011, you were notified via the NACA website that in order to continue with the modification process, the Non-Identity Affidavit and the Statement of Information was needed to clear any liens and/or judgments that may appear incorrectly on the property report.

On November 29, 2011, WFHM confirmed with you that the above referenced lien and judgments were accurate on the property report; therefore the Non-Identity Affidavit and the Statement of Information was no longer needed.

Obduskey
December 09, 2011
Page 6

With the existing judgments and lien exist against the property; WFHM is unable to complete a loan modification. Once the judgments and lien are paid and removed from title, you may resubmit your financial information for an additional review to determine if any workout options may be available.

On November 30, 2011, you were notified via NACA of this information.

WFHM has a dedicated team within the Community and Housing Assistance Department who works directly with NACA. Under this contract all communication with our borrowers should be done through the NACA website, which is www.naca.com. Or you may contact your local NACA representative for assistance.

In your correspondence, you also requested additional loan documentation.

Enclosed you will find the following documents. A description of each document is included for your reference.

Payment History/Customer Account Activity Statement

The Customer Account Activity Statement (CAAS) reflects a complete payment history for the period of June 16, 2007, through the date of this letter. The CAAS reflects when payments were received, how they were applied to the loan, and any distributions made from the loan. The CAAS provides a description for each transaction and running balances of the unpaid principal, escrow, unapplied and outstanding fee accounts. It also includes the date fees and charges were assessed, any amounts paid toward these fees, and waivers/reversal of these fees is also reflected. Late Fees are reported on the annual mortgage statement. The Unapplied Balance column references the funds that may have been applied to the unapplied account. Payments can be applied to the unapplied account if the funds received do not represent the full monthly mortgage payment due, or if WFHM is not informed of where the payment is to be applied.

Note and Security Instrument

Validate the above mentioned loan. The Note and Security Instrument include, but are not limited to, information concerning our right to assess fees and costs to the loan, inspect the property, and purchase lender placed insurance on the customer's behalf.

HUD1 - Settlement Sheet

Itemization of all charges imposed for the real estate transaction, including incoming and outgoing funds. Items indicating POC (Paid Outside of Closing) are fees associated with the transaction but paid prior to closing.

Final Loan Application

Used to record relevant financial information about a mortgage applicant.

Good Faith Estimate (GFE)

Obduskey
December 09, 2011
Page 7

Provides an estimate of the settlement charges and loan terms if the loan is approved.

Any documents or requested information not provided in this letter is due to the request being too broad to determine specific information needed, or are considered to be proprietary information of WFHM and will not be provided at this time without a subpoena. Additional information is available by calling our Subpoena Line at (240) 586-8269.

As of the date of this correspondence, your loan is due for the June 01, 2009, through December 01, 2011, mortgage installments.

Your inquiry with our office has been closed. For future reference regarding your Home Preservation needs, you will be provided with a new single point of contact. You will be receiving a letter with your new single point of contact information within 10 business days. If you have any additional questions regarding the content of this letter, please contact Ms. Willey directly at (800) 853-8516, extension 47824. She is available to assist you Monday through Friday, 7:30 a.m. to 4:00 p.m., Central Time.

Sincerely,

*[signature]*

Sara Dornbusch
Executive Mortgage Specialist, Office of the President

Enclosure(s)

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt as this company has a security interest in the property and will only exercise its rights against the property.

EX003/HDH/co565480