

**Federal Trade Commission**
Protecting America's Consumers

---

# # 293; 16 CFR Parts 321 and 322; FTC Matter No.: R911004: Mortgage Acts and Practices - Advance Notice of Proposed Rulemaking

**Public Comments**

1. Adcock, (6/8/2009) # 542308-00005
2. American Bankers Association (O'Neill, Virginia) (7/29/2009) # 542308-00032
3. American Society of Appraisers (Snyder, Betty) (7/30/2009) # 542308-00040
4. ANDERSON, LISA (6/3/2009) # 542308-00003
5. Attorney General, Commonwealth of Massachusetts (Coakley, Martha) (7/31/2009) # 542308-00053
6. Beasley, (5/30/2009) # 542308-00001
7. Boeing Employees' Credit Union (Cann, Parker) (7/30/2009) # 542308-00045
8. Bracco, Larry (6/23/2009) # 542308-00010
9. Center for Responsible Lending (Borne, Rebecca) (7/30/2009) # 542308-00048
10. Ciavarella, (7/28/2009) # 542308-00027
11. Ciavarella, (7/28/2009) # 542308-00028
12. Ciavarella, (7/28/2009) # 542308-00029
13. Consumer Mortgage Coalition (Canfield, Anne) (7/30/2009) # 542308-00036
14. Credit Union National Association (Bloch, Jeffrey) (7/30/2009) # 542308-00044
15. Crosby, Tracy (6/23/2009) # 542308-00011
16. Empire Justice Center (Keefe, Kirsten) (7/30/2009) # 542308-00049
17. Federal Home Loan Mortgage Corporation (Freddie Mac) (Bostrom, Robert) (7/30/2009) # 542308-00047
18. Feinman, Anita (7/13/2009) # 542308-00017
19. Flaker, (6/26/2009) # 542308-00015
20. Franciulli, Patricia (7/24/2009) # 542308-00020
21. Georgia Credit Union Affiliates (Ellis, Richard) (7/30/2009) # 542308-00035
22. goodman, al (7/28/2009) # 542308-00030
23. Harris, Kathleen (6/3/2009) # 542308-00004
24. Housing Policy Council (Dalton, John) (7/30/2009) # 542308-00046
25. kochanski, david (5/31/2009) # 542308-00002
26. Laborers International Union of North America -- LIUNA (Ash, Jordan) (7/30/2009) # 542308-00037
27. Mortgage Bankers Association (Szalay, Andrew) (7/30/2009) # 542308-00038
28. Mortgage Insurance Companies of America (Hutchinson, Suzanne) (7/30/2009) # 542308-00033
29. National Association of REALTORS (Nagy, Jerome) (7/30/2009) # 542308-00042
30. National Association of State Credit Union Supervisors (NASCUS) (Knight, Brian) (7/30/2009) # 542308-00043
31. National Community Reinvestment Coalition (Taylor, John) (7/30/2009) # 542308-00041
32. National Consumer Law Center (Saunders, Margot) (8/4/2009) # 542308-00052
33. Norman, (7/15/2009) # 542308-00018
34. Obduskey, Dennis (7/30/2009) # 542308-00050
35. Obduskey, Dennis (7/31/2009) # 542308-00051
36. P., (6/9/2009) # 542308-00007
37. Reid, Harry (United States Senate) (6/25/2009) # 542308-00055
38. rice, richard (6/9/2009) # 542308-00006
39. Scheu, Toni (6/25/2009) # 542308-00012
40. Smith, J (6/9/2009) # 542308-00008
41. Tucker, James (7/17/2009) # 542308-00019
42. Yackovich, Beverly G. & Edward (6/26/2009) # 542308-00014
43. Zager, Jeremy (6/23/2009) # 542308-00009

Last Modified: Thursday, January 7, 2010

EXHIBIT - 28

| | |
|---|---|
| **Comment Number:** | 542308-00050 |
| **Received:** | 7/30/2009 11:38:11 PM |
| **Organization:** | Citizen Comments |
| **Commenter:** | Dennis Obduskey |
| **State:** | CO |
| **Agency:** | Federal Trade Commission |
| **Rule:** | 16 CFR Parts 317 and 318: Mortgage Acts and Practices Rulemaking |
| **Attachments:** | 542308-00050.pdf |

**Comments:**

A more lengthy brief is attached to this comment along with supporting documentation. As a consumer who has experienced many difficulties with my mortgage lender, Wells Fargo Home Mortgage, there are numerous concerns I have come to understand over the course of nearly a year. -- No consistent communication system; information a borrower may get from one representative is different than another. And there is a reluctance to put things in writing. -- Lack of a single point of contact with the lender. -- A need for the consumer to have access to information the lender has about the consumer -- in order to give at least the ability of getting shared information. In lieu of a consistent human to interact with, a consumer deserves to see the same data and read the same information that the lender representative sees and be able to provide feedback and ask questions in ONE PLACE. -- A need to quit -- requiring -- consumers working on loan modifications or other items, to contact the lender on a weekly basis to see if anything has been done. And subjecting the consumer to spend the first five minutes of every call answering the same questions about their name, their address, partial SSN, and other questions. This after being put on hold. -- Ability to receive documents with the name of a person sending them (all correspondence I have received -- including a formal offer of a modification which was subsequently botched by Wells Fargo) -- all unsigned and with no representative name. It has been amazing and after I initially thought this was an aberration, that changed, that changed when seeing this web site: http://www.ripoffreport.com/searchresults.asp?q5=wells+fargo+mortgage&;Search=Search&;q1=ALL&;q4=&;q6=&;q3=&;q2=&;q7=&;searchtype=0&;submit2=Search The site contains more than 1,300 comments related to the same company, many in home mortgages. Please see my attachments for additional information. I am happy to discuss any of these items with the FTC, or committees, and supply more documentation than I have attached. Thank you for the opportunity. I just learned of this comment period ending today and contacted your office -- to be advised that as long as it was sent by the 30th, it would be acceptable. This is the first time I have done anything like this -- and I cannot seem to format my comments as I might normally in a regular document. Just finishing after 9pm here in Colorado, I just received a call from a person claiming to represent Wells Fargo. I asked what department she was with and advised her it is against the law to make such calls after 9pm. I was hung up on.

# FTC:

PLEASE CONSIDER THE FOLLOWING ATTACHED PAGES AS "PRELIMINARILY CONFIDENTIAL."

I WOULD APPRECIATE AN EXPERIENCED REVIEW ON YOUR END TO MAKE SURE THERE ISN'T SOMETHING INAPPROPRIATE. I THINK I HAVE "REDACTED" THE MORE ONEROUS ITEMS. I SUSPECT YOU WON'T SEE ANYTHING "BAD" BUT I WOULD APPRECIATE YOUR REVIEW FIRST.

I BELIEVE YOU WILL SAY THAT YOU SEE NO PROBLEM DOING SO.

PLEASE CONTACT ME WITH YOUR ADVICE, EITHER VIA EMAIL OR PHONE.

DENNIS OBDUSKEY



June 18, 2009

**TO ATTORNEY REPRESENTING WELL FARGO COUNSELING REPRESENTATIVE**

Wells Fargo Home Mortgage
Loan

Via FAX

Dear Borrower Counseling Representative:

This letter is a request to stop or at least delay moving forward with foreclosure proceedings based on a number of irregularities and misinformation from a number of different representatives of Wells Fargo Home Mortgage. Mary in your office suggested I send it, but I'm sure she wasn't expecting such a volume of detail. I apologize in advance for the length of this letter and its supporting documentation. I figure some of the items in the letter would seem hard to believe without the additional paperwork. You are welcome to call me at

In short, I fell behind in my mortgage this past October. Wells Fargo solicited me to contact them to look into loan modification. I did, they offered and I returned all requested paperwork accepting the offer, after which things started to fall apart somewhere in their system.

I received a single sheet of paper after they had received my signed acceptance of their loan modification offer which included authorization to start automatic withdrawals from my checking account. The paper, a "Loan Modification Transmittal Form," had different figures than the accepted offer. I also had no idea what the paper was or what I was to do with it.

They do not have a single point of contact, although in hindsight I should've gone to my local Wells Fargo branch and asked a "personal banker" to help me follow the process. My only contact had been a lady named
I had received calls from her and on one call I told her I had responded to the modification offer. Although I didn't ask, I decided she must be in Collections. I answered a call from her (identified as Wells Fargo HM on my caller ID) after receiving the Transmittal Form (around February 15-20). She spent some time looking at my file, then told me it looked like more than one modification was in the system and that she would investigate and call me back.

That was the last time I spoke to             . I made several calls to her, leaving a message on her voicemail. Her recording says she will return calls within 48 hours.



Page 2

In mid-March my notes indicate I called one of the Wells Fargo Mortgage numbers, but didn't note which one. The rep I spoke with said yes, they had received my signed Loan Modification papers, but had sent new ones to me on March 12. She didn't know what the new documents were, but advised me they would include "something for me to sign," and that the documents would be "self-explanatory." I never received any new documents.

It's now the end of March, and I'd had no other contact from Wells Fargo, either via phone or mail. I changed tactics and e-mailed customer service at the end of month. I received a helpful reply from online mortgage customer service rep ▮▮▮▮▮ who told me I needed to contact Loss Mitigation at ▮▮▮▮▮.

I called that day. In speaking with the first-tier representative who answered, I became frustrated because she didn't understand why I just didn't "continue to pay," and she didn't seem to understand that I was trying to tell her that the loan had been modified once and now seemed in limbo. She transferred me to a second-tier representative in the Ft. Mill office.

The lady, ▮▮▮▮▮ spent 45 minutes figuring out what had happened on their end. She had worked in the mortgage area for 20 years and it was clear she knew what she was doing. I was so impressed with her ability to problem-solve and get things working again, that I got the name of her boss from ▮▮▮▮▮ and later faxed a letter of commendation to him for her help. ▮▮▮▮▮ could tell some people were doing processes incorrectly. She told me she was sending messages to one or more people about the problem. The system does not all direct contact with the same rep (too bad), but we agreed I was to call back the following week.

Although it was unclear what was being done to deal with the problem, it appears it was sent back to the loan modification people to start over, this time rolling the additional unpaid months into a new the modification.

I was to call back weekly for an update, hitting whatever call center was on-line at the time. Once I asked about making payments via my Wells Fargo web access account as the mortgage section had been locked and I couldn't make a payment that way if I wanted to. A December 1 letter from Collections said to contact them before sending any funds. I assumed since I was calling somewhat regularly, now, to a Wells Fargo person, and they were working on re-doing the modification, and I had been told the interest was being rolled into the principal on the new loan modification, and my account was locked anyway, that all must be well.

I was able to access a special web online mortgage borrower portal on April 21 to see the status of the loan modification. I had earlier been unable to do so as I had tried many times before. That report said "a loan modification document for your account is being drawn up and mailed to your property address." It showed "payment received" as "in



Page 3

process," and that neither "Documents Received nor "Reviewing your account" had been started. I never received any new documents as the web site had indicated.

On the Tuesday or Wednesday after Memorial Day, May 26 or 27 I believe, I received a voice-message asking me to call. I did, and the representative reading the notes someone else had input into the system, asked me to put together a Financial Statement, copies of my two most recent pay stubs and compose a "hardship letter." I was asked to fax them to ▓▓▓▓▓▓▓ "as soon as possible," as Wells Fargo notes confirm.

It took me a few days to gather the information and compose the letter and financial statement. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ I faxed the 11 pages of information to the number I was given on June 5, the week following the call.

On June 10 I called Loss Mitigation to follow up again. I was told they closed the loan modification re-do on May 29, **two days** after I returned the call, "for failure to return documents as requested."

I was angry, amused, and flabbergasted. I was also told they never received the June 5 documents because "I had faxed them to the wrong number."

I was transferred around the country, speaking to ▓▓▓▓ in Ft. Mill (Loss Mitigation), then ▓▓▓▓ in Milwaukee (Short-Sales) and then to ▓▓▓▓ (Loan Modification) in California. The fax was received – somewhere – according to my fax records, as I didn't come up with the number at random. ▓▓▓▓▓▓▓▓▓▓▓ asked me to fax the same documents I had sent on June 5, to their fax number at ▓▓▓▓▓▓ I did, and included additional earlier communications copies, sending them early the morning of June 11. When I spoke with ▓▓▓▓▓ Short Sales, she told me these types of miscommunication issues were not uncommon and she removed me from the short sale active list. *(Really? Not uncommon?)*

On June 12 I called to see if their records show receiving the new 27-page fax. I was chastised by ▓▓▓▓ n Milwaukee Loss Mitigation for "not making payments as I *should* have been," even though I had inquired about that months earlier. She said I "should've" been getting collections letters telling me to pay on the account. I hadn't received any billing statements since Christmas, until the one I received last week. I hadn't received any letters from Collections in that same period, until last week. I had paid other bills, thinking that the idea of a loan modification was somewhat "consumer friendly" as it would help people during the process while trying to protect the investor as well.

Naïve, I guess. But I did rely on that information. Detrimental reliance, I guess.

I asked to speak with ▓▓▓▓▓ supervisor.



Page 4

I rarely raise my voice, but when speaking with "work director," ▮▮▮▮ she was (what felt like) questioning my honesty when I told her I had received no phone calls from Wells Fargo Mortgage collections during these months. I had no Wells Fargo CallerIDs listed, and no recorded messages either. She basically seemed to question most of what I had to say and didn't understand my upset with the loan modification people closing out the account 48 hours after speaking with me, or the time before. She said she would forward the mortgage on, again, back to the Loan Modification department.

Regarding any automated phone calls, when speaking with ▮▮▮ in April, I'd mentioned that although I have Qwest voicemail I rarely have any on my recording. Occasionally, when I do, it's only the last sentence or two. Qwest is looking into it after I put in a repair request last week. ▮▮▮ said she had heard of such a problem, and I wasn't particularly concerned as automated messages from politicians, vendors, and others don't seem to appear either. I get calls from "humans" on voicemail, but the automated ones, oddly, usually not.

My rural mailbox is located a quarter-mile from my home. I pick up mail there every 2-3 days. When I picked up my mail on Friday, June 12, I discovered that Wells Fargo had learned how to send mail again. I had received not one, not two, but SIX different letters from them!

These included one saying the request for Loan Modification had been denied "as you have not sent the information we have requested from you." One was from Collections telling me the loan is past due, and another was the first "Monthly Statement" I had received since December. One letter said the loan had been referred to the Short Sale group and detailed the process while another seemed to have shot past the short sale process and advised me the loan had been referred to an attorney to begin foreclosure proceedings. Last was a new Escrow Disclosure statement which appeared "normal," except with a new P&I figure and new payment effective date of 8/1/09.

I spoke to ▮▮▮ in loan servicing yesterday ▮▮▮▮ who said it appeared the loan modification had been re-opened, but that I needed to send new documents. Reading further, though, he said they appear to have noted my 27-page fax and that all of my documents are now in order and that the package was complete as of June 15. I asked him to note the record and request that whoever is working on the loan modification call me with a true status. He said he would.

In hindsight, over the past months, and to my detriment, I have relied on so many "wrong" or misleading answers which seems to be a problem related to the lack of a single point of contact Wells Fargo has in working with borrowers. The right hand doesn't know what the left hand is doing, and neither do the feet, eyes or ears.



Page 5

The following bullet-points are primarily an outline of documents received, with my notes in italic. *** means a copy or portions included with this letter:

- *I began to fall behind in mortgage payments in October 2008.*

- Letter dated November 10 – unsigned letter from Borrower Counseling concerning early delinquency intervention. *First paragraph in Spanish.*

- Letter dated November 11 – unsigned letter from Wells Fargo Home Mortgage related to homeowner counseling. *First paragraph in Spanish.*

- Letter dated November 16 – unsigned letter from Default Management Department discussing possible acceleration of note in mid-December.

- Letter dated November 17 – unsigned letter from Wells Fargo Home Mortgage related to breach of mortgage note obligation and Colorado Foreclosure Prevention Hotline.

- *** Letter dated December 1 – unsigned letter from Collections Department asking to call; also noting to **speak with them prior to sending funds**.[1]

- *** Letter dated December 16 – unsigned letter from Wells Fargo Home Mortgage, a Notice of Possible Relief advising to call ▮▮▮ by December 31 to help determine if I qualify for assistance.[2] *(I did).*

- Monthly Mortgage Statement dated December 18 ▮▮▮ ue). No discussion related to December 1 letter.

- *** Letter dated December 22 -- unsigned letter from Wells Fargo Home Mortgage advising to call ▮▮▮ to see if I may qualify under a new federal government program.[3]

- *** Letter dated December 31 – unsigned letter saying they are in the process of reviewing request and will advise of status within 30 days.[4]

- *** Letter dated January 9 – unsigned letter confirming **formal approval of a loan modification.**[5,6,7,8,9,10,11] *Included paperwork for me to sign and return in "enclosed, self-addressed, prepaid, express mail envelope." There was none. Included Loan Modification Agreement, reduction of interest rate, capitalization of* ▮▮▮ *and extending term to 40 years. Included Truth In Lending Disclosure and separate authorization to automatically withdraw funds for payment from my (Wells Fargo) checking account. First payment due 3/1/09.*



- *** Loan Modification Transmittal Form dated January 12. *(I know this wasn't received by me until mid-February).* Single page document had different information than on the forms I had returned.[12]

- *** E-Mail I sent via the Wells Fargo web site and subsequent reply to call Loss Mitigation. Printed April 2.[13]

- *** E-Mail giving me information about how to send my letter of commendation to ▮▮▮▮ for the help received from his employee named ▮▮▮ Dated April 3, printed April 21.[14]

- *** Web Page Printout dated April 21 – printout of a web page telling me a loan modification document was being drawn up and mailed.[15] *(Was never received; I don't think it was ever sent).*

- *** *Fax from me dated May 5 – to* ▮▮▮▮ *Loss Mitigation Supervisor, commending his employee,* ▮▮▮▮ *for figuring out the problem on the Wells Fargo end and getting things moving again. It appeared all was finally getting resolved.*[16]

- *** Letter dated May 29 – half-page undocumented or signed notice saying Loan Modification had been denied for the following reason(s): As you have not sent the information we have requested from you." *(This letter dated <u>two days after their request</u>, and I was given what I was told later was also the wrong fax number to send the documents to).*[17]

- *** Escrow Disclosure Statement with a unchanged P&I figure.[18]

- Monthly Mortgage Statement dated June 3 showing a ▮▮▮▮ total payment due. This the first statement received since the one dated December 18.

- *** Letter dated June 3 – unsigned letter from Collections Department telling me mortgage is past due and saying "we may have accepted and applied payments."[19]

- *** *Fax from me sent June 5 sent to Loan Modification Department. The 11 pages included all information requested the week prior. I was told this document was never received and that I had sent it to the "wrong number," although it was the one I was given when I called. Printout of completed fax report included.*[20,21]

- *** Letter dated June 5 – unsigned 3-page letter from Wells Fargo Home Mortgage saying I may be eligible for a workout program known as a "Short Sale." The program designed to "help people avoid foreclosure."[22,23,24]

Page 7

- *** Letter dated June 5 – Unsigned informational letter advising me the loan had been referred to ▓▓▓▓▓ and information on calling for a Borrower Counseling Representative there.[25] *(I did, and this fax stems from that call after it was returned).*

- *** Fax I sent early on June 11 – This 27 page fax included the prior June 5, but was sent to a new number, included many different documents, and included an unhappy 2-page cover sheet. [26,27]

As I hope and believe this fairly extensive documentation shows, I have had every reason to believe I was following the instructions I had been given, or mailed, from different divisions within Wells Fargo.

Had they started making authorized withdrawals from my checking account in March, this movement towards foreclosure would never have happened.

Had they sent revised loan modification documents in April, that their web site said were being put together, this movement towards foreclosure would never have happened.

Had they been clear in their request for new detailed documents never before requested, that it was critical they be received by the end of the same short holiday week (about 48 hours after I was first told about them), this movement towards foreclosure would never have happened.

Had Wells Fargo created a single-point-of-contact into the system to help coordinate the information I was given, rather than the disassociated process the company uses, this movement towards foreclosure would never have happened.

And I hope you feel and believe, as I do, that it is at the very least appropriate, to hold off on foreclosure proceedings until the results of the new, 3rd loan modification effort are completed. Two earlier modifications had been approved, but botched. I must assume the third time will be the charm and hope for no new problems that will have to be addressed in one of several different fashions. I'm hoping for the best and look forward to working with Wells Fargo to help me keep my home, which is all I was working to do.

I appreciate your help.

Sincerely,



skip to content                                                                                  Privacy & Use    Accessibility


**FEDERAL TRADE COMMISSION**
FOR THE CONSUMER

|                                                                                              July 30, 2009

## Comment Form

Your comment has been successfully recorded! A tracking number of **542308-00050** has been assigned on: 7/30/2009 11:38:11 PM. Please Print this page for your records.

**Federal Trade Commission**
**Title:** Advance Notice of Proposed Rulemaking and Request for Public Comments
**Subject Category:** 16 CFR Parts 317 and 318: Mortgage Acts and Practices Rulemaking
**Published:** June 1, 2009  View Notice (PDF) (Download Adobe Reader)
**Comments Due:** Thursday, July 30, 2009

**How To Comment:** On March 11, 2009 President Obama signed the 2009 Omnibus Appropriations Act. Section 626 of the Act directed the Commission to initiate, within 90 days of the date of enactment, a rulemaking proceeding with respect to mortgage loans. To implement the Act, the Commission has commenced a rulemaking proceeding in two parts. This Advance Notice of Proposed Rulemaking (ANPR), the Mortgage Acts and Practices Rulemaking, addresses activities that occur throughout the life-cycle of a mortgage loan, *i.e.*, practices with regard to mortgage loan advertising and marketing, origination, appraisals, and servicing. Another ANPR, the Mortgage Assistance Relief Services Rulemaking, addresses the practices of entities (other than mortgage servicers) who offer assistance to consumers in dealing with owners or servicers of their loans to modify them or avoid foreclosure. The Commission is seeking public comment with regard to the unfair and deceptive acts and practices that should be prohibited or restricted pursuant to any rules adopted in these proceedings.

**Privacy & Use** The FTC Act and other laws the Commission administers permit the collection of public comments to consider and use in this proceeding as appropriate. All timely and responsive public comments, whether filed in paper or electronic form, will be considered by the Commission, and will be placed on the public record of this proceeding–including on the publicly accessible FTC website at www.ftc.gov, to the extent practicable. Any information placed in the following fields on this form -- "Title," "First Name," "Last Name," "Organization Name," "State," "Postal Code," "Country," "Comments," and "Attachment" -- will be publicly available on the FTC Web site. Although filling out this comment form is voluntary, the fields marked with an asterisk are required in order for the FTC to fully consider a particular comment. Because comments will be placed on the public record including on the publicly accessible FTC web site, they should not include any sensitive or confidential information. In particular, comments should not include any sensitive personal information, such as an individual's Social Security Number; date of birth; driver's license number or other state identification number, or foreign country equivalent; passport number; financial account number; or credit or debit card number. Comments also should not include any sensitive health information, such as medical records and other individually identifiable health information. In addition, comments should not include any "[t]rade secrets and commercial or financial information obtained from a person and privileged or confidential. . . .," as provided in Section 6(f) of the FTC Act, 15 U.S.C. 46(f), and Commission Rule 4.10(a)(2), 16 CFR 4.10(a)(2). Comments containing material for which confidential treatment is requested must be filed in paper form, must be clearly labeled "Confidential," and must comply with FTC Rule 4.9(c).[1] As a matter of discretion, the FTC makes every effort to remove home contact information for individuals from the public comments it receives before placing those comments on the FTC Web site. More information, including other routine uses permitted by the Privacy Act, may be found in the FTC's privacy policy, at http://www.ftc.gov/ftc/privacy.htm.

**Accessibility** If you are unable to access this form, click here for an alternate method of submitting a public comment.

¹The comment must be accompanied by an explicit request for confidential treatment, including the factual and legal basis for the request, and must identify the specific portions of the comment to be withheld from the public record. The request will be granted or denied by the Commission's General Counsel, consistent with applicable law and the public interest. See FTC Rule 4.9(c), 16 CFR 4.9(c).

| **Title** | **First Name** | ***Last Name** |
|---|---|---|
| Mr. | Dennis | Obduskey |

**Organization Name**

Citizen Comments

**Mailing Address**

132 Wagon Tongue Road

| **City** | ***State** | **Postal Code** |
|---|---|---|
| Bailey | COLORADO | 80421 |

***Country**

UNITED STATES

**Comments**

A more lengthy brief is attached to this comment along with supporting documentation. As a consumer who has experienced many difficulties with my mortgage lender, Wells Fargo Home Mortgage, there are numerous concerns I have come to understand over the course of nearly a year. -- No consistent communication system; information a borrower may get from one representative is different than another. And there is a reluctance to put things in writing. -- Lack of a single point of contact with the lender. -- A need for the consumer to have access to information the lender has about the consumer -- in order to give at least the ability of getting shared information. In lieu of a consistent human to interact with, a consumer deserves to see the same data and read the same information that the lender representative sees and be able to provide feedback and ask questions in ONE PLACE. -- A need to quit -- requiring -- consumers working on loan modifications or other items, to contact the lender on a weekly basis to see if anything has been done. And subjecting the consumer to spend the first five minutes of every call answering the same questions about their name, their address, partial SSN, and other questions. This after being put on hold. -- Ability to receive documents with the name of a person sending them (all correspondence I have received -- including a formal offer of a modification which was subsequently botched by Wells Fargo) -- all unsigned and with no representative name. It has been amazing and after I initially thought this was an aberration, that changed, that changed when seeing this web site: http://www.ripoffreport.com/searchresults.asp?q5=wells+fargo+mortgage&amp;Search=Search&amp;q1=ALL&amp;q4=&amp;q6=&amp;q3=&amp;q2=&amp;q7=&amp;searchtype=0&amp;submit2=Search The site contains more than 1,300 comments related to the same company, many in home mortgages. Please see my attachments for additional information. I am happy to discuss any of these items with the FTC, or committees, and supply more documentation than I have attached. Thank you for the opportunity. I just learned of this comment period ending today and contacted your office -- to be advised that as long as it was sent by the 30th, it would be acceptable. This is the first time I have done anything like this -- and I cannot seem to format my comments as I might normally in a regular document. Just finishing after 9pm here in Colorado, I just received a call from a person claiming to represent Wells Fargo. I asked what department she was with and advised her it is against the law to make such calls after 9pm. I was hung up on.

Available Space: 1253 characters

**Attachment:**
FTC_Mortgage_Comments_073009_Obduskey.pdf

**File Type: Acrobat PDF**

\* = required
Continue = Proceed to Comment Review
Reset = Clear the form and any attachments
Note:There is a 15 MByte limit on all file attachments

Home | Privacy & Use | Accessibility