## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:15-cv-01734-RBJ

DENNIS OBDUSKEY, an individual,

      Plaintiff,

v.

WELLS FARGO, WELLS FARGO BANK,
WELLS FARGO & CO., WELLS FARGO  BANK, N.A.,
WELLS FARGO HOME MORTGAGE, and
MCCARTHY AND HOLTHUS LLP,

      Defendant.

_____

## WELLS FARGO BANK, N.A.'S UNOPPOSED MOTION FOR CLARIFICATION REGARDING DOC. #27

_____

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves for an order clarifying whether Plaintiff's Second Response to Wells Fargo's Motion to Dismiss (the "Second Response"), filed on November 23, 2015 [Doc. # 27], will be accepted by this Court despite the deficiencies cited herein—namely, that Plaintiff has not signed the Second Response as require by Fed. R. Civ. P. 11(a), and the Second Response exceeds the Court's page limitations and improperly attaches voluminous exhibits.  Wells Fargo does not object to the filing of the Second Response, and is not moving to strike it, but in light of the Court's rules and its November 16, 2015 Order, Wells Fargo seeks to avoid the expense of replying to a Response this Court may strike on its own as noncompliant.

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1, counsel for Wells Fargo conferred with counsel for Plaintiff regarding the relief requested in this motion by e-mail and phone conversations on November 24, 2015.  Plaintiff's counsel stated that he does not oppose this Motion or the reply extension requested, and also wishes clarification on how to proceed.  Plaintiff's counsel also stated that Plaintiff has also sought guidance from the court by telephone regarding the formatting deficiencies and how to proceed, and will refile if needed.

**MOTION**

On September 29, 2015, Wells Fargo moved to dismiss Plaintiff's Complaint [Doc. # 14]. After receiving two extensions of time to respond, Plaintiff filed his first Response to Wells Fargo's Motion on November 10, 2015 [Doc. # 24].  Plaintiff's first Response was 31 pages, attached more than 300 pages of exhibits, and was unsigned in violation of Fed. R. Civ. P. 11(a), among other deficiencies.

Observing that the Response did not comply with the Court's rules, Wells Fargo contacted counsel for Plaintiff and offered to stipulate to an extension for Plaintiff to file a compliant Response, or, in the alternative, Wells Fargo would not oppose a motion to extend the page limitations provided that Wells Fargo could have 10 pages for its Reply.  Plaintiff opted to move to exceed the page limits on November 13, 2015 [Doc. # 25], which the Court denied on November 16, 2015 [Doc. # 26].  In denying Plaintiff's motion, the Court observed that a "31-page brief accompanied by 38 exhibits (379 pages) is a grossly excessive response to a Rule 12(b)(6) motion," and ordered Plaintiff to file a compliant Response by November 23, 2015 "conforming as well to font and other requirements of the local rules."  [Doc. # 26].

Plaintiff filed his Second Response on November 23, 2015 [Doc. # 27], but it too exceeds the 15-page limitation,[1] improperly attaches 100 pages of exhibits despite the fact that Wells Fargo's Motion to Dismiss solely challenges the allegations in the Complaint, and remains unsigned and without a signature block in violation of Fed. R. Civ. P. 11(a), making it subject to being stricken by the Court.  Accordingly, to avoid spending time and effort preparing a reply when the Court may strike the Second Response on its own volition, Wells Fargo requests an order clarifying whether the Second Response will be accepted.

Wells Fargo further seeks an extension to file its Reply of either 14 days following the Court's order clarifying this matter or December 17, 2015 (in light of the intervening holiday), whichever is later.  Because Plaintiff does not oppose this request, the current Response does not conform to this Court's requirements, and the time to reply overlaps with the Thanksgiving holiday, there is good cause for the extension requested.

DATED: November 24, 2015.

> SNELL & WILMER L.L.P.
>
> By:   *s/ Christopher J.L. Diedrich*
> Christopher J.L. Diedrich
> 1200 17th Street, Suite 1900
> Denver, Colorado 80202
> Telephone:  (303) 634-2000
> cdiedrich@swlaw.com
>
> *Attorneys for Defendant Wells Fargo Bank, N.A.*

---

[1] The caption in the Second Response does not conform to the Court's formatting requirements either, which, if observed, would have resulted in the Second Response being even longer.

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2015, a true and correct copy of the foregoing **WELLS FARGO BANK, N.A.'S UNOPPOSED MOTION FOR CLARIFICATION REGARDING DOC. #27** was filed and served electronically through this Court's CM/ECF system or served via U.S. Mail, first class postage prepaid, upon the following:

| | |
|---|---|
| Steven L. Hill, Esq. | Holly R. Shilliday, Esq. |
| RIGGS, ABNEY, NEAL, TURPEN, | McCarthy Holthus, LLP |
| ORBISON & LEWIS, P.C. | 7700 E. Arapahoe Road, Suite 230 |
| 50 S. Steele St, Suite 600 | Centennial, Colorado 80112 |
| Denver, Colorado 80209 | Telephone: 303.952.6905 |
| Telephone: 303.298.7392 | Fax: 866.894.7369 |
| Fax: 303.298.7398 | E-mail: hshilliday@mccarthyholthus.com |
| E-mail: shill@riggsabney.com | |

***Attorneys for Plaintiff***

/s/ *Dorinda Mangan*
for Snell & Wilmer, LLP

22990241