## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:15-cv-01734-RBJ

DENNIS OBDUSKEY, an individual,
Plaintiff,

v.

WELLS FARGO, WELLS FARGO BANK,
WELLS FARGO & CO., WELLS FARGO BANK, N.A.,
WELLS FARGO HOME MORTGAGE, and
MCCARTHY AND HOLTHUS LLP,
Defendant.

---

### PLAINTIFF'S RESPONSE TO MCCARTHY & HOLTHUS' MOTION TO DISMISS

---

**COMES NOW,** the Plaintiff through his counsel at Riggs Abney Neal Turpen Orbison

and Lewis, in Response to Defendant McCarthy & Holthus Motion to Dismiss ("Motion"), as such

they respond as follows:

### HISTORICAL CONTEXT

The first court filing regarding this foreclosure came in January of 2010, thereby allowing

legal proceedings to linger within the court system for nearly four years.

In December of 2010, the first case was Closed-Dismissed December 23, 2010 at request

of Castle Law Group.

In 2011, the case was re-filed in Park County District Court 2011CV164.  This mater

resulted in February 23, 2012 Notice of Dismissal-failure to prosecute.  Dismissed without

Prejudice March 26, 2012.

In 2013, Case 2013CV30022 was filed in Park County District Court.

1

This legal matter has endured three different attorneys from the Castle Law Group on behalf of Plaintiff.

On August 1, 2014 the law firm of McCarthy and Holthus entered their entry of appearance to pursue a "non-judicial" foreclosure of the property located at 132 Wagon Tongue Road, Bailey, CO  80421 (the "Property") which is owned by Plaintiff, Dennis Obduskey

Plaintiff has endured the filing of more than three alleged foreclosures upon his residence. Only one of the foreclosure proceedings reached the necessary Rule 120 hearing, within that matter Plaintiff's counsel did not show up to the hearing.

Defendant has worked within a diligent manner and spent countless hours and finances in attempting to follow the recommendation of the past attorneys at The Castle Law Group, LLC,999 18th Street, Suite 220, Denver, Colorado 80202.

The Defendant's efforts have resulted in the parties seeking numerous continuances including the Vacate of Hearing Scheduled for June 18, 2014.

Plaintiff was being sent legal correspondence in this matter despite being represented by Counsel.

In accordance with C.R.S. foreclosures matters must be brought within one year or dismissed for failure to prosecute. The Plaintiff has failed to prosecute this matter. In 2014 McCarthy Holthus removed the foreclosure from Park County District Court.

On November 11, 2015, Defendant received paperwork regarding a Motion for Sale and Rule 120 Hearing in this case.

2015 McCarthy Holthus refiled

Defendant has been severely burdened within this matter and treated unfairly as he has exhausted financial expenses in each of these foreclosure actions.

On November 2, 2015, Defendant McCarthy & Holthus filed a Motion to Dismiss this complaint citing 5 causes of action they hope to dismiss: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) violation of the Colorado Consumer Protection Act ("CCPA"), C.R.S. §6-1105; (3) defamation; (4) extreme and outrageous conduct; and (5) commencement of an unlawful collections action. Defendant states that each claim fails and Plaintiff hereby contends that all claims for dismissal by Defendant McCarthy & Holthus fail.

As of December 1, 2015, neither Plaintiff nor Defendants have begun the discovery process which shall bring forth additional documentation showing disputed facts.

Pursuant to *Davidson v. Dill*, 503 P.2d 157 (Colo. 1972):

"[A] Complaint should not be dismissed for failure to state a Claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Furthermore, within Plaintiff's Complaint there are numerous issues and facts in dispute included but not limited to acceptance of payment and the honoring of former modifications.

## I.     FDCPA CLAIM

In their Motion to Dismiss, Defendant cites the following provisions of FDCPA, 15 U.S.C. § 1692 et seq.: communications with third parties (§1692c), harassment or abuse (§1692d), false

or misleading representations (§1692e), unfair practice (§1692f), and validation of debts (§1692g). Defendant goes on to state that Plaintiff has failed to identify the specific provisions of the FDCPA that were violated however repeats the very citations of the specific FDCPA provisions that were raised by Plaintiff in his Complaint.  As such, Plaintiff's claim does not fail in that regard.

Additionally, Defendant goes on to state in their Motion that Plaintiff has failed to identify the ways in which the Defendant violated said FDCPA provisions.  Plaintiff's contends that the Complaint cites several ways in which Defendant violated these provisions.

Despite being on notice of representation by counsel in earlier actions, Wells Fargo or contracted employees continued leaving monthly contact door hangers upon Plaintiff's home urging him to contact his mortgage servicer and listed a phone number to call.  The number directs to contact Wells Fargo.  Counsel for Plaintiff was advised by counsel for Wells Fargo, and a Wells Fargo representative, that they had no knowledge of anyone authorized to place the notice at home (Exhibit 1). The notices have continued monthly for approximately three years and each notice represents a separate FDCPA violation.  (§1692c, §1692d)  The notices stopped after this action was filed.

The "Communication" is also in violation of FDCPA § 805(2) as cited in the Complaint. Attorneys notified the previous collection agency via telephone and written correspondence that Plaintiff was represented by an attorney.  Each "communication" is in violation of this as §805 (2) states the "debt collector can readily ascertain." This is also in violation of C.R.S. § 12-14-105(b).

Defendant McCarthy & Holthus, as counsel representing Wells Fargo, failed to properly provide written validation of debt to Plaintiff after advising him that they were obliged to follow state and federal debt collection statutes.  They then initiated a Notice of Election and Demand

without providing said documentation, in violation of federal and state statutes, by continuing efforts to collect a debt prior to providing appropriate validation.  Defendant claims they are not a debt collector, yet virtually all documents in written correspondence from Defendant claim that they are acting as debt collectors. (Exhibit 2)  This is a violation of 15 U.S.C. § 1692g.

Plaintiff received undated mail notices from McCarthy & Holthus in early August of 2014 advising Plaintiff that they are serving as debt collectors and will assume the debt to be valid pursuant to the FDCPA and Colorado Fair Debt Collection Practices Act unless Plaintiff responds within 30 days, in which case they will supply to Plaintiff certain documentation verifying the name and address of the original creditor, and other "writing or verification evidencing the debt."

Plaintiff never received any verification information and McCarthy & Holthus, which then began to pursue new collection efforts in May, 2015, (Exhibit 3) by filing a Notice of Election and Demand with the Public Trustee in Park County and initiating a foreclosure action.  This is both a violation of C.R.S. § 12-14-109 and 15 U.S.C. 1692g – Validation of debts.

Furthermore, there is a clear violation of the following: 15 USC 1692(g) § 809(a) and (b): (1) failure to respond to a properly delivered notice requesting debt validation, (2) ignoring valid written request related to verification of the debt and continue to collect, and (3) continue to collect on debt before providing verification.

Consumer Financial Protection Bureau (CFPB) Case #150610-001588 was submitted by Plaintiff on June 10, 2015. This complaint relates to the Fair Debt Collections Practices Act in which the current law firm representing Wells Fargo, McCarthy and Holthus LLP, failed to provide with any validation to Plaintiff prior to initiating a new foreclosure action in May, 2015, despite documented response to the law firm's letter within 30 days as the law required (Exhibit 3).  The

requirement of valid documentation is discussed under C.R.S. 38-38-101.  A July 13, 2010 phone

call to the mortgage payments department when Plaintiff inquired where funds he paid for "Trial

Payments" toward a loan modification went, he was advised $400 went to Attorney Fees, $1500

to Clerk Costs, $1600 to Corporate Costs and $3509 Pending.  Some of those charges disappeared

in later paperwork supplied by Defendant.  Documents supplied by Defendant McCarthy &

Holthus in an unsuccessful debt validation effort to counsel representing Plaintiff in spite of a

request and requirement to respond to Plaintiff (Exhibit 4) showed monthly "Property

Preservation" charges which, then, did not appear in a documentation snapshot supplied by Wells

to the Consumer Financial Protection Bureau on June 30, 2015.  (Exhibit 5)  While the McCarthy

& Holthus improper validation shows different date snapshots than the Wells Fargo letter to the

CFPB, it is clear home preservation charges "disappeared."  While Defendant McCarthy &

Holthus in failing to provide an appropriate response to Plaintiff prior to taking further action is a

clear FDCPA violation.

Pursuant to the Colorado Rules of Civil Procedure, Rule 3 states that, "a civil action is

commenced (1) by filing a complaint with the court, or (2) by service of a summons and complaint.

Defendant's filing of a new NED on May 12, 2015 with Park County does not satisfy the

requirements under the C.R.C.P. to commence a civil action, as the complaint was not filed with a

court.  This is a violation of FRCPA unfair practice (§1692f).

Defendant Wells and Defendant McCarthy & Holthus followed unfair practices by

representing to be collecting debts which were unsubstantiated by any official documentation.  In

addition, Wells twice filed a Notice of Election and Demand with the Park County Public Trustee

claiming possession of a legal and proper Assignment of Deed of Trust making Wells the Holder

of the Evidence of Debt, when, in fact, they did not possess said assignment.  An eventually filed

assignment, posted in the office of the Park County Clerk and Recorder on May 11, 2011, is still

being relied upon today, though the assignment appears to have given title to Wells Fargo by one

of its own employees and leaves numerous unanswered questions about its validity.  In addition,

a copy of the endorsed Note which Defendant Wells used in its third foreclosure action prior to a

2014 Rule 120 District Court Hearing (later dismissed), included a VOIDED endorsement which

appears to be endorsing the note to Wells Fargo by Lori Venegonia, Vice President of Loan

Documentation, of Wells Fargo.  This is a violation of FRCPA unfair practices (§1692f).

The Court has adopted that foreclosure falls under FDCPA. *See Albers v. Nationstar Mortg.*

*LLC,* 2011 U.S. Dist. LEXIS 182, 2011 WL 43584, at *2 (E.D.Wash. Jan. 3, 2011) (citing cases).

Courts have reasoned that as long as a defendant meets the statutory definition of debt collector,

"they can be covered by all sections of the Act . . .regardless of whether they also enforce security

interests." *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006) (referring to

§ 1692f(6) as an inclusive provision); *see also Kaltenbach v. Richards*, 464 F.3d 524, 528-29 (5th

Cir. 2005) (noting that "the entire FDCPA can apply to a party whose principal business is

enforcing security interests but who nevertheless fits § 1692a(6)'s general definition of debt

collector").

## II.      CCPA CLAIM

To prevail on a Colorado Consumer Protection Act ("CCPA") claim, complainant must

prove five elements:

(1) the defendant engaged in an unfair or deceptive trade practice; (2) the challenged

practice occurred in the course of the defendant's business, vocation, or occupation; (3) the

challenged practice significantly impacts the public's actual or potential consumers of the defendant's goods, services, or property; (4) the plaintiff suffered injury in fact to a legally protected interest; and (5) the challenged practice caused the plaintiff's injury. *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc*., 62 P.3d 142 (Colo. 2003); and *Nobody in Particular Presents, Inc. v. Clear Channel Commc'ns, Inc*., 311 F.Supp. 2d (D. Colo. 2004)

Defendant asserts in their Motion that Plaintiff's Complaint "does not describe any conduct on the part of the Firm that would form the basis of a CCPA claim." Plaintiff is of the belief he meets the five claims that are necessary to prompt a Colorado Consumer Protections Act Claim.

## A.     UNFAIR AND DECEPTIVE TRADE PRACTICE

It is well documented that the previous law firms (Castle Law Group, Exhibit 6) that were hired by Defendant Wells Fargo to allocate foreclosure proceedings upon Colorado consumers inflated their pricing and fees. The CO Attorney General filed a lawsuit related to improper fees against the law firm Defendant used in his first three foreclosures with Plaintiff (Exhibit 7).

Plaintiff contends that the fees—which appear to be for attorney fees, filing costs, clerk costs, post-sale notices and a title policy (Exhibit 4)—are not collectible under Colorado law because they were imposed in a deceptive manner.

Plaintiff received undated mail notices from McCarthy & Holthus in early August of 2014 advising Plaintiff that they are serving as debt collectors and will assume the debt to be valid pursuant to the FDCPA and Colorado Fair Debt Collection Practices Act unless Plaintiff respond within 30 days, in which case they will supply to Plaintiff certain documentation verifying the name and address of the original creditor, and other "writing or verification evidencing the debt."

Plaintiff never received any verification information from McCarthy & Holthus, which then began to pursue new collection efforts in May, 2015, (Exhibit 3) by filing a Notice of Election and Demand with the Public Trustee in Park County and initiating a foreclosure action.   This constitutes a deceptive trade practice.

**B.      CHALLENGED PRACTICE OCCURRED IN THE COURSE OF BUSINESS**

In July, 2014, Defendant Wells Fargo Bank, N.A. ("WFB") retained Defendant McCarthy & Holthus, LLP ("Defendant") to pursue a "non-judicial" foreclosure of the property.   This, however, is a misnomer, as under Colorado foreclosure practices, a court is required to approve a property sale which is a foreclosure.   After filing a complaint with the Consumer Financial Protection Bureau on June 11, 2015, related to failure of the law firm representing Wells Fargo, McCarthy & Holthus LLP, to respond to a verification request response to that complaint, Wells Fargo now claims that the company has assigned no single point of contact as required by federal guidelines and state law (C.R.S. § 38-38-103.1) and their documentation regarding true ownership provided in the CFPB response conflicts with prior assertions of ownership records (Exhibit  8). Defendant clearly represents Defendant Wells Fargo during the time in which some of the cited practices occurred.

**C.      SIGNIFICANT IMPACT ON PUBLIC**

The actions that Plaintiff mentioned within his complaint are also highlighted by the OCC within the latest round of sanctions imposed directly on Wells Fargo, and virtually all of the items addressed by the OCC in its June 16, 2015 updated its 2011 and 2013 Stipulation and Consent Order appear in this case.  (Exhibit 9)  The OCC and the CFPB are charged with representing the public trust, though their actions have some limits in individual cases and both have suggested that

this legal action may be necessary to address details this case.   Not only does the proper ownership of property records belong within the public prevue, this is one major reason why the bank-owned Mortgage Electronic Registration System ("MERS") fails the public by keeping that public information private, and banks have taken advantage of that by failing to maintain proper electronic trails and the adhere to the additional responsibility of correctly maintaining those records.   When insurance companies recommend that purchasers of foreclosed homes buy additional insurance "in case" ownership hadn't been properly clarified in the past, this also hits all home purchasers in their pocketbook as insurance is a pooling of risk.

**D.      SUFFERED INJURY BY PUBLIC AND PLAINTIFF**

The Defendants actions have created a deterioration of health, anxiety and numerous sleepless nights for Plaintiff.  As Defendant Wells Fargo hired new law firms to initiate foreclosure actions the progress of stipulation and settlement has been lost. Plaintiff has been forced to deal with multiple law firms regarding the debt at substantial personal financial expense.

As a direct and proximate result of Defendants' outrageous conduct, Plaintiff suffered severe mental distress, mental suffering, or mental anguish, including fright, nervousness, grief, anxiety, worry, humiliation, and indignity.

The Plaintiff as well as the public have experienced tremendous problems from Wells Fargo during the past 6 years.   There have been numerous lawsuits within Federal Courts, including this case, pertaining to Wrongful Foreclosure based on chain of title, and in addition, some purchasers of foreclosed properties report the inability to obtain title insurance because some insurers believe the potential risk of having to pay a claim somewhere down the road too high.

Wrongful foreclosures and illegal collection lawsuits are unfortunately plentiful within Colorado. The failure to provide proper answers to

### III.   DEFAMATION CLAIM

Defendant asserts in their Motion that Plaintiff failed to properly state a Defamation claim because "it does not allege that a false or defamatory statement was made by the Firm [McCarthy & Holthus]." Defendants' counsel is of the belief that any defamation claims are barred by statute of limitations. C.R.S. § 13-80-103. Wells Fargo Defense Counsel must realize that over the course of four foreclosure actions, a total of 20 notices related to NED filings with the Park County Public Trustee were published defaming plaintiff in the local newspaper of record, the Park County Republican and Fairplay Flume; five after each NED filing. (Exhibit 10, 11) and most recently between July 24, 2015 and August 21, 2015. (Exhibit 12).   As Plaintiff is held as a respected member of the community involved in the political process, these continual publications have not only defamed Plaintiff, they have contributed to him not running for public office.

Plaintiff was not in default during these alleged foreclosure actions on three separate occasions as he was in HAMP trial payment periods and making 12 such payments (more than required).  However, Defendant was printing notices of default and filing notice of election and demand as modification negotiations were occurring.

Defendant had knowledge of the modification negotiations and the directions they provided to Plaintiff yet filed the notices thereby painting a perception of a dead beat debtor.

### IV.   EXTREME AND OUTRAGEOUS CONDUCT

Defendant Wells Fargo has caused Plaintiff to hire legal counsel on three separate occasions as they threatened and started 3 foreclosure proceedings despite being in some state of

modification negotiation. The initial foreclosure action, started in 2009, was extreme and outrageous and each successive one had its own punishing and shocking character. Plaintiff was in negotiation with Wells Fargo while in each foreclosure situation essentially Wells Fargo was dual tracking.

This is the fourth foreclosure action, the behavior has not changed by Wells Fargo or any of its subsequent law firms. However in the scenario before us we have brought forth claims explaining that the statue of limitation on a collection has passed before the filing of a Rule 120.

The Plaintiff have to defend and respond to the 120 seems frivolous.

Proof of the evidence of debt as required under Colorado Statute, both before and after alleged and qualifying assignment and without following Freddie Mac guidelines concerning voided endorsements on the back of the original note. (Exhibit 13). Additionally, in correspondence with Counsel in response to the amended OCC complaint, dated August 27, 2015, (Exhibit 14) Defendant Wells Fargo states "we have been unable to locate the hand written "void" on a Note we have sent." This statement suggests the possibility of forgery if more that more than one copy of the "original" Note exists.

Colorado Attorney Keith Gantenbein #39213 was the signer of the NED in 2011 (Exhibit 10). He testified in a state House Committee hearing in 2011, that he was regularly asked to sign documents by his employer, based on "generally on little more than an email from a bank or loan servicer."  (Exhibit 15)

## V.    UNLAWFUL COLLECTION

Defendant alleges Foreclosures are governed by the specific 15 year statute of limitations in C.R.S. § 38-39-205, rather than the 6 year general debt collection statute of limitations in C.R.S. § 13-80-103.5.  See, e.g., Mortg. Invs. Corp. v. Battle Mountain Corp., 70 P.3d 1176, 1179 (Colo. 2003).  However, Plaintiff's counsel clearly is attempting to circumvent the fact that attempting to hold a person liable for an outstanding debt related to real property as well as attempting to take such property from a legal perspective is a debt collection and FDCPA and FCPA laws apply.

In the current legal matter, both Defendants Wells Fargo and McCarthy & Holthus have debt collection disclaimers on virtually all correspondence. (See Exhibit 2)

Courts have  held that an action to foreclose on a deed of trust is governed by the fifteen-year limitations period contained in section 38-39-205, 10 C.R.S. (2002), <u>when a party has commenced suit for default on the original promissory note within the six-year limitations period</u> contained in section 13-80-103.5, 5 C.R.S. (2002).

Within this legal matter Defendant Wells Fargo provided an Acceleration letter to Plaintiff in June 2009 (Exhibit 16) advising Plaintiff that the entire balance of the note was due, their counsel followed that with a NED the following month, but Defendant Counsel McCarthy & Holthus failed to commence suit on a promissory note within six years of default date as claimed on the acceleration letter.  Thus, the deed of trust is extinguished because the six-year limitations period in section 13-80-103.5(1)(a), 5 C.R.S. (2002), would bar enforcement of the promissory note; therefore, the lien would be extinguished under section 38-39-207, 10 C.R.S. (2002). <u>Martinez</u>, 730 P.2d at 313 ("under [section 38-39-207], when an action to recover on a promissory note is barred, any lien securing such note is extinguished").

But, if a party commences suit on the promissory note <u>within six years of default,</u> subsequent collection of payment of the debt through execution on a judgment lien or foreclosure on the lien of the deed of trust is not barred by section 38-39-207, 10 C.R.S. (2002).

In the matter before the court, no circumstance exists that would change the statute of limitations to the 15 years.

## VI.    CONCLUSION

**FOR THESE REASONS**, Plaintiff requests that this Court deny each of Defendant McCarthy & Holthus attempts for dismissal.  Defendant has provided no arguments that rise to a level for dismissals on any Claims.


Respectfully submitted this 1st day of December, 2015,


*/s/ Steven L. Hill*
Steven L. Hill, Esq.
Riggs, Abney, Neal, Turpen, Orbison & Lewis, P.C.
50 S. Steele St, Suite 600
Denver, CO 80209
Phone:       303-298-7392
Fax:  303-298-7398
shill@riggsabney.com