

Wells Fargo Home Mortgage
MAC X2302-02J
1 Home Campus
Des Moines, IA 50328-0001

January 18, 2013

Steven L. Hill, Esq.
Riggs, Abney, Neal, Turpen, Orbison & Lewis, PC
7979 East Tufts Avenue Parkway, Suite 1300
Denver, CO 80237

Dear Steven L. Hill:

RE:  Borrower       Dennis K. Obduskey
     File Number    12-13967

I am responding on behalf of Wells Fargo Home Mortgage (WFHM) senior management to your recent correspondence on behalf of Dennis K. Obduskey. As WFHM is in receipt of written authorization naming you as Mr. Obduskey's representative in this matter, I am responding directly to you.

It has been a pleasure working with you regarding your recent mortgage loan inquiry on behalf of Mr. Obduskey. I have attempted to contact you via telephone to provide you with the final resolution of your inquiry; my last attempt was on January 18, 2013. As my attempts via telephone have been unsuccessful, I am providing you with the resolution in writing.

Our records indicate WFHM initiated a review of Mr. Obduskey's mortgage loan for payment assistance on June 13, 2011. At that time, Mr. Obduskey requested our review be conducted in cooperation with the Neighborhood Assistance Corporation of America (NACA). As you may be aware, WFHM has a dedicated team within the Community and Housing Assistance Department who works directly with NACA.

Under this contract, all communication with our mortgagor is done through the NACA website, or the mortgagor may contact their local NACA representative for assistance with the review.

On June 27, 2011, WFHM received the Qualified Written Request (QWR) referenced in your current correspondence, dated June 15, 2011, via facsimile in addition to some of the financial documentation required to complete our review. An additional copy of the QWR, referencing "Dear Lender" and addressed to NACA, is enclosed for your reference. Due to a processing oversight, WFHM considered this document as a part of Mr. Obduskey's submission of financial information.

However, our records indicate WFHM responded to the issues detailed in the QWR, as well as additional correspondence received from Mr. Obduskey, on December 09, 2011. Please find an additional copy of that correspondence enclosed for your reference. Please note, the above referenced response encloses the documents Mr. Obduskey executed at the closing of the mortgage loan as well as additional documents validating the debt and demonstrating his maintenance of the debt. In addition, an updated Customer Account Activity Statement (CAAS) has been enclosed in this response.

Because WFHM does not typically generate a Monthly Mortgage Statement when a mortgage loan is delinquent, and as Mr. Obduskey's mortgage loan remains due for the June 01, 2009, contractual monthly mortgage obligation, we are unable to provide the statements you requested in your recent inquiry.

Please note, as referenced in the December 09, 2011, response, any documents or requested information not provided in our responses is due to the request being too broad to determine the specific information needed, or the documents are considered to be proprietary information of WFHM and will not be provided without a subpoena.

As you are aware, WFHM services mortgage loans on behalf of secondary market investors. As the servicer, WFHM collects the contractual monthly mortgage payments, pays escrow obligations such as property taxes and insurance, answers mortgagor questions and provides payoff information, payment assistance opportunities, and home preservation, as well as other specified duties on behalf of the investor during the mortgage period. WFHM continues to act in these capacities for the investor, which allows us to provide these services for the mortgage loan.

The investor for Mr. Obduskey's mortgage loan is Freddie Mac, (FHLMC), and their address is:

> FHLMC
> 8200 Jones Branch Drive
> McLean, VA 22102-3110

Although we are providing this information, FHLMC will more than likely refer you back to WFHM as the servicer to answer any questions about the mortgage loan, or the servicing of mortgage the loan.

As the servicer of the mortgage loan, WFHM is required to report the status and history of the mortgage loan to the appropriate credit agencies accurately. Please note, as a result of Mr. Obduskey's payment dispute and in accordance with the Fair Credit Reporting Act (FCRA), WFHM has updated the trade lines on his credit reports for the mortgage loan to indicate "Account information disputed by consumer". As our research has confirmed the reporting activity of this mortgage loan is accurate, this trade line comment will remain on the credit report until Mr. Obduskey notifies WFHM he no longer disputes the reporting and authorizes us to remove this comment.

At your request, a Cease and Desist has been processed for Mr. Obduskey's mortgage loan; however, as required by law, all standard servicing communications, if applicable (Billing Statements, Escrow Analysis, Property Tax communications, etc.), will continue to be sent directly to him. Additionally, pursuant to the Fair Debt Collection Practices Act (FDCPA), we may notify a mortgagor in the event that we are invoking remedies to collect the mortgage debt, which include but are not limited to, the acceleration of the mortgage debt. Please be advised, WFHM will direct correspondence to your office when responding to inquiries that do not fall within these standard servicing categories.

In compliance with the terms found in the Security Instrument Mr. Obduskey executed at the closing of the mortgage loan, WFHM is permitted to protect our interest in the property securing the mortgage loan when delinquent by, among other things, inspecting the property at regular intervals.

As referenced in your correspondence, WFHM received an inquiry through the Office of the Comptroller of the Currency (OCC) under Case Number 02089486 and responded in writing on June 13, 2012. An additional copy of that response is enclosed for your reference.

Our records indicate Mr. Obduskey's mortgage loan was referred to outside legal counsel to initiate foreclosure proceedings on December 17, 2012. This is the result of the mortgage loan remaining due for the June 01, 2009, thru January 01, 2013, contractual monthly mortgage payments. As a result, the property securing this mortgage loan is scheduled for foreclosure sale on April 24, 2013.

As noted in your correspondence, our legal representatives in this matter are Castle Stawiarski, LLC. You and/or Mr. Obduskey may contact them regarding the foreclosure action at 1-303-865-1400.

In your correspondence, you reference the Independent Foreclosure Review (IFR). The IFR process provides eligible mortgagors an opportunity to request an independent third party review to ensure that foreclosure actions taken on primary residences between January 1, 2009, and December 31, 2010, were conducted properly and accurately. Additional details regarding the process are available online at IndependentForeclosureReview.com.

Obduskey
January 18, 2013
Page 3

WFHM can confirm Mr. Obduskey's request for review was received and assigned 1404170108 as a reference number. Please be advised, the IFR will determine if Mr. Obduskey has suffered financial injury as a result of any errors, misrepresentations or other deficiencies in the foreclosure process.
Mr. Obduskey will then receive a letter with the findings of the review and information about possible compensation or other remedies.

Your inquiry with our office has been closed. If you or Mr. Obduskey has any additional questions or need clarification regarding the information provided in this letter, please contact me directly at 1-800-853-8516, extension 47964. I am available to assist you Monday - Friday, 8:00 a.m. to 5:00 p.m., Central Time.

Sincerely,

Adam Velde
Executive Mortgage Specialist
Office of Executive Complaints
Wells Fargo Bank, N.A.
1 Home Campus
MAC X2302-02J
Des Moines, IA 50328

Enclosure(s)

CC/Enc:    Dennis Obduskey
           132 Wagon Tongue Road
           Bailey, CO 80421-1057

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, if the borrower has received a discharge of this debt in bankruptcy or is currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt as this company has a security interest in the property and will only exercise its rights against the property.

With respect to those loans located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact the borrower before 8 a.m. or after 9 p.m. They may not harass the borrower by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call the borrower at work if they know or have reason to know that they may not receive personal calls at work. For the most part, collectors may not tell another person, other than the attorney or borrower's spouse, about the debt. Collectors may contact another person to confirm the borrower's location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

EX003/TGS/co722312