# Document Delivery and Processing Procedures

Chapter  3

## Contents

| Topic | Page |
|---|---|
| Background | 2 |
| Documents to be Verified | 3 |
| Verification Requirements | 3 |
| Data Verification | 4 |
| Note Verification | 11 |
| Borrower's Signature | 11 |
| Lost Note Affidavits | 16 |
| Endorsements | 17 |
| Endorsement Chains | 18 |
| Assignments | 20 |
| Reviewing Supplemental Documentation | 22 |
| Resolving Discrepancies | 23 |
| Post-Certification Corrections to Notes | 24 |
| Retention Period | 24 |
| New York Consolidation, Extension and Modification Agreements ("NY CEMAs") | 24 |
| MERS-Registered Mortgages | 25 |

# Document Delivery and Processing Procedures

## Background

Document Custodians are responsible for verifying certain information contained in the Notes and related documents for the Mortgages sold to Freddie Mac and for certifying those verifications and that the original documents are in your possession. We refer to this process as "certification" or "certifying" the Notes.

This chapter details our requirements for certifying Notes delivered to Freddie Mac, including those sold with a Concurrent Transfer of Servicing. For information on Subsequent Transfers of Servicing, see Section 56.1 of the Guide and Chapter 5 of this Handbook. Unless the Document Custodian receives a copy of the Purchase Documents between the Seller/Servicer and Freddie Mac, (including the first page with the Seller/Servicer number, the pages with the exceptions detailed, and the signature pages), the Document Custodian must not deviate from the requirements of this Handbook or the Guide.

The process for certifying Mortgages sold to Freddie Mac through the selling system can be found in this chapter. The process for certifying Notes sold to Freddie Mac through MIDANET® is described in Chapter 3A. Except as specifically noted in Chapter 3A, all of the requirements to certify Notes sold through the selling system also apply to Notes sold through MIDANET.

The information in this chapter is intended to help you fulfill your responsibilities as an approved Document Custodian. This Handbook is a reference tool that complements Freddie Mac's Single-Family Seller/Servicer Guide (the "Guide"). It does not replace the requirements in the Guide, and in the event of a conflict, the Guide controls.

Before you may accept a delivery of Notes from a Seller, Freddie Mac must approve you as a Document Custodian for the Servicer that will service the Mortgages. Refer to Chapter 1 of this Handbook for additional information on becoming an approved Document Custodian.

Sellers may use independent delivery agents, particularly for bulk or seasoned loan portfolio sales through MIDANET. If such an agent contacts you or you receive loan data with respect to the Mortgages from a third party, you must ask to see written evidence of its relationship with the Seller, such as a copy of the first and signature pages of their contract with the Seller or the paragraph in the Freddie Mac Master Commitment that recognizes the agency arrangement. You may rely on the representations of such an agent as if the Seller made them, as the Seller remains liable for the accuracy and completeness of all data. Contact Freddie Mac if you have any questions regarding delivery by an agent. See Guide Directory 9.

Effective April 23, 2012, Form 11 and Form 13SF terms must be delivered as MISMO/XML data defined terms. Please see Chapter 3B for the MISMO/XML data defined terms that will be presented in the selling system and Form 1034E.

## Document Delivery and Processing Procedures

### Documents to be Verified

The Seller must deliver to you, as the approved Document Custodian, the Note, any applicable assignments, and the related documentation for each Mortgage it is selling to Freddie Mac. The Form 1034E or Note Delivery Cover Sheet will accompany each delivery of Notes. You may also receive documents that provide additional Note terms, clarify legal terms, and/or complete the required documentation for a particular Mortgage, such as:

- Addendum to the Note
- Agreement to Convert
- Assumption Agreement
- Modification Agreement
- Power of Attorney
- Name Affidavit
- Signature Affidavit

An Allonge, because it is physically a part of the Note, is not technically a supplemental document, and endorsements made on the Allonge, must be delivered as part of the Note.

### Verification Requirements

Upon receipt of a delivery of Notes from the Seller, you must

- Verify the data. The information on each Note must match the corresponding information in the selling system or applicable Form 1034.
- Verify the Note. The Note must be original and complete. The Note must also be originated on a Fannie Mae/Freddie Mac, a Freddie Mac, or a Fannie Mae Uniform Instrument. See http://www.freddiemac.com/uniform/ for a complete list of current Uniform Instruments.
- Verify the chain of endorsements (Note).
- Verify the chain of assignments (security instrument).

Once you have verified the accuracy of the data and that the documents comply with our requirements, you may certify the loan. Certification is complete in the selling system when you

- Indicate in the selling system that you have certified individual loans or loans in batch; or
- Have submitted proposed data corrections to the Seller, and the Seller accepts the proposed changes.

## Document Delivery and Processing Procedures

| Issue | Resolution |
|---|---|
| Borrower Name in the selling system differs from Note | Enter the discrepancy in the selling system. The Seller must send you evidence of a name change or a Name Affidavit.<br><br>See "Borrower's Signature" section on pages 11-13 for further information concerning allowable variances. |
| Note data elements do not agree with the data in the selling system. | Enter the proposed changes to the data in the selling system. The Seller must either:<br>• Accept your changes, in which case no further action on your part is necessary; or<br>• Reject your changes. You may not certify the Note unless the Seller provides you with corrected documentation. |
| Changes on Note; white-outs and cross-outs are not initialed by Borrowers. | Enter the discrepancy in the selling system and return Note to the Seller to have the Borrower initial all changes.<br><br>Changes to Freddie Mac loan number, closing location, typed name under signature and Zip Code do not require Borrower's initials. |
| Freddie Mac loan number is changed on the Note. | No action is required, provided that the Freddie Mac loan number that appears on the Note matches the Freddie Mac loan number in the selling system. |
| FHA case number is changed or incorrect on the Note. | No action required. This is not a certified field. |
| Seller reports experiencing a "fail" after you have certified the Note. | "Fails" may occur for a number of reasons not related to certification. Refer the Seller to 800-FREDDIE. |

Refer to Section 2 of the Certifying Mortgages for Freddie Mac manual for the process for entering proposed data changes (http://www.freddiemac.com/learn/pdfs/deliver/ss_certmort.pdf).

# Document Delivery and Processing Procedures

If the LNA meets these requirements, you must verify the loan data from the Note copy attached to the LNA. The LNA and Note copy must be filed in the Note file in lieu of the Note.

 If the copy of the Note does not include the complete endorsement chain, the LNA must contain a statement to the effect that the photocopy of the Note was made in the ordinary course of business prior to the Note's endorsement. Original endorsements on the Note copy are not acceptable.

If, after Freddie Mac purchases a Mortgage with a LNA, the Servicer recovers the original Note, the Servicer should deliver it to you together with a signed "Found Note Certification" form (See Appendix C) that identifies the related Mortgage and contains certain representations relating to the original Note. You must review the Note to verify that it is an original document that matches the copy of the note attached to the LNA: if it is, you should place the original Note in the Mortgage file, execute the Found Note Certification form where indicated and return the form, together with the complete LNA, to the Servicer. The Servicer will then contact Freddie Mac, and your duties and responsibilities with respect to the original Note are the same as if it had been delivered to you prior to Freddie Mac's purchase of the related Mortgage. If the Servicer is unfamiliar with this process, please instruct them to contact Freddie Mac (Section 9) directly.

## Endorsements

When a Note is sold to Freddie Mac, the Seller must endorse the Note in blank "Pay to the order of ....," Please contact Freddie Mac if you receive an endorsement in another form or with alternate language.  While you may certify a Note endorsed "Payable to ...", we will ask the Seller to change their practice for the future. The following must be clearly typed or printed:

- The name of the institution making the endorsement ("Seller-endorser")
- The name and title of the individual authorized to sign
- Document Custodians cannot act as Attorney-in-Fact, Agent or Delegatee or pursuant to a power-of-attorney to endorse Notes for the Seller

If the endorser is "doing business as," it must provide both the formal corporate name and the "dba" name.

Endorsements must be complete from the payee on the Note to the Seller of the Mortgage to Freddie Mac. There may not be further endorsements as long as Freddie Mac owns the Mortgage.

Notes that Sellers have "endorsed" using stickers are not acceptable, and Document Custodians must reject Notes endorsed using such a method. For an endorsement to be certified by a Document Custodian pursuant to Guide Section 16.4(a), the endorsement must be made directly on the Note with an ink signature or with a facsimile signature, as permitted by Section 16.4(d). An Allonge that meets all of the conditions set forth in Section 16.4(e) may also be used to endorse a Note. Use of stickers to affix signatures does not satisfy Freddie Mac's requirements for either an endorsement on the Note or an Allonge.

# Document Delivery and Processing Procedures

The following are examples of blank endorsements:

**Without Recourse**

| PAY TO THE ORDER OF | (Leave Blank) |
|---|---|
| WITHOUT RECOURSE | |
| | (Name of Seller-endorser) |
| | (Signature of duly authorized officer) |
| | (Typed name and title of signatory) |

**With Recourse**

| PAY TO THE ORDER OF | (Leave Blank) |
|---|---|
| | (Name of Seller-endorser) |
| | (Signature of duly authorized officer) |
| | (Typed name and title of signatory) |

 Most Notes are sold to Freddie Mac without recourse; however, Document Custodians are not required to check recourse status of the Notes and have no way of doing so.

## *Allonges*

Allonges are often used to provide additional space for endorsements. You may certify a Note that has an Allonge attached if:

- The Allonge is permanently affixed to the Note (taping or pasting the Allonge to the Note are not acceptable), and
- The Allonge references the Borrower's name, the address of the Mortgaged Premises, and the original principal balance of the Note.

If you receive a non-conforming Allonge, enter the discrepancy in the selling system and await corrective action by the Seller. See Guide Section 16.4(f).

 If you receive an Allonge that is dated, you may certify only if the date is on or after the Note date. If you frequently receive Notes from a Seller endorsed this way, please contact Freddie Mac so that we can remind the Seller of our requirements.

## Endorsement Chains

The Seller must endorse each Note in blank. When the Seller of the Mortgage is not the original payee on the Note, you must verify that the chain of endorsements on the Note is proper and complete from the original payee to the Seller.

After Freddie Mac purchases the Mortgage, no other endorsements or changes to endorsements on the Notes are permitted without Freddie Mac's prior written consent. In particular, a Transferee Servicer may not endorse or change any endorsement on a Note owned by Freddie Mac.

# Document Delivery and Processing Procedures

| Issue | Resolution |
|---|---|
| Endorsement does not include title of signatory. | Enter the discrepancy in the selling system and wait for corrective action from the Seller. |
| Endorsement errors or missing endorsements. | Enter the discrepancy in the selling system and wait for corrective action from the Seller. |
| Date has been inserted on blank endorsement. | Contact Freddie Mac so that we may remind the Seller of our requirements. |
| Endorsement has been voided. | Acceptable, provided that an authorized signatory of the endorsing institution has initialed the "voided" endorsement.<br><br>When voiding errors on endorsements, be certain that only the erroneous endorsement is marked through or marked "void"; otherwise, it may appear that the entire Note is voided. |

## Assignments

You must receive an original assignment of the Security Instrument that has been recorded from the original mortgagee on the Security Instrument to the Seller or, if there is a concurrent Transfer of Servicing, to the Servicer (NOT to Freddie Mac). An officer of the transferring institution must sign the assignment, and the assignment must contain the officer's name and title.

You must verify that there is no break in the assignment chain. Assignments of the Security Instrument must begin with the original mortgagee (the payee on the Note) and continue unbroken to the Seller, or to the Servicer, if there is a concurrent TOS, or to MERS.

- You must hold all assignments with their related Notes, unless the Mortgage is registered with MERS, and/or
- Servicer has provided you with documentation indicating that it will hold all assignments for Freddie Mac-owned Notes in its Mortgage files. See Guide Section 47.3.

 **We do not accept assignments to "blank".** Assignments must include the legal name of the entity to which the beneficial interest is being assigned, in most instances, the Servicer.

The following chart identifies different assignment issues and the conditions for Freddie Mac acceptance.

# Document Delivery and Processing Procedures

## Certification

If Freddie Mac purchases a Mortgage originated with a NY CEMA, the delivery must include a new original Consolidated Note, together with the NY CEMA with applicable Exhibits and all assignments. **The following documents must be present for certification of a NY CEMA Mortgage:**

- In connection with a current financing evidenced by a NY CEMA, Form 3172 1/01 and Form 3172 1/01 (rev. 5/01), the Borrower must execute a new original Note, referred to as the Consolidated Note, that consolidates, extends and modifies the Original Old Money Note and the Original New Money (Gap) Note, if any. A Consolidated Note was not required with NY CEMA Form 3172 7/86, although one may have been executed.

- If a Seller delivers a NY CEMA Mortgage that refinanced a NY CEMA Mortgage previously owned by Freddie Mac, you may receive for certification the Note and assignments that you released along with a new original Consolidated Note, a new NY CEMA and a new assignment. The new NY CEMA Mortgage will have a new Freddie Mac loan number, and you must track it using this new number.

 The NY CEMA, Form 3172, is a Fannie Mae/Freddie Mac Uniform Instrument, and may be used for Mortgaged Premises located in New York only.

See Guide Sections 6.8.1 and 16.8(a) for further information on documentation required to certify NY CEMA Mortgages for Freddie Mac.

If the recorder's office has not returned the recorded NY CEMA in time for it to be delivered for certification, the Seller must deliver a copy of the document (or the NY CEMA) sent for recordation, certified by a corporate officer of the Seller as a true and complete copy. If the original recorded NY CEMA is returned by the recording office, the Servicer must forward it to you for maintenance in the Note file.

## Assignments

If the Seller delivering the NY CEMA is not named in the prior mortgages listed in the NY CEMA, you should receive a recorded Intervening Assignment for each change in mortgage ownership. (Refer to "MERS Registered Mortgages" below in this chapter for information on assignments for those Mortgages.)

# MERS-Registered Mortgages

MERS is the Mortgage Electronic Registry System, Inc., a database that is accessible on-line and contains real property and ownership information commonly found in closing documents, public land records, and Mortgage assignments. Mortgages registered with MERS appear in the public land records with MERS as the Mortgagee of Record.

## Document Delivery and Processing Procedures

Freddie Mac purchases MERS-registered Mortgages closed with MERS as the Original Mortgagee of Record, as well as those closed with MERS as the assignee. All MERS-registered Mortgages are subject to the same representations and warranties as the other mortgages that we purchase.

Each MERS-registered Mortgage must have either a recorded assignment to MERS or be closed on a security instrument that names MERS as the nominee. The Seller must include the MIN (the 18-digit Mortgage Identification Number assigned to each Mortgage registered with MERS); it remains with the Mortgage throughout its term. Document Custodians are not required to verify the MIN.

If the Mortgage was closed with MERS as the original mortgagee (a MOM loan), the Seller must inform you that the Mortgage was closed on a security instrument that names MERS as the Mortgagee of Record and transmit the MIN with the delivery data. The Servicer may elect to hold the assignments for MERS-registered Mortgages; in this case, the Servicer certifies the MERS assignment chain.

If you have general questions about MERS or MERS-registered mortgages, please contact the MERS corporate offices. Information for how to contact MERS is available on the MERS website: http://www.mersinc.org/about-us/contact-us.

 For Mortgages registered with MERS after sale to Freddie Mac, the Servicer will inform MERS that we are the investor and give MERS the Freddie Mac loan number; MERS will then notify Freddie Mac. You and the Servicer must agree as to how the Servicer will notify you of the change in status of these mortgages.