Dennis Obduskey
132 Wagon Tongue Road
Bailey, CO 80421
December 2, 2011


Marissa Willey
Executive Mortgage Specialist
Wells Fargo Home Mortgage
MAC X2302-02J
1 Home Campus
Des Moines, IA 50328-0001

VIA FAX: 877-568-0504

Re: 0205097843

Dear Marissa,

It's been a pleasure speaking with you and I've appreciated your assistance. I wanted to pass on a couple of items:

1) This letter serves as a "memo of acknowledgement" that when you and I spoke on the phone this Monday, 11/28/11, that it was, to the best of your knowledge, the first time I had been advised, either verbally or in writing, that in order to modify my home loan, Wells Fargo requires that existing liens -- filed within the past year -- be cleared (i.e. paid or settled).

2) We discussed that even when an entry in my NACA file (note copied below), asking me to sign documents "attachments" which were not attached and eventually received by me via a co-worker (as they had been faxed to the wrong number) about 11/15/11, that the reason for the necessity of those documents was lacking and not clarified until our discussion 11/28/11. Prior to that, I had no awareness that liens were a possible issue and any need related to them was never disclosed. In fact, the "Servicer" representing Wells Fargo Home Mortgage in the NACA system only noted that the documents needed to be completed; saying nothing about the content of the blank document I was asked to sign, even at that point.

| Date | Type | Comment |
|---|---|---|
| 10/26/11 | Servicer | please see the 2 attachments to be completed by you. the documentation references First American, which is the title company that Wells Fargo utilizes during its modification process. please return these documents as soon as possible. we will be unable to complete your modification process without these documents. The Non-Identity Affidavit provides clarification on liens or judgements that may appear incorrectly on the property report but do not actually belong to the borrower. the Statement of Information verifies the borrower is indeed our borrower and not a person with the same name. thank you |

3) This new requirement, you read, came from the July 6, 2011 "Important Information about your HAMP trial period" offer document which included the statement "before your loan can be modified, you will need to successfully complete the trial period plan by making all trial payments on the dates they're due and meeting all other requirements." We discussed that while I can appreciate the lien concern and will work toward clearing them although I'm not sure of how quickly that will be possible, you also appreciated that bringing up this "requirement" nearly two months after I completed my part of the agreement by completing all three trial payments it was understandable I would be unhappy learning about it at this point in time; had the requirement been disclosed prior to my accepting and completing my portion of the agreement would have been a different issue.

4) We also discussed that you are involved in dealing with the Qualified Written Request filed via NACA in June, and that I could ignore the following entry in my NACA file. I have also received correspondence from you suggesting you hope to have complete documentation cleared up by December 8, 2011 (and sent to me and to NACA, as I've requested):

EXHIBIT - 15

Marissa Willey
December 2, 2011
Page 2

| 11/15/11 | Servicer | If you would like to receive the documents you have requested in your QWR letter you will need to contact our customer service department at 1-800-416-1472. Thank you |

If you disagree with any of the items noted above, please let me know, either by mail to my home address, fax to 303-312-0709, or email to denniso@airbiz.net; however I feel that you have been extremely helpful and accept that the information I have noted above is correct.

Now, I am bothered by the following entry posted in my NACA file this Wednesday, 11/30/11. As has been typical, there is limited information and no name to attach to the item for accountability. I can say, though, that I don't believe the idea of "re-applying" without some sort of guarantee is fair or appropriate. Additionally, my understanding is that you are my single point of contact. I am going to add a request to my NACA file that any individual making an entry into NACA on Wells Fargo's behalf include their name and contact information as well.

| 11/30/11 | Servicer | Dear Mortgagor if you can not clear up the judgements and leins on property I will need to close the loss mitigation work station with NACA and you will have to reapply once you have cleared up all title issues and show receipt of so. Thank you |

Since you have told me you haven't the ability to see the entries or information contained in the NACA file, I'm also including as an attachment, a letter I entered into that system on July 5, 2011 concerning continuing errors made on behalf of Wells Fargo. I received a loan modification offer the following day. I've also included reference to the 2009 filings I made with the Federal Trade Commission in making recommendations for how to improve the system and sharing all of the problems I'd had to that point.

Note that when attending the Home Preservation Workshop sponsored by Wells Fargo in June in Denver, that I included these letters and extensive documentation in hopes of providing a learning tool to see what, exactly, homeowners have been dealing with. I discussed the information with several people at the event and requested that it be shared with management. I was told that the information was greatly appreciated.

Other notes of interest:

| Date | Type | Comment |
|---|---|---|
| 10/26/11 | Member | As you will note in many prior communications, I accepted a proposal and have since made my agreed-to 3 trial payments. All were made on time. I expected to see, as agreed, modified loan documents sometime this month. I note that on June 15, 2011, through NACA I filed a Qualified Written Request which should've allowed both myself and WFHM to verify information. That has not been received and I should also still receive a copy. I am re-emailing a number of documents to my file with a cc: to your legal counsel. Included is a 2011-1007 Mortgage Statement with questionable data. Rather than dismissing the Rule 120 hearing as expected, it has been put in suspense an additional 30 days. I was advised in August via NACA that the sale date had been canceled and a forbearance plan approved. I have yet to receive documents to sign. Fax any items to me at 303-312-0709 as needed, or overnight. |
| 08/18/11 | Servicer | Next pymnt is due on 09/01/2011, brwr did make 8/1/11 pymnt |
| 08/12/11 | Servicer | SALE DATE CANCELLED FORBEARNCE PLAN APPROVED. |

Thank you again for your help!

Sincerely,

*[signature]*

Dennis K Obduskey

Enclosures