**Dennis Obduskey**
**132 Wagon Tongue Road**
**Bailey, CO 80421**
**(303) 816-1616**

**Colorado State Senate Judiciary Committee**
**5/4/2012**

I started working with the servicer of my mortgage at the end of 2008 -- three months before the federal Home Affordable Modification Program came into effect. That program, I believe, is scheduled to expire at the end of this year and I wonder if I will have succeeded with a modification before the end of the program.

I find it hard to believe that for a business to do the right thing requires intervention by the state legislature, but given my own experiences over the last 3 ½ years, I can tell you it's not only necessary -- it's way past due.

This is only the second home I have purchased in my life, living 14 years in a small brick home near Sloan Lake before taking the equity in that and moving to 3 1/3rd acres and an 1,800 square-foot house near Bailey in 1998.

I refinanced in May of 2007, taking a high interest rate 6.75% loan with the intent of improving my credit score by paying down all of my unsecured debt and refinancing a couple of years later. I did get my score up to 800 before the economy faltered; I helped a couple of other friends with their living arrangements along the way and still have an uninsured and underemployed friend now living with me.

With the economic downturn, a portion of my income dropped and I was forced to again dip into my unsecured accounts and began to run into trouble at the end of 2008. Note that my mortgage had been funded by First Magnus, a company that filed for bankruptcy only a few months after funding my loan. I never knew who the "investor" was.

Wells Fargo became my loan servicer and in December of that year, unsolicited by me, they offered to modify my mortgage. That was a new term to me -- a modification -- and I naively thought that the offer they made -- and that I accepted --was to help me. They sent agreements to reduce the interest rate a full 2 percent, add the couple of months of unpaid interest back to the principal, and extend the term of the loan.

I had authorized Wells to automatically take my new mortgage payment from my checking account in March and I didn't think twice about it.

After the payments weren't coming out, I began making phone calls. A representative in collections said it appeared there was a problem and maybe a second set of modification documents were being processed. She would get back to me, but she never did and never returned additional calls.

I'd been told to not make any more payments (yes, really), and that the principal was being rolled into a new modification.

Weeks passed and I finally tracked down a woman in their Ft Mill Loss Mitigation department who obviously had experience and could tell that others in the company had been doing some things incorrectly. She was so helpful that I tracked down the name of her supervisor and sent him a fax commending her efforts.

In response to other complaints I have filed since, I only learned earlier this year that because I didn't return a second set of documents (that I never received but asked for repeatedly), that they decided the second offer was "null and void," and that the first offer they sent me was incorrect and replaced by the second offer.

I was told I would have to apply now for a HAMP loan modification. Details of the program were announced in March and the company appeared stalling to see what benefit it might get by participating.

EXHIBIT - 28

The first HAMP application was drawn up quickly and denied just as fast.  On the Wednesday of Memorial Day week that year, I received a phone call that I needed to send additional detailed financial documentation.  No time line was mentioned, but I faxed them back a week later.

It was only after I called to confirm all was well a few days after sending the requested items that that I learned that HAMP 1 was denied on May 29, "for failure to return documents requested."  That was less than 48 hours from when they first called to request them.

In a rush to move on, I received two letters dated June 5 – telling me to contact their short sale department and a second telling me that they had turned my loan over to their foreclosure attorneys.

I was livid, and I expressed my "disappointment" to all I spoke with.  The lady in the short sale department had even told me such problems "weren't uncommon."

On to HAMP 2.

On June 25, 2009, I received a "you did it" letter, congratulating me on entering into a HAMP modification plan.  My first $1,605 trial payment was made July 27.

Trial payments 2 and 3 were made after which I received a new letter in October saying "I had been pre-qualified" for a loan modification program.  The letter mentioned a firm they had hired to facilitate communications called Titanium Solutions.  I thought that odd, given I had been communicating with Wells Fargo, and given they had approved a modification and had been taking trial payments, but on November 3, the representative arranged a conference call in which Wells verified to us all that they had all documentation they needed.

That same day, they took a 4th "trial payment."  On December 3, a 5th.

You all know the trial payment programs are supposed to last only 3 months, right?

December 9 I received the same letter I had received in October saying "I had been pre-qualified" for a loan modification program.

On January 4, 2010, I was visiting my friend in New Mexico.  I received a call asking me to produce new documents.  I advised the caller I was out of town but we agreed that I would get the requested items to them by January 15.  I later verified that note was in their system.

In spite of that, I later received a letter dated January 5, 2010, saying my modification had been denied "because you did not provide us with all of the information needed within the time frame required per your trial modification workout plan."  That same day, January 5, the bank took a 6th $1,605 "trial payment" from my checking account.

Back home, I received a call from a gentleman in "late stage collections" on January 13 who told me of the January 5 denial.  He read the notes about my January 15 agreement, said he would do what he could to move the mod back to HAMP.

In speaking with another representative two weeks later, who earlier had identified herself as my "single point of contact," I learned she was also in late stage collections.  She told me that my HAMP 2 modification was **actually denied "a couple months ago," but that it was Wells Fargo policy NOT to advise when a HAMP loan was denied** but rather to forward it to her department.  She was working on a new modification "only a couple hundred dollars a month more" than my current one, she said.

On January 29, 2010, attorneys for Wells Fargo filed a motion for sale and Rule 120 hearing in Park County District Court.

I received a letter dated February 1, saying my modification had been denied "because the investor on your mortgage has declined the request."

A week later I received another "you did it" letter for a new modification program, HAMP 3.

But in spite of assurances that because I was working on a modification they would halt foreclosure activity, I filed my own Rule 120 response on the due date in February. I knew not filing would surely lead to a default judgment and I wanted to preserve my rights. A hearing was still set for the following week and I spent $3,000 to retain an attorney to represent me at the hearing.

No one from Wells Fargo attended, but instead filed a motion to put the case in suspense for 90 days because I was working on a modification.

I received a March 1 letter about HAMP 3 and my 1st trial payment under that plan of $1,153 was paid that same day. Trial payments were taken April and May.

It became July, and the law firm kept the Rule 120 hearing in suspense as I was working with loss mitigation. I received a letter of denial in September **"because you are current on your mortgage loan and after reviewing the financial information you provided us we have determined that you are not at risk of default."**

Another denial letter sent two weeks later said the modification was denied because "you did not provide us with all the information needed....."

Two days before Christmas, attorneys for Wells Fargo requested the Rule 120 case dismissed "without prejudice."

In March 2011, I received a letter from the Wells Fargo law firm saying they were sending this letter on behalf of Wells Fargo Bank, NA, **THE CURRENT HOLDER OF YOUR NOTE**, currently serviced by Wells Fargo Home Mortgage. Their records indicate your loan is in default. Remember, under Colorado law, that's all that's required to foreclose – an attorney saying there is evidence of debt. This letter said Wells Fargo held the note.

I had been working with NACA, the Neighborhood Assistance Corporation of America, as my HUD-approved agency required under HAMP, and I wouldn't have gotten as far as I have without them.

Last June they conducted a multi-day "Save the Dream event" at the Denver Convention Center. I spent four hours going over all new documentation with NACA representatives, returning the following day and meeting from 2 to 6pm with a single Wells Fargo representative who advised me that Freddie Mac, not Wells Fargo, was the investor and that she would push off a new proposal once she obtained some additional internal information.

**But in a letter dated the same day I met with the Wells rep at the Save the Dream event, I received a new denial "Because your loan was previously modified under the Home Affordable Mortgage Program."**

On June 24 the Wells Fargo law firm filed a motion for sale and Rule 120 hearing.

Two weeks later, I received Approval and a letter saying "Congratulations! By entering into a Home Affordable Modification Trial Period Plan you have taken the first step toward making your payment more affordable."

OK. Maybe I was a little slow but given my experiences I didn't particularly trust this round.

Wells Fargo was doing a HOME PRESERVATION WORKSHOP in Denver on July 12. I made an appointment and attended. I spoke to three different people who assured me that "ALL I WOULD HAVE TO DO" was make the new three trial payments, and my modification would be approved. Period.

I felt good about the event and gave it positive reviews upon checking out. That didn't mean I wouldn't file a response to the Rule 120 hearing and I did so two days later to preserve my rights and avoid a default judgment which would surely allow a sale to proceed.

Again, the case was put into suspense at the request of Castle Stawiarski.

I made my three trial payments, on August 1, September 1 and October 1 of $1,646 each. I included a note with the final payment reminding them that I expected to see modified loan documents as promised.

But you guessed it. On October 26 via the NACA web site, Wells Fargo said they would like to fill out a "non-identity affidavit," and "Statement of Information."

As all of this had drawn on and on, a couple of liens had been filed against my house. I knew about them, but wasn't concerned because of what I had previously been told and knew I'd be able to work them out.

It was November 29, two months after I made my third trial payment, 12th overall, toward HAMP 4, when I was told "Well, it's in the fine print. "Other items as required." I received a December 15 denial letter saying they wouldn't proceed because of the liens., even though I hadn't been told about the issue – which I could've worked harder to clear up since the July approval.

I again hired a new attorney at that point, who now has the power of attorney to negotiate on my behalf with Wells Fargo. He also suggested in a fairly terse letter to Wells that Breach of Contract wasn't out of the question.

Don't be misled by media coverage that things are getting better.

In January I received a letter from a new "single point of contact," asking me to call him. I did, only I left a message. A week later I received a letter thanking me for taking the time to speak with him, "especially when we were unable to reach a mutual agreement regarding the options available to assist you."

On February 27 I filed a complaint with the Consumer Financial Protection Bureau. Three weeks later, a Wells Fargo representative replied via the CFPB file, "Closed. Customer was unavailable for consultation. See attached resolution letter." (There was no letter attached to the file, and no-one had called or left a message to speak with me). Within 15 minutes of reading the reply, I filed an appeal saying the response was unacceptable. A review is pending.

March 26, a paralegal at Castle Stawiarski apparently missed putting a note on their calendar. My rule 120 hearing was dismissed by the district court for "failure to prosecute."

At the end of last month, with my help, my attorney filed a complete new set of documents seeking a modification. We have not received any replies.

Yesterday, via an email from a state representative, I learned Wells Fargo was having another HOME PRESERVATION WORKSHOP on May 10 in Denver. I have signed up to attend.

**Dennis Odduskey --- Mortgage Modification and related Timeline --- Colorado State Senate Judiciary Committee --- May 4, 2012**

| Date | Source | Description |
|---|---|---|
| 10/1/2008 | Me | I began to fall behind in mortgage payments |
| 12/1/2008 | From Wells Fargo | Collections Department letter noting to speak with them prior to sending funds |
| 12/16/2008 | From Wells Fargo | Letter advising me to call prior to 12/31/08 for possible assistance (I did) |
| 12/22/2008 | From Wells Fargo | Letter advising me to call and see if I may qualify under a new federal program |
| 12/31/2008 | From Wells Fargo | Letter saing they are in the process of reviewing my request and will advise me of status within 30 days |
| 1/9/2009 | From Wells Fargo | APPROVAL: Letter stating "formal approval of a loan modification" and included reduced interest rate, extending term, capitalized past due interest, multiple documents for me to sign and return with 1st payment to come from my checking account 3/1/09 (I completed and returned forms that month, as requested.) |
| 2/15/2009 | From Wells Fargo | Received unexplained "Loan Modification Transmittal Form" Single Page -- assumed it was in error. |
| 3/1/2009 | Me | Noted that no payment had been taken from checking account |
| 3/4/2009 | HUD | HAMP program details announced |
| 3/15/2009 | Me | Began during March to find explanation from contact person I had spoken with. By end of March found experienced person in Ft Mill office named Betty who determined errors made on their end and possible two different modifications |
| 4/3/2009 | Me | I inquired via web email how to send letter of commendation to supervisor of department for help received from Betty in Ft. Mill |
| 5/5/2009 | Me | Sent fax of commendation to Betty's supervisor after having been advised that things were on track and OK to not make current payment |
| 5/18/2009 | From Wells Fargo | NULL AND VOID: In letter sent January 3, 2012 in response to my qualified written request, an "Executive Mortgage Specialist, Office of the President" wrote that they had determined on 5/18/2009 that there were two modification efforts being worked on, that the one dated 1/9/2009 was invalid but one dated 1/12/09 (which I never received and had asked to receive more than once) was valid. In that letter is said because I hadn't returned the "new" agreement (which I never received) "the offer was deemed null and void as of May 18,2009 and your loan was placed back into retention review." |
| 5/18/2009* | Me | * (Appx date) After working with, then others in Loss Mitigation, I had been advised that I now needed to apply for HAMP program. I sent more documents. |
| 5/27/2009 | From Wells Fargo | WF requested additional detailed financial documents via phone call; no discussion of timeline but were sent June 5 (the following week) |
| 5/29/2009 | From Wells Fargo | DENIAL: WF letter saying modification had been DENIED "as you have not sent the information we have requested of you" (see 5/27 above) |
| 6/5/2009 | From Wells Fargo | Letter saying I may be eligible for Short Sale |
| 6/5/2009 | From Wells Fargo | Letter saying loan had been referred to Castle Meinhold & Stawiarski (Foreclosure Attorneys) and to contact a borrower counseling representative there. |
| 6/9/2009 | From Wells Fargo | Letter saying "from this date forward, we will only accept the total ammount to satisfy all outstanding payments due, plus fees. Any monies received that are less than the total amount will be returned" |
| 6/25/2009 | From Wells Fargo | APPROVAL: Letter saying "you did it" entry into HAMP Modification plan; agreement to meet with HUD approved counseling agency (I eventually met with NACA) |
| 7/25/2009 | From Wells Fargo | Letter outlining trial payment plan |
| 7/27/2005 | Me | 1st Trial Payment $1605.26 |
| 7/30/2009 | Me to FTC | I file public comments on Federal Trade Commission site regarding mortgage servicers |
| 9/2/2009 | Me | 2nd Trial Payment $1605.26 |
| 10/2/2009 | Me | 3rd Trial Payment $1605.26 |
| 10/28/2009 | From Wells Fargo | PRE-APPROVAL: Letter saying "Based on my request..." I have been Pre-qualified for a loan modification program. Mentioned Titanium Solutions. |
| 11/3/2009 | Me | TITANIUM SOLUTIONS CONFERENCE CALL - Company hired by Wells Fargo to facilitate communication. Representative arranged conference call in which Wells Fargo verified that they had all required documentation for modification. |
| 11/3/2009 | Me | 4th Trial Payment $1605.26 |
| 12/3/2009 | Me | 5th Trial Payment $1605.26 |
| 12/9/2009 | From Wells Fargo | PRE-APPROVAL: Letter saying "Based on my request..." I have been Pre-qualified for a loan modification program. Mentioned Titanium Solutions. (Same letter as 10/28/2009) |
| 1/4/2010 | From Wells Fargo | Received call asking for new updated documents; I was out of town but agreed to have docs in by Jan 15, as reflected in their system notes |

| Date | Party | Description |
|---|---|---|
| 1/5/2010 | From Wells Fargo | DENIAL: WF letter saying modification had been DENIED. "Unfortunately, after carefully reviewing the information you've provided, we are unable to adjust the terms of your mortgage. This decision was made because you did not provide us with all of the information needed within the time frame required per your trial modification. For that reason, you have not been approved for a mortgage modification." (Note: Dated same day as 6th "Trial Payment") |
| 1/5/2010 | Me | 6th Trial Payment $1605.26 |
| 1/13/2010 | From Wells Fargo | DENIAL: In call from Carl Carrico in Late State Collections advising me HAMP denied 1/5 for lack of a response |
| 1/28/2010 | From Wells Fargo | Lisa in late stage collections advised me my HAMP loan had been denied "a couple months ago." Said it was Wells Fargo policy to NOT advise customers when their HAMP loan was denied but, rather, to forward the loan to Late Stage Collections. She was working on a new modification that would cost "only a couple hundred dollars more" than what I had been paying -- note they continued to take trial payments through 1/5/10 and sent denial letter the same day as final "trial" payment.  She was unable to account for $9,631.56 in "Mortgage Payments" per my checking statement, but transferred me to another person who determined then that $400 went to attorney fees, $150 clerk costs, $1600 to "corporate costs" and $3,509 "pending." |
| 1/29/2010 | Legal | Castle Meinhold & Stawiarski motion for sale and Rule 120 Hearing 2010CV32 |
| 2/1/2010 | From Wells Fargo | DENIAL: Letter saying they were "unable to adjust the terms of your mortgage. Your loan modification required approval from the investor," and "the investor on your mortgage has declined the request." Letter recommends a short sale or deed in lieu, transferring ownership "of your home to Wells Fargo Home Mortgage." |
| 2/8/2010 | From Wells Fargo | APPROVAL: WF Letter saying "You did it!  By entering into a Home Affordable Modification Trial Period Plan you have taken the first step toward making your payment more affordable. We want to remind you that when you signed your Trial Period Plan, you agreed to work with a HUD-approved counseling agency...." |
| 2/17/2010 | Legal | I filed Rule 120 response to preserve my rights; then hired attorney ($3,000) to represent me at hearing. I had earlier been assured that since they were working on modification, they would cease foreclosure activity. |
| 2/21/2010 | Legal | My counsel filed hearing brief and we attended District Court the following Monday. No one representing Wells Fargo was in Fairplay on the hearing date. |
| 2/23/2010 | Legal | Castle Meinhold & Stawiarski motion filed to place case in suspense for 90 days |
| 3/1/2010 | From Wells Fargo | APPROVAL: HAMP Trial Plan letter noting payments for 3/1/10, 4/1/10, 5/1/10 |
| 3/1/2010 | Me | 7th Trial Payment $1152.63 (1st of 2nd HAMP approved plan) |
| 4/1/2010 | Me | 8th Trial Payment $1152.63 (2nd of 2nd HAMP approved plan) |
| 5/1/2010 | Me | 9th Trial Payment $1152.63 (3rd of 2nd HAMP approved plan) |
| 7/13/2010 | Legal | Castle Meinhold & Stawiarski motion to retain in suspense for 60 days as working with loss mitigation.  In the event the Respondent complies with the terms of the loss mitigation, Petitioner will dismiss the within action. |
| 9/13/2010 | From Wells Fargo | DENIAL: WF letter saying modification had been DENIED. "Unfortunately, after carefully reviewing the information you've provided, we are unable to adjust the terms of your mortgage.  This decision was made because you are current on your mortgage loan and after reviewing the financial information you provided us we have determined that you are not at risk of default." |
| 9/27/2010 | From Wells Fargo | Note in NACA file from Wells Fargo that "Borrower has not sent requested information" |
| 9/27/2010 | From Wells Fargo | Letter saying modification DENIED "unfortunately, after carefully reviewing the information you've provided, we are unable to adjust the terms of your mortgage. This decision was made because you did not provide us with all of the information needed within the time frame required per your trial modification workout plan." |
| 12/23/2010 | Legal | Rule 120 hearing dismissed without prejudice at request of Castle Meinhold & Stawiarski |
| 3/25/2011 | Legal | Letter from Castle Stawiarski saying "we are sending this letter to you on behalf of Wells Fargo Bank N.A., "THE CURRENT HOLDER OF YOUR NOTE," currently serviced by Wells Fargo Home Mortgage. Their records indicate your loan is in default. |
| 6/12/2011 | Me | I meet with NACA representatives and Wells Fargo representatives at multi-day "SAVE THE DREAM" NACA-sponsored event at Denver Convention Center.  3-4 hours |
| 6/13/2011 | Me | I meet with Wells Fargo representatives from 2-6pm at SAVE THE DREAM event.  Representative documents all is in order, but FREDDIE MAC loan and they had left for the day.  She will push out updated documents within a couple of days. |
| 6/13/2011 | From Wells Fargo | DENIAL. "Unfortunately, after carefully reviewing the information you've provided, we are unable to adjust the terms of your mortgage through the Home Affordable Modification Program because your loan was previously modified under the Home Affordable Modification Program.  The program does not allow more than one modification." |
| 6/15/2011 | To WF via NACA | Qualified Written Request seeking numerous details related to documentation.  Template form received from NACA at SAVE THE DREAM event. |

| Date | Party | Description |
| --- | --- | --- |
| 6/24/2011 | Legal | Castle Stawiarski motion for sale and Rule 120 Hearing 2011-CV163 |
| 7/6/2011 | From Wells Fargo | APPROVAL: Congratulations!  By entering into a Home Affordable Modification Trial Period Plan you have taken the first step toward making your payment more affordable. |
| 7/12/2011 | Wells Fargo | Home Preservation "Workshop 1-day workshop sponsored by Wells Fargo at hotel near Denver Airport.  I verified with three different people that I had done everything correctly and that my modification was approved, and that all I needed to do was make the three trial payments on-time and would receive a modification. |
| 7/14/2011 | Legal | I filed Rule 120 response to preserve my rights |
| 7/15/2011 | Legal | Castle Stawiarski motion to place in suspense |
| 7/17/2011 | Legal | Rule 120 hearing Date (postponed as requested by Castle Stawiarski) |
| 8/1/2011 | Me | 10th Trial Payment.  $1,645.53 (1st of 3rd approved plan) |
| 9/1/2011 | Me | 11th Trial Payment.  $1,645.53 (2nd of 3rd approved plan) |
| 10/1/2011 | Me | 12th Trial Payment.  $1,645.53 (3rd of 3rd approved plan) |
| 10/13/2011 | Legal | Castle Stawiarski motion to retain in suspense |
| 10/26/2011 | From Wells Fargo | Via NACA web site, requested "Non-identity affidavit" and "statement of information" be filled out. |
| 11/7/2011 | HUD et al | Complaint filed with HUD for lack of response to Qualified Written Request sent in June.  CCs to Colorado AG, NACA, Wells Fargo, both Colorado US Senators. |
| 11/22/2011 | Legal | Castle Stawiarski motion to retain in suspense |
| 11/29/2011 | Me | I verified with representative in Wells Fargo Home Mortgage Office of the President in a "memo of understanding" that I wrote, that 11/29/11 was first time I was told about liens needing removed. |
| 12/15/2011 | From Wells Fargo | DENIAL: There are additional liens on your property that prevent us from completing your request for mortgage assistance; Our records indicate that a foreclosure sale is scheduled within 10 days of the date listed at the top of this letter. |
| 12/31/2011* | From Wells Fargo | Multiple dates -- 400 pages across 3 FEDEX packages providing results of "research" from WFHM executive offices.  Many errors.  Many duplications.  Copies sent to Attorney and Sen. Udall's Pueblo office. |
| 1/12/2012 | From Wells Fargo | Letter SUBJECT: Introducing a New Home Preservation Specialist dedicated to helping you |
| 1/26/2012 | Me | After discussing with my attorney, called to speak with "new" specialist.  He was unavailable and I left a message. |
| 1/26/2012 | From Wells Fargo | Letter from Home Preservation Specialist saying, "Thank you for taking the time to speak with me today.  I realize this may be a difficult time for you, especially when we were unable to reach a mutual agreement regarding the options available to assist you with your current situation.  Our primary goal is helping you to continue to experience the pride of home ownership..."  I had never spoken to him. |
| 2/27/2012 | CFPB | Filed complaint with Consumer Financial Protection Bureau |
| 2/27/2012 | Me | Signed and returned to my attorney, who faxed to Wells Fargo -- signed power of attorney allowing him to handle modification |
| 3/2/2012 | From Wells Fargo | Letter refusing to accept power of attorney from my attorney because it wasn't notarized * resent on WF form a few days later |
| 3/3/2012 | From Wells Fargo | CFPB Response from Wells Fargo:  Closed.  "Customer was unavailable for consultation.  See attached resolution letter.  Jodi S. Perkins" (no letter attached / nor prior effort to contact me in writing or by phone. |
| 3/23/2012 | Me | Within 15 minutes of reading response, escalated CFPB complaint as response unacceptable and also not true. |
| 3/26/2012 | Legal | Rule 120 case dismissed for failure to prosecute (Castle Stawiarski paralegal apparently forgot to put on calendar and judge dismissed, without prejudice) |
| 3/29/2012 | Me | Sent (via my attorney) entire new package of financial information, tax returns, other documentation as requested. |
| 5/10/2012 | WF | Wells Fargo Home Preservation Workshop @ Denver Convention Center.  2pm Appointment. |