# Selected Correspondence, Communication and Document List

*This list does not purport to be complete but provides some basic documentation to support all claims*

| Date | From | To | Reference Response Section | Issues of Interest |
|---|---|---|---|---|
| 1/9/2009 | Wells Fargo Home Mortgage | Plaintiff | | Letter **confirming formal approval** of a loan modification/restructure of your mortgage loan. |
| 5/5/2009 | Plaintiff | Gene Gathings, Wells Fargo Loss Mitigation Supervisor | | Fax commending an employee of his after she seemed to determine why paperwork had not been received by plaintiff after modification had been approved and payments had not been taken from his checking account, as agreed. |
| 7/1/2009 | Castle Meinhold & Stawiarski, LLC | Plaintiff | | Letter from law firm representing Wells in Foreclosure #1 refers to itself as a debt collector. |
| 11/3/2009 | Plaintiff | Titanium Solutions and WFHM Conference Call | | Company hired by Wells to verify and assist in documentation for modifications, Titanium Solutions, undertook a conference call with plaintiff and WFHM and verified all documents needed had been received. ***This completion of documentation call seems to not appear in any responding paperwork supplied by Wells, though the fact they hired the firm was addressed in letters to plaintiff.*** |
| 1/5/2010 | Bud Windust, Senior VP, Wells Fargo Home Mort | Plaintiff | | Letter advising plaintiff modification was denied because "you did not supply us with all the information needed within the time frame per your trial modification period workout plan." ***(Note: Wells had earlier acknowledging in a phone call that plaintiff was out of town and would be OK to send documentation requested by January 15.  Instead, a 6th "trial payment" was taken from the plaintiffs checking account the same day denial letter was sent). A phone call to Wells upon learning of the denial acknowledged that reference to that agreement appeared in their electronic records.*** |
| 2/19/2010 | Plaintiff | Federal Trade Commission | | Plaintiff submitted public comments via the Internet FTC Matter No.: R911004: Mortgage Acts and Practices - Advance Notice of Proposed Rulemaking.  Documents recommended a "single point of contact" be created and detailed many communication issues and problems plaintiff was having with servicer Wells Fargo. |
| 12/2/2011 | Plaintiff | Marissa Willey, Exec Mort Specialist, Wells Fargo | | Memo of acknowledgement to memorialize that 11/28/11 was first time Wells Advised Plaintiff about need to clear liens prior to modification.  This was after the 3rd trial payment on the 3rd "approved" modification had been completed.  Advised her Plaintiff believed her to be current "single point of contact" and acknowledged she is still working on a reply to June QWR filed via NACA. |

EXHIBIT - 32

| | | | | |
|---|---|---|---|---|
| 12/9/2011 | Sara Dorngusch, Exec Mort Specialist, Wells Fargo | Plaintiff | | Responding on behalf of single point of contact Marissa Willey.  Advises "MERS continues to hold the mortgage lien on behalf of the beneficial note holder and servicer.  WFHM is still responsible for collecting payments and payoffs as servicer….There will be no other assignment."  ***Note:  Defendant filed an assignment 7 months earlier in Park County conveying ownership from MERS to Wells Fargo.  Though questionable issues relating to the assignment make it suspect (including that it appers to have been assigned by a Wells employee to Wells, it is still being relied on by Wells today.*** |
| 1/26/2012 | Forrest Nelson, Home Preservation Specialist, Wells Fargo | Plaintiff | | Letter thanking plaintiff for speaking to him and that we were unable to reach a mutual agreement regarding the options available to assist with your current situation."  ***Note: Plaintiff had left a voice message for Mr. Nelson.  They never spoke.*** |
| 5/4/2012 | Plaintiff | Colorado State Senate Judiciary Committee | | Written copy of testimony made by Plaintiff to the Colorado State Senate Judiciary Committee while seeking to support legislation changing select foreclosure statutes.  Testimony also includes <u>detailed</u> timeline if events which took place between 10/1/2008 and the date of testimony. |
| 1/18/2013 | Alan Velde, Exec Mort Specialist, Wells Fargo | Plaintiff Counsel Steven Hill | | Claims "our records indicate WFHM responded to issues detailed in the QWR on 12/10/2011"; cites  (unnamed) <u>specific information will not be provided without a subpoena</u>; claims Wells Fargo is servicer for Investor FHLMC and notes that FHLMC will more than likely refer you back to WFHM as servicer to answer questions about the mortgage loan or servicing.  Claims Credit reporting agencies will be advised "account information disputed by consumer" until Plaintiff notifies WFHM he no longer disputes the reporting.  Acknowledges Cease and desist for contacting Plaintiff.  References Independent Foreclosure Review and advises that IFR will determine financial injury ***(Notes: Alleged assignment had been made nearly two years earlier.  Failed to abide by credit bureau agreement; notes continued to be placed on door through beginning of this action. IFR was shut down in the weeks prior to letter).*** |
| 11/13/2013 | Toney Green, Wells Fargo | Plaintiff Counsel Steven Hill | | Email advising counsel for Plaintiff that notes left on door "is not something that Wells Fargo would send.  Please tell borrower to disregard that letter as it is not legit" |
| 7/16/2014 | Colorado Attorney General | Press Release | | Announcing Civil Filing against The Castle Law Group (Foreclosures 1,2,3)  for violations of CCPA, Colorado Antitrust Act and CFDCPA with included news article |
| 9/17/2014 | Toney Green, Wells Fargo | K Larson, McCarthy Holthus | | Email provided as improper validation as no account information included, however, note how monthly "property preservation" charges appear, while they do not appear in documentation supplied 6/30/2015 by Todd Good to the CFPB. |
| 6/22/2015 | Plaintiff | Consumer Financial Protectior Bureau | | Web complaint filed against Defendant McCarthy & Holthus, and Defendant Wells Fargo.  CFPB divided the single complaint, though the lack of validation prior to initiating further action was undertaken by McCarthy & Holthus, law firm representing Wells. |

| | | | | |
|---|---|---|---|---|
| 6/30/2015 | Todd Good, Exec Mort Specialist, Wells Fargo | Plaintiff Counsel Steven Hill | | Claims Wells Fargo Bank is the servicer of the loan for owner/assignee Freddie Mac.   Advises that Wells Fargo is required by the FDCPA, as loan servicer, as attempting to collect a debt.  Provided documentation saying there is **no Single Point of Contact**.  References only initiation of foreclosure on December 17, 2012 and states sale date scheduled September 16, 2015. / Includes attachment response to CFPB with undetailed charges, and without some charges supplied in prior "documentation." |
| 7/17/2015 | Plaintiff | Comptroller of the Currency | | Complaint mailed by plaintiff regarding Defendant Wells Improper Ownership Records, indorsements, assignments, multiple charges against loan,  notes on door, incomplete QWR responses, related CFBP |
| 8/27/2015 | Kristopher Peterson, Exec Mort Specialist, Wells Fargo | Plaintiff Counsel Steven Hill | | Letter sent to Counsel for Plaintiff, along with 750 pages.  Agreed some concerns were answered, but not all, related to CBPB.  Acknowledged QWR #1 "oversight" but still failed to answer on point-by-point, including ownership history.   Discusses "sale of loan on the secondary market is common practice," but nothing about this loan.  *Note: First time in any communication has Wells refered to 5/3/11 (questionable) Assignment of Deed of Trust assigning "all rights, title, and interest to the security instrument to US...."   References not receiving documents 1/5/10 (addressed above).* |
| 9/2/2015 | Wells Fargo Inspection Fee Settlement | Plaintiff | | Acknowledging a proposed class-action settlement "if you have or had a mortgage serviced by Wells Fargo and owe or Paid a Property Inspection Fee assessed during the Period August 1, 2004 through December 31, 2013, you may be entitled to cash from a class action settlement."  This appears related to charges for "property preservation," though notes left on clients door never said that, instead, urging Plaintiff to contact Wells Fargo immediately.  *Also note: this class action was through 12/31/2013, yet monthly notices continued to be placed on home up until date this suit was filed.* |
| | McCarthy & Holthus | Plaintiff | 2b | |