**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:15-cv-01734-RBJ

DENNIS OBDUSKEY, an individual,
    Plaintiff,
v.

WELLS FARGO, WELLS FARGO BANK,
et al
    Defendants.
_____

**REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**
_____

    As was true of his Complaint, Plaintiff's Response to the Motion to Dismiss of McCarthy & Holthus, LLP (the "Firm") paints with an overly broad brush to accuse all "Defendants" of taking actions that he acknowledges were never taken by the Firm. He complains of foreclosure filings made by other law firms long before the Firm is ever alleged to have become involved with Plaintiff's loan in August 2014. Plaintiff's allegations regarding prior foreclosure actions have nothing to do with the Firm, and Plaintiff admits as much. The only allegations appearing in Plaintiff's Complaint to bear any relation to the Firm are his contention that the Firm failed to respond to a request for validation of the debt, and that the Firm initiated a new foreclosure proceeding by filing a Notice of Election and Default in May 2015. But as is addressed below, Plaintiff's allegations are internally inconsistent. Even more fundamentally, Plaintiff's FDCPA cause of action fails because he does not allege facts demonstrating that the Firm fits within the statutory definition of a "debt collector." His remaining claims likewise fail.

I.    **The Fair Debt Collection Practices Act Claim Fails to State a Cause of Action.**

    Plaintiff responds to Defendant's Motion to Dismiss by stating that "Wells Fargo or contracted employees" left door hangers on Plaintiff's home urging him to contact Wells Fargo.

(Response at 4.) He contends that these communications violated both the FDCPA and C.R.S. § 12-14-105(b). (*Id.*) But Plaintiff *does not* allege that the Firm placed these door hangers on the property, instead specifically alleging that Wells Fargo did so. Accordingly, these allegations do not state a cause of action against the Firm.

Next, Plaintiff contends that the Firm failed to provide written validation of the debt. (Response at 4.) But at the same time, Plaintiff alleges that the Firm provided a written response that "lacked the basic information necessary within a validation response." (Compl. ¶ 24.) Plaintiff later goes on to allege that the Firm made an "unsuccessful debt validation effort" which included property preservation loan charges that Plaintiff believes Wells Fargo improperly added to his loan. (*See* Response at 6.) These inconsistencies in Plaintiff's allegations render the Complaint deficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (facts must be enough to state a claim for relief that is plausible to survive motion to dismiss). The Court cannot reach that inference based on Plaintiff's contradictory and ambiguous contentions.

Moreover, even if Plaintiff's Complaint were not contradictory and unclear, Plaintiff has failed to state a cause of action because he does not satisfy the threshold requirement by alleging facts demonstrating that the Firm is a debt collector. The FDCPA's provisions are only applicable to entities that fall within the statute's definition of a "debt collector," which is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Plaintiff states in conclusory fashion that the Firm "regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a 'debt collector' as defined by 15 U.S.C. § 1692a(6)." (Compl. pg. 12 ¶ 4.) But he provides no facts to support this conclusion. Without more, Plaintiff fails to state a cause of action.

Plaintiff's only attempt to demonstrate that the Firm is a debt collector under the FDCPA is by pointing out the Firm included a statement on correspondence that the Firm "may be considered a debt collector attempting to collect a debt…." But this statement does not transform the Firm into a debt collector. Courts have specifically held that including an advisement in a letter that "This is an attempt to collect a debt" does not automatically turn that correspondence into a debt collection letter that could give rise to liability under the FDCPA. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 931-32 (9th Cir. 2007); *Clark v. Green Tree Servicing LLC*, 69 F. Supp. 3d 1203, 1216 (D. Colo. 2014) (finding FDCPA disclaimer contained in a letter "on its own is not sufficient to trigger the protections of the FDCPA."). Instead, a defendant can only be held liable for violating the FDCPA if the plaintiff pleads and proves facts demonstrating the defendant fits within the statutory definition of a debt collector. *James v. Wadas*, 724 F.3d 1312, 1315-16 (10th Cir. 2013). Plaintiff alleges no such facts.

Finally, the Court should dismiss Plaintiff's FDCPA cause of action because the only action the Firm is alleged to have taken is the filing of a non-judicial foreclosure notice, which is not debt collection under the FDCPA. Plaintiff cites cases from outside this jurisdiction to conclude that non-judicial foreclosure is covered by the FDCPA, however this District – and a majority of other courts to address the question – has concluded otherwise. *Sudduth v. CitiMortgage*, 79 F. Supp. 3d 1193, 1198 (D. Colo. 2015); *Schwitzer v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 22094, at *13-14 (D. Colo. Feb. 19, 2013). *See also Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d 1188 (D. Or. 2002) (foreclosing deed of trust on real property is different than collecting obligation to pay money). Plaintiff does not allege the Firm has taken any action to obtain payment on a debt; instead, he alleges only that the Firm filed a Notice of Election and Demand with the Public Trustee to initiate a foreclosure.

## II.     Plaintiff Has Not Stated a Claim for Unfair and Deceptive Trade Practices.

Like his Complaint, Plaintiff's Response to the Motion to Dismiss contends that Castle Law Group attempted to collect improper fees through prior foreclosure actions that are not at issue here. (Response at 8.) Defendant is *not* Castle Law Group and Plaintiff does not identify any basis for holding Defendant liable for the actions of a wholly separate law firm hired by Wells Fargo before Wells Fargo hired the Firm. Likewise, Plaintiff's discussion of Wells Fargo's actions is misplaced. He implies that the Firm is somehow responsible for all of Wells Fargo's actions because the Firm "clearly represents Wells Fargo during the time in which some of the cited practices occurred," (Response at 9), but he cites absolutely no legal authority for holding a law firm vicariously liable for all actions taken by its client. Plaintiff argues at length about suffering "tremendous problems from Wells Fargo during the past 6 years" but identifies no such problems with the Firm. (Response at 10.) No claim has been pled against the Firm.

## III.    Plaintiff Cannot State a Defamation Claim against the Firm.

Rather than addressing the purported defamatory conduct of the Firm, Plaintiff's Response brief again focuses on purported conduct of other entities that occurred long before the Firm was retained by Wells Fargo to foreclose. A claim for defamation requires the publication of a false statement of a defamatory nature. *Burns v. McGraw-Hill Broadcasting Co.*, 659 F.2d 1351, 1359 (1983). The Firm is only alleged to have published a single Notice of Election and Demand (the "NED"), and Plaintiff does not allege any way that the NED was defamatory. Notably, Plaintiff never alleges that he was not in default on his loan when the Firm filed the NED in May 2015. Instead, the Complaint contends only that Plaintiff submitted 12 trial plan payments between 2008 and 2012. (Compl. pg. 3 ¶ 5.) Even assuming this to be true, more than 12 monthly payments would have come due during that time, and Plaintiff does not allege that he made any payments after 2012. The facts pleaded thus support an inference that Plaintiff was –

and is – in default on the loan. Plaintiff does not identify any way in which the NED was actually false. Likewise, Plaintiff contends that Defendant had knowledge that its statements were false because it knew loan modification negotiations were ongoing, however, the only alleged modification discussions occurred between 2008-2012, long before the Firm made any statements in 2015. (*See* Compl. pg. 3 ¶ 5.) Accordingly, the facts alleged do not support a defamation cause of action.

### IV. Plaintiff's Claim for Extreme and Outrageous Conduct Fails.

Plaintiff's Response brief makes no attempt to address his Extreme and Outrageous Conduct claim against the Firm. He continues to complain about the conduct of Wells Fargo and the fact that prior foreclosures were filed by other law firms. These allegations are neither directed to the Firm, nor do they demonstrate any extreme or outrageous conduct.

### V. Plaintiff Has Not Alleged Facts Showing Commencement of Unlawful Collection Activity.

As to the final cause of action for Unlawful Collection Activity, Plaintiff's Response brief is entirely off point. Plaintiff contends that Defendant attempts to apply a 15-year limitations period, even though no such argument was raised in Defendant's Motion to Dismiss. (*See* Response at 13.) Instead, Defendant argues that the 6-year statute of limitations was tolled during periods that Plaintiff was making trial plan payments between 2008-2012. (*See* Motion to Dismiss at 11-12); *Drake v. Tyner*, 914 P.2d 519 (Ct. App. 1996). Plaintiff fails to address this argument entirely. For the reasons discussed in the Motion to Dismiss, the Court should find the statute of limitations does not bar a foreclosure action, and on that basis dismiss Plaintiff's Unlawful Collection claim.

For these reasons, the Firm requests that this Court dismiss each of Plaintiff's claims with prejudice.

DATED: December 22, 2015.

                MCCARTHY & HOLTHUS, LLP

By: */s/ Holly R. Shilliday*
     Holly R. Shilliday, #24423
     7700 E. Arapahoe Road, Suite 230
     Centennial, Colorado 80112
     Telephone: (877)
     hshilliday@mccarthyholthus.com

     ***Attorneys for Defendant McCarthy & Holthus, LLP***

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 22nd day of December, 2015, a true and correct copy of the foregoing document was filed and served electronically through this Court's CM/ECF system or served via U.S. Mail, first class postage prepaid, upon the following:

Steven L. Hill, Esq.
RIGGS, ABNEY, NEAL, TURPEN,
ORBISON & LEWIS, P.C.
50 S. Steele St, Suite 600
Denver, Colorado 80209
Telephone: 303.298.7392
Fax: 303.298.7398
E-mail: shill@riggsabney.com

Christopher J.L. Diedrich
Snell 7 Wilmer L.L.P.
1200 17th Street, Suite 1900
Denver, Colorado 80202

              /s/ *Susan LeMoine*
              for McCarthy & Holthus, LLP

22531199