## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:  1:15-cv-01734-RBJ

DENNIS OBDUSKEY, an individual,

      Plaintiff,

v.

WELLS FARGO, WELLS FARGO BANK,
WELLS FARGO & CO., WELLS FARGO  BANK, N.A.,
WELLS FARGO HOME MORTGAGE, and
MCCARTHY AND HOLTHUS LLP,

      Defendant.

---

## WELLS FARGO BANK, N.A.'S REPLY SUPPORTING ITS MOTION TO DISMISS

---

Plaintiff's Response to Wells Fargo Bank, N.A.'s Motion to Dismiss fails to address the legal deficiencies in his Complaint, focusing instead on new facts and exhibits, none of which are part of the pleadings, and none of which cure the deficiencies besides.  The Court should dismiss the Complaint with prejudice under Rule 12(b)(6).

### LEGAL STANDARD

Federal courts apply *Twombly's* "plausibility" standard, which overruled the "no set of facts" standard.  *See Bell v. Twombly*, 550 U.S. 544, 560-63, 570 (2007). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In addition to relying on the wrong standard, Plaintiff continues to rely on matters outside the pleadings, ignoring this Court's warning after Plaintiff filed his second non-compliant response that Plaintiff "appears to misunderstand the nature of a motion to dismiss" and that "[i]t should not take a lengthy brief or a long list of exhibits to

develop" whether the complaint states a claim.[1]  [ECF 32.]  This Court need not and should not

consider documents attached to the Response.

## I.    PLAINTIFF'S FDCPA CLAIM FAILS.

Plaintiff misstates Wells Fargo's argument and ignores this Court's precedent, instead

citing non-binding authority in defense of his FDCPA claims.  Plaintiff offers no reason why this

Court should abandon its prior rulings that (a) a loan servicer like Wells Fargo is not a "debt

collector" under the FDCPA where the plaintiff defaults after the loan is transferred to the

servicer, and (b) non-judicial foreclosure is not a debt collection within the meaning of the

FDCPA.  *Schwitzer v. Wells Fargo Bank, N.A.*, No. 12-CV-01367-RBJ-MJW, 2013 WL 607832,

at * 5 (D. Colo. Feb. 19, 2013).

Likewise, Plaintiff still does not adequately plead his FDCPA claims or show how his

claims are timely.  The Response relies on a host of disjointed, nonsensical, unsupported

conclusory allegations, without citing to the Complaint (or even to the voluminous exhibits

attached to the Response).  [ECF 35 at 2–4.]  Even if these new factual allegations had been

pled—such as sharing account details, challenges to the validity of the note, etc.—they still

would not "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

## II.    PLAINTIFF'S CCPA CLAIM FAILS.

Wells Fargo's actions are not "deceptive" under the Colorado Consumer Protection Act.

Plaintiff does not link any conduct with the enumerated categories of "deceptive trade practice"

under C.R.S. § 6-1-105.  Wells Fargo repeatedly disclosed itself as the servicer of the loan, on

---

[1] The 33 exhibits attached to Plaintiff's third Response are identical to those attached to his second Response.  [ECF 27, 35.]  Likewise, 31 of the 33 exhibits appear to be identical to or excerpts from the 38 exhibits attached to Plaintiff's first Response.  [ECF 24, 35.]

behalf of the investor, Freddie Mac, and MERS as the beneficiary on behalf of the lender and its

successors and assigns.  [ECF 1 at Exs. 5, 12, 13, 14, 16, 20, 24, 27.]  Likewise, Plaintiff's claim

that Wells Fargo was "deceptive" with respect to loan modifications does not cure the fact that

such claims are barred by the Credit Agreement Statute of Frauds, which Plaintiff does not

address.  Nor does Plaintiff offer a plausible explanation—other than speculating and making

conclusory statements—for his allegations that fees imposed by Wells Fargo were done so in a

deceptive manner or that Wells Fargo's property inspection efforts were deceptive.

 To the extent Plaintiff now alleges the assignment of the loan documents was deceptive,

Plaintiff lacks standing.  *See Roe v. Aegis Wholesale Corp.*, No. 13-CV-03040-KMT, 2014 WL

4746721, \*7 (D. Colo. Sept. 24, 2014) (noting "ample case law holding that a borrower-plaintiff

lacks standing to challenge the validity of assignments of a promissory note because the plaintiff

is not a party" thereto) (citing cases).  Nor is Wells Fargo obligated under Colorado law to

produce the original note before proceeding with a non-judicial foreclosure.  *Fick v. US Bank

Nat. Ass'n*, No. 11-CV-03184-WYD-KLM, 2012 WL 5464592, \*5 (D. Colo. Sept. 10, 2012),

*adopted by* 2012 WL 5464614 (D. Colo. Nov. 8, 2012).  Plaintiff has not stated a plausible claim

that Wells Fargo engaged in deceptive practices as defined by the CCPA.

 Plaintiff's reliance on allegations by the Colorado Attorney General against the Castle

Law Firm does not help.  Plaintiff cites general allegations made by the Attorney General against

the law firm, nothing more.  Plaintiff does not specify what misconduct the law firm engaged in

that affected him.  Plaintiff's dependence on the Consent Order issued in an OCC proceeding

fails for the same reason.  The existence of these proceedings is not a substitute for Plaintiff's

obligation to plead a plausible claim for relief.  Nor do they satisfy the public impact requirement

for a CCPA claim. Plaintiff's claims are instead limited to *his* loan and *his* property. Plaintiff

has not, and cannot, state a plausible claim for relief under the CCPA.[2] *Iqbal*, 556 U.S. at 678.

## III.   PLAINTIFF'S DEFAMATION CLAIM FAILS

Plaintiff's defamation claim arising from false credit reporting is untimely, as he admits it

began to accrue on January 18, 2013. C.R.S. § 13-80-103(1)(a). Additionally, the statement on

the credit report—"Consumer disputes after resolution" [ECF 35 at Ex. 18]—is not false.

According to the allegations, Plaintiff (*i.e.,* the "consumer") does dispute how Wells Fargo

resolved the matter. Plaintiff also does not adequately address *how* the foreclosure notices are

false or *why* Wells Fargo lacks the right to foreclose. Plaintiff's allegations, in both the

Complaint and Response, are not well pled, and so Plaintiff does not state a plausible claim for

defamation. *Iqbal*, 556 U.S. at 678.

## IV.   PLAINTIFF'S EXTREME AND OUTRAGEOUS CONDUCT CLAIM FAILS

First, the 2 year statute of limitations bars any claim based on "extreme and outrageous"

conduct that occurred prior to August 12, 2013. C.R.S. § 13-80-102. Second, the conduct

described—requesting documentation and pursuing foreclosure actions—does not extend beyond

a lender exercising its contractual right to foreclose. As such, Wells Fargo's conduct is not

"extreme and outrageous." *See, e.g.*, *Mbaku v. Bank of Am., N.A.*, No. 12-CV-00190-PAB-

KLM, 2013 WL 425981, *8 (D. Colo. Feb. 1, 2013); *Hewitt v. Pitkin County Bank & Trust Co.*,

931 P.2d 456, 459 (Colo. App. 1995). Third, there is no factual basis to support Plaintiff's

theory that Wells Fargo did not identify the current note holder, Freddie Mac. [ECF 1 at Exs. 12-

---

[2] Plaintiff also fails to respond to Wells Fargo's argument that the three-year statute of
limitations bars his CCPA claim based on alleged conduct prior to August 12, 2012. *See* C.R.S.
§ 6-1-115.

14, 16, 20, 24, 27.]  Finally, the remainder of Plaintiff's Response is nothing more than

incoherent, conclusory statements and unsupported speculation.  *Twombly*, 550 U.S. at 555.

Plaintiff has not stated a plausible claim.  *Iqbal*, 556 U.S. at 678.

## V.      PLAINTIFF'S UNLAWFUL COLLECTIONS ACTION CLAIM FAILS

Wells Fargo is not suing to enforce a promissory note.  Rather, it is exercising its rights

under a deed of trust.  Thus, the 6 year general limitation to collect a debt (C.R.S. § 13-80-103.5)

is inapplicable, and the 15 year statute of limitation in C.R.S. § 38-39-205 to "foreclose the lien

of any mortgage or deed of trust" applies.  *Mortg. Invs. Corp. v. Battle Mountain Corp.*, 70 P.3d

1176, 1179 (Colo. 2003).  Regardless, Plaintiff's payments during the HAMP trial periods tolled

the statute of limitations until at least October 1, 2011.  *Drake v. Tyner*, 914 P.2d 519, 522 (Colo.

App. 1996).  Either way, Wells Fargo's foreclosure action is timely.[3]

## VI.     PLAINTIFF'S OTHER CLAIMS FAIL.

Any allegation that Wells Fargo violated the RESPA by not responding to the 2011 QWR

is untimely.  12 U.S.C. § 2614.  Further, Wells Fargo responded to Plaintiff's July 17, 2015

QWR, which is a matter of record.  [ECF 35 at Ex. 27.]  Regardless, Plaintiff still does not allege

any damages arising from this theory.  *See Henson v. Bank of Am.*, 935 F. Supp. 2d 1128, 1145–

46 (D. Colo. 2013).  The remainder of Plaintiff's accusations does not state a plausible claim for

relief. *Iqbal*, 556 U.S. at 678.

### CONCLUSION

Wells Fargo requests that this Court dismiss each of Plaintiff's claims with prejudice.

---

[3] Even under Plaintiff's incorrect theory, Wells Fargo timely initiated foreclosure proceedings in
May 2015 under Colorado's statutes governing non-judicial foreclosures.  Plaintiff does not
address this argument in his Response.

DATED: January 4, 2016.

                    SNELL & WILMER L.L.P.

             By:   *s/ Christopher J.L. Diedrich*
                  Christopher J.L. Diedrich
                  1200 17th Street, Suite 1900
                  Denver, Colorado 80202
                  Telephone:  (303) 634-2000
                  cdiedrich@swlaw.com

                  ***Attorneys for Defendant Wells Fargo Bank, N.A.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January, 2016, a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS** was filed and served electronically through this Court's CM/ECF system or served via U.S. Mail, first class postage prepaid, upon the following:

| | |
|---|---|
| Steven L. Hill, Esq. | Holly R. Shilliday, Esq. |
| RIGGS, ABNEY, NEAL, TURPEN, | McCarthy Holthus, LLP |
| ORBISON & LEWIS, P.C. | 7700 E. Arapahoe Road, Suite 230 |
| 50 S. Steele St, Suite 600 | Centennial, Colorado 80112 |
| Denver, Colorado 80209 | Telephone: 303.952.6905 |
| Telephone: 303.298.7392 | Fax: 866.894.7369 |
| Fax: 303.298.7398 | E-mail: hshilliday@mccarthyholthus.com |
| E-mail: shill@riggsabney.com | |

***Attorneys for Plaintiff***

                  /s/ *Pamela Thede*
                  for Snell & Wilmer L.L.P.

22936360