**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. **1:15-CV-1734**

**DENNIS OBDUSKEY, an individual**

    Plaintiff,

v.

**WELLS FARGO, WELLS FARGO BANK,
WELLS FARGO & CO., WELLS FARGO BANK NA,
WELLS FARGO HOME MORTGAGE, and
MCCARTHY AND HOLTHUS LLP**

    Defendants.

---

**MOTION FOR PRELIMINARY INJUNCTION AND
TEMPORARY RESTRAINING ORDER**

---

**COMES NOW**, Dennis Obduskey, ("Plaintiff"), by and through his attorney Steven L. Hill of Riggs, Abney, Neal, Turpen, Orbison & Lewis, P.C., and respectfully moves this Court to issue a Temporary Restraining Order and Preliminary Injunction requiring Defendants, Wells Fargo and McCarthy & Holthus, et al, (hereinafter "Defendants"), to cease foreclosure action on the property at 132 Wagon Tongue Road, Bailey, CO 80421 (hereinafter "Property").

This motion is instituted in accordance with and to remedy Defendants Deceptive trade practice violations, Defamation, Extreme and Outrageous Conduct thereby causing emotional distress, unlawful collections and violations of the Federal Fair Debt Collections Practices

1

Act, 15 U.S.C. Sections 1692 et seq. (hereinafter "FDCPA"), as well as its violations of related State law obligations. Plaintiff moves this court to prevent damages and to enjoin Defendants' unlawful conduct, as it affects all other consumers residing within the State of Colorado. In support of this motion, the Plaintiff states as follows:

## I. DEFENDANTS UNLAWFUL COLLECTION PRACTICES

1. Defendants allege that Foreclosures are governed by the specific 15 year statute of limitations in C.R.S. § 38-39-205, rather than the 6 year general debt collection statute of limitations in C.R.S. § 13-80-103.5. See, e.g., Mortg. Invs. Corp. v. Battle Mountain Corp., 70 P.3d 1176, 1179 (Colo. 2003). However, Defendants' counsel clearly is attempting to circumvent the fact that attempting to hold a person liable for an outstanding debt related to real property as well as attempting to take such property from a legal perspective is a debt collection and that FDCPA and FCPA laws must apply.

2. In the current legal matter both Defendants, Wells Fargo (Exhibit 1) and McCarthy & Holthus (Exhibit 2), have debt collection disclaimers on virtually all correspondence.

3. Courts have held that an action to foreclose on a deed of trust is governed by the fifteen-year limitations period contained in section 38-39-205, 10 C.R.S. (2002), when a party has commenced suit for default on the original promissory note within the six-year limitations period contained in section 13-80-103.5, 5 C.R.S. (2002).

4. Within this legal matter, Defendant Wells Fargo failed to commence suit on a promissory note within six years of default, the deed of trust is extinguished because the six-year limitations period in section 13-80-103.5(1)(a), 5 C.R.S. (2002), would bar enforcement

of the promissory note; therefore, the lien would be extinguished under section 38-39-207, 10 C.R.S. (2002). Martinez, 730 P.2d at 313 ("under [section 38-39-207], when an action to recover on a promissory note is barred, any lien securing such note is extinguished").

5. But, if a party commences suit on the promissory note within six years of default, subsequent collection of payment of the debt through execution on a judgment lien or foreclosure on the lien of the deed of trust is not barred by section 38-39-207, 10 C.R.S. (2002).

6. In the matter before the court, no circumstance exists that would change the statute of limitations to 15 years.

## II. GROUNDS FOR SEEKING AN ORDER

7. Plaintiff moves this court to grant a Temporary Restraining Order against the foreclosure sale of the Property as Plaintiff will suffer great and irreparable injury if the Court does not act immediately. Defendants, acting pursuant to the Court's Order Authorizing Sale (Exhibit 3), issued in Park County District Court Case No. 2015CV30081 on April 21, 2016, will proceed with the foreclosure sale that is currently scheduled for July 20, 2016. (Exhibit 4)

8. If the Subject Property is ordered to be sold, it will force the Defendant to move from his home causing immediate and irreparable harm. Additionally, as a sale of a home cannot be unwound, if the home is sold at auction before a judgment can be considered and in the event that the judgment is rendered in favor of the Plaintiff, then the Plaintiff will be unable to reclaim his property.

### III.     ARGUMENT FOR GRANTING A PRELIMINARY INJUNCTION

9.      The four factors to be considered by this Court when determining whether to grant a TRO/Preliminary Injunction are:

(1) whether the applicant has made a strong showing that they are likely to succeed on the merits of their case;

(2) whether the applicant will be irreparably injured absent injunction;

(3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies." KSTU, LLC v. Aereo, Inc., No. 14-4020, 2014 WL 1687749, at *1 (10th Cir. Mar. 7, 2014 (quoting Nken, 556 U.S. at 434).

#### (1).     LIKELIHOOD OF PREVAILING ON THE MERITS

10.     Plaintiff deserves a proper opportunity to examine these defenses in a proper setting before suffering the consequences of an incomplete adjudication. "Due process requires there be an opportunity to present every available defense." Lindsey v. Normet, 405 US 56, 67 (1972)

11.     For all civil actions occurring after July 1, 1972, the burden of proof shall be by a preponderance of the evidence, notwithstanding any contrary provision of law. § 13-25-127(1), (4), C.R.S. 2009; Gerner v. Sullivan, 768 P.2d 701, 702-03 (Colo. 1989)

12.     Pursuant to the statute, the preponderance of the evidence standard applies when a party seeks to void a transaction on equitable grounds alleging fraud, undue influence, or mistake. See Page v. Clark, 197 Colo. 306, 319, 592 P.2d 792, 801 (1979).

### (2).   IRREPARABLE HARM

13.     A party seeking injunctive relief "must show that the injury complained is of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." Heideman vs South Salt, 348 F.3d at 1189 (10th Circuit, 2006)

14.     If the property is sold in this case, Plaintiff would not be able to get the property back from a holder in due course.

15.     The sale is scheduled for July 20, 2016 while proceedings continue in the Federal matter on the Defendants Motions to Dismiss thereby eliminating time for a proper response or appeal.

16.     In terms of meriting temporary injunctive relief, the Plaintiff will likely suffer irreparable harm because the property in question intends to sell through the Public Trustee auction on July 20, 2016, and if successful will remove Plaintiff's ability to reside in his home, which would cause him irreparable harm.

17.     Plaintiff contends that injunctive relief will maintain the status quo in that, if Wells Fargo Bank, et al rightfully has an interest in the property, it remains secured by the Property while this action to determine the parties' respective rights is pending.

18.     Allowing Plaintiff to continue residing in the Property until further evidence may be presented maintains the status quo and guards against such imminence that there is a clear and

present need for equitable relief to prevent irreparable harm." Heideman v. South Salt Lake City, 348 F.3d 1182, 1190 (10th Circuit, 2006).

### (3). BALANCING HARDSHIP TO PARTIES

19. There is an internal balancing test, requiring that "the possible harm to the Plaintiff if the injunction is not entered be balanced against the possible harm to the Defendant[s] if the injunction is entered." Pelletier v. United States, 2011 WL 2077828, at *3 (D. Colo. May 25, 2011.

20. The likelihood of injury to the Defendants if this court issues an injunction or restraining order is non-existent because it is not the proper titleholder for the loan.

21. Having no injury in fact by Plaintiff's default, Defendant would also have no cause of action to foreclose. Plaintiff, alone, would be the injured party.

### (4). PUBLIC INTEREST

22. The public interest strongly favors enjoining the Defendants from filing a foreclosure action against Plaintiff or selling his home at public auction until the issues of fraud, due process and standing have been resolved and the questions regarding the Defendants' foreclosure procedures and actions are fully vetted by a court of competent jurisdiction.

23. The Public needs to know that in the administration of Justice, the system is not weighted to deliver an unjust result and to favor the rich and powerful.

24. In the interest of justice, the Lenders must fully disclose their right to foreclose under Colorado and Federal Law and they have not. Plaintiff is of the belief that property and mortgage ownership records belong in the public domain, not in a privatized database controlled by the

financial industry which helped lead to securitization errors, robosigning, and improper foreclosures throughout the country. Property ownership is one of the highest values for most individual citizens and as stewards of the public record, we must ensure the sanctity of those records by public officials, not corporations.

25. Colorado Rule of Civil Procedure 17(a) requires that every action "be prosecuted in the name of the real party in interest." The real party in interest is that party which, by virtue of substantive law, has its own funds at risk and therefore has the right to invoke the aid of the court in order to vindicate the legal interest in question. Implicit in Rule 120 is the requirement that the party seeking an order of sale have a valid interest in the property allegedly subject to the power of sale. Unless the "real party in interest" defense is considered at a Rule 120 hearing, any order for sale might well result in the sale of a property in favor of an interloper who has no legitimate claim to the property at all.

26. Due process protection implies that the parties are entitled to a full and fair hearing on matters relevant to its case and be presented with valid evidence that supports Wells Fargo and McCarthy & Holthus' claims that they are entitled to foreclose and that the outcome is appealable, if necessary. A court that does not permit a full and fair hearing and have all matters fully examined and confines the hearing to "default" and "Soldiers' and Sailors" issues "commits due process violations and reversible error".

27. CRCP Rule 120 is an expedited hearing or better known as a summary proceeding that limits the discussion to default and military status with very little latitude to either demand or present other evidence that might otherwise result in an order in favor of the Homeowner.

28.     Plaintiff is of the belief that any attempts by Defendant to enforce a Rule 120 judgment are barred by the six-year statute of limitations. The cause of action to collect the debt accrued June 5, 2009, with the acceleration letter sent to Plaintiff by Wells Fargo Home Mortgage, followed by initiating a foreclosure action the following month.

29.     Furthermore, notwithstanding Colorado case law to the contrary, the Uniform Commercial Code Section 3-501, as codified under Colorado statutes, provides that the party claiming to be a real party in interest must exhibit the original note with Homeowner's signature and a valid assignment if it was not the original lender in order to show a chain of title that is not broken for failure of valid assignments.

30.     The burden is, therefore, on Wells Fargo Bank, et al to come forward with evidence that it currently holds legal title to Plaintiff's promissory note as obligee on the original Note and possesses same, as well, (Platte Valley, supra; American Surety, supra), or that it has a full and complete assignment of the note that is sufficient to protect Plaintiff from other actions by any other alleged assignors. Further, Wells Fargo Bank, et al must prove that it was the real party in interest both at the time its claim arose ("Standing At Inception"), and at the time this case was filed.

31.     Plaintiff further alleges that without valid proof of ownership Defendants' should not be allowed to foreclose which would further the injustice committed by Defendants who are attempting to unconstitutionally deprive Plaintiff of his property pursuant to the procedurally defective Rule 120 as amended under HB 06-1387 foreclosure statute. "Abuse of process is by definition a denial of due process." Jennings vs. Shuman, 567 F.2d 1213 (3rd) Appellants'

in that case were harmed by the eviction, and defendants' conduct was a substantial factor in causing the harm. The **Rule 120** is facially unconstitutional under *Lindsey supra*; <u>and that such unconstitutionality goes to the subject-matter of the Colorado foreclosure proceeding</u> because **it is not a full and fair hearing**, & **no right to appeal**. *States v. McKenzie,* 99 F.3d 813, 816 (7th Cir.1996) (See **Rule 120 (d)).** A sheriff's sale or [Public Trustee's sale] may be set aside after delivery of the sheriff's deed or [Public Trustee Deed] based on either fraud which vitiates the transaction or a **lack of authority to make the sale**. *TWO RIVER COMMUNITY BANK, Successor by merger to THE TOWN BANK, vs. FOX FUNDING PA, LLC, ET AL,* NO. 09-0006 (PENN. 2013).

32. As the court in Fuentes vs Shevin, 407 US 81 at p. 87 said, "In adjudicating a creditor-debtor dispute implicating property rights, it is the meaningfulness of the procedural forum that counts, not the fact that a particular litigant may have, in fact, defaulted on a debt."

33. Plaintiff is eligible under Okla. ex rel. Okla. Tax Comm'n., 455 F.3d at 1113 where the Tenth Circuit appears to recognize the continuing validity of the modified success-on-the merits formula.

34. Accordingly, the Rule 120 could not hear a **RESPA** or **TILA** claim, a Constitutional claims under the 14th or 5th Amendments, **§1983** claims, or Fraud claims because, the "**Rule 120 hearing is not the proper forum for addressing the various and complex issues that can arise in some foreclosures**," inasmuch as this "would defeat the purpose of the streamlined public trustee foreclosure and afford little advantage over a judicial foreclosure," P*lymouth Capital,* 955 P.2d at 1017.

35.     Because of the limited scope of the Rule 120, <u>those claims are not **"inextricably intertwined"** with the Order Authorizing Sale for *Rooker-Feldman* to apply.</u> See *Ritter vs Ross*, *Infra* @ ¶ 22

36.     *Rosenfield infra,* describes the Rule 120 as not having a full and fair hearing or appellate review, ergo facially unconstitutional under *Lindsey vs Normet,* 405 U.S. 56, 78 says "if the State provides a full and fair hearing the Due Process Clause of the 14th Amendment does not require a State to provide appellate review". (The Rule 120 provides neither a full and fair hearing, nor a right to appellate review. *Marbury v. Madison*[, 5 U.S. (1 Cranch) 137,(1803) ] says that a statute that denies due process is **void ab initio**, ergo, **the Rule 120** is properly reviewed by this court under **FRCP (b) (4) &***Forchion infra*)

WHEREFORE, for the foregoing reasons, Plaintiff respectfully Motions this Court to grant a Temporary Restraining Order enjoining the Defendants from selling the above property now scheduled for July 20, 2016, to vacate all scheduled hearings, and to hold a hearing to determine if a preliminary injunction should issue to run the course of the above federal action.

RESPECTFULLY SUBMITTED this 11th day of July, 2016.

**RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS, P.C.**

*s/ Steven Hill*
Steven Hill, #35625
50 South Steele Street, Suite 600
Denver, CO  80209-2811
303-298-7392
shill@riggsabney.com
**ATTORNEY FOR PLAINTIFF**

10

*In accordance with C.R.C.P. 121 §1-26(9), a printed copy of this document with original signatures in being maintained by the filing party and will be made available for inspection by other parties or the court upon request.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2016, a true and correct copy of the foregoing **MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER** was filed and served electronically through this Court's CM/ECF system and served via U.S. Mail, first class postage prepaid, upon the following:

Attorney for Plaintiff, Wells Fargo:
Christopher J.L. Diedrich
1200 17th Street, Suite 1900
Denver, CO  80202
Phone:  303-634-2000
Fax:  303-634-2100
Email:  cdiedrich@swlaw.com

Attorney for Plaintiff, McCarthy & Holthus
McCarthy & Holthus, LLP
Attn:  Holly Shilliday
7700 E. Arapahoe Road, Ste. 230
Centennial, CO  80112
Phone:  303-952-6905
Fax:  866-894-7369
Email:  hshilliday@mccarthyhothus.com