# Dennis K Obduskey

November 29, 2021

**Express Delivery**

Re: Obduskey v. Wells Fargo et al., 15-cv-01734-RBJ

Jeffrey P. Colwell, Clerk
United States District Court for the District of Colorado
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, CO 80294

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 30 2021

JEFFREY P. COLWELL
CLERK

Dear Mr. Colwell:

I am the plaintiff in the above referenced case and received your attached letter regarding my case on Tuesday, November 23, 2021, after a phone call from the Riggs Abney Law firm. You entered the letter into the record related to Judge R. Brooke Jackson and his apparent failure to properly recuse himself in this case as required by law. My former attorney in this court, Stephen Hill, was previously employed at Riggs Abney, who contacted me last Tuesday. I was not advised until the phone call just before the Thanksgiving holiday. I am currently not represented by counsel.

Your letter was apparently not entered onto the Pacer docket until Friday, November 19, and perhaps only then discovered by previous counsel. Given the serious nature of the issue, and the timeline also being interrupted by the Thanksgiving holiday, I will need a minimum of at least three weeks to locate counsel and determine my ability to pursue the matter in the courts and potentially request a review.

Please consider this my initial response, as you requested, by November 30. I now reside more than 100 miles from the courthouse and between pandemic issues and the holidays, and fewer legal contacts at this level in a much smaller metro area, this is not an instant process. I hope to have decided my next steps by Christmas.

Clearly this is an unusual situation and given the limited notice, I will have to consider November 30 as an advisory date, not a legal filing requirement. I may have to represent myself and file appropriate *pro se* and *in forma pauperis* petitions for access to Pacer. These delays by previous counsel and the failure of the court to notify me via mail copies of filings (there is a forwarding address with the post office) may make same necessary. Failure of counsel to file appropriate withdrawal motions for that to occur should not be allowed to create prejudice in this matter.

Sincerely,

Dennis K Obduskey

604 ALPINE AVENUE, PUEBLO, COLORADO 81005
C (303) 929-0040    EMAIL: DENNISO@AIRBIZ.NET



**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Alfred A. Arraj
United States Courthouse
901 19th Street
Denver, Colorado 80294
www.cod.uscourts.gov

Jeffrey P. Colwell, *Clerk*

Phone: (303) 844-3433

November 8, 2021

**In re: *Obduskey v. Wells Fargo et al,* 15-cv-01734-RBJ**

Dear Counsel,

    I have been contacted by Judge R. Brooke Jackson who presided over the above-mentioned case.

    Judge Jackson informed me that it has been brought to his attention that while he presided over the case he or his spouse owned stock in Wells Fargo. The ownership of stock neither affected nor impacted his decisions in this case. However, this stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Jackson directed that I notify the parties of the conflict.

    Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

    Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

    With Advisory Opinion 71 in mind, you are invited to respond to Judge Jackson's disclosure of a conflict in this case. Should you wish to respond, please submit your response by November 30, 2021. Any response will be considered by another judge of this court without the participation of Judge Jackson.

Sincerely,

Jeffrey P. Colwell
2021.11.08
16:22:57
-07'00'

Jeffrey P. Colwell
Clerk, United States District Court

CC: Steven Hill, Christopher Dietrich and Holly Shilliday.

Dennis Obduskey
304 Alpine Ave.
Pueblo, CO 81005

**RECEIVED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 30 2021

JEFFREY P. COLWELL
CLERK

Jeffrey P. Colwell, Clerk
United States District Court for the District of Colorado
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, CO 80294

