**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:15-cv-01734-RBJ

DENNIS OBDUSKEY, an individual,

Plaintiff,

v.

WELLS FARGO, WELLS FARGO BANK,
WELLS FARGO & CO., WELLS FARGO BANK, N.A.,
WELLS FARGO HOME MORTGAGE, and
MCCARTHY AND HOLTHUS LLP,

Defendants.

---

**DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSE TO LETTER FROM CLERK OF COURT**

---

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") hereby responds to the November 8, 2021 letter from the Clerk of the District Court disclosing that Judge R. Brooke Jackson or his wife owned stock in Wells Fargo while he presided over this case (the "Letter") [ECF 50].

In overview and as explained in more detail below, this Court need take no action in response to the information disclosed in the Letter for three reasons. First, this case ultimately turned on a question of statutory interpretation of the Fair Debt Collection Practices Act ("FDCPA") and whether Wells Fargo and a law firm it hired were debt collectors under that statute. This legal question had no impact on Wells Fargo or its stockholder's financial interests such that Judge Jackson or his wife's ownership of stock does not create a question as to Judge Jackson's impartiality. Second, that core legal question was reviewed de novo and affirmed by

the United States Court of Appeals for the Tenth Circuit as well as the United States Supreme Court, further bolstering the credibility and impartiality of Judge Jackson's decision. Moreover, the other incidental claims plaintiff raised challenging the foreclosure process were also reviewed de novo by the Tenth Circuit and their dismissal was likewise affirmed. Third, Judge Jackson ceased presiding over this case five years ago. The interest of finality of judgments outweighs any reason to reopen this case and disturb the ruling. Accordingly, and as explained further below, this Court does not need to take any action in this case in light of the disclosure of Judge Jackson or his wife's ownership of Wells Fargo stock in 2016.

## BACKGROUND

### A. Plaintiff Initiates His Suit Challenging Foreclosure Proceedings and Alleging Violations of the FDCPA.

This case arose from Plaintiff Dennis Obduskey's procurement in 2007 of a $329,940 loan from Magnus Financial Corporation to buy a home. [ECF 1-16.] The loan was secured by his property and was serviced by Wells Fargo. [ECF 1; 1-5; 1-16.] In 2009, Obduskey defaulted on the loan. [ECF 1 at 16 ¶ 38.] Over the next six years, Wells Fargo initiated several foreclosure proceedings, none of which resulted in foreclosure. [ECF 1 at 9 ¶ 30.]

In 2014, Wells Fargo hired McCarthy and Holthus, LLP ("McCarthy"), a law firm, to pursue a non-judicial foreclosure on Obduskey's home. [ECF 1 at 4–5 ¶¶ 12–13.] McCarthy initially sent Obduskey an undated letter stating that McCarthy "MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT." [ECF 1-19.] The letter explained that McCarthy was "instructed to commence foreclosure against" Obduskey's home. [ECF 1-19.] It referenced the amount owed and noted that Wells Fargo was the current creditor. [ECF 1-19.] McCarthy then initiated a foreclosure action in May of 2015. [ECF 1 at 7 ¶ 22.]

Obduskey then filed his action in this Court claiming: (1) a violation of the Fair Debt Collection Practices Act; (2) a violation of the Colorado Consumer Protection Act; (3) defamation; (4) extreme and outrageous conduct—emotional distress; and (5) commencement of an unlawful collections action. [ECF 1 at 12–18.] The case was assigned to Judge Jackson.

Wells Fargo and McCarthy filed motions to dismiss, which Judge Jackson granted on all claims on July 19, 2016. [ECF 14; 18; 41.] Regarding the FDCPA claim, the district court held that Wells Fargo was not liable because it began servicing the loan prior to default. [ECF 41 at 6.] Judge Jackson also held that McCarthy was not a "debt collector" because "foreclosure proceedings are not a collection of a debt." [ECF 41 at 7.] Judge Jackson however noted that "not all courts have agreed" on whether foreclosure proceedings are covered under the FDCPA. [ECF 41 at 7.] Obduskey timely filed his notice of appeal on August 17, 2016. [ECF 43.]

**B. The Tenth Circuit Reviewed Judge Jackson's Decision Granting Wells Fargo's Motion to Dismiss, and Affirmed It, After Which the United States Supreme Court Affirms as to the FDCPA Issues.**

On January 19, 2018, the Tenth Circuit affirmed the district court's judgment and held that: (1) Wells Fargo was not a debt collector under the FDCPA; (2) McCarthy was not a debt collector under the FDCPA; and (3) the FDCPA does not apply to non-judicial foreclosure proceedings in Colorado. *Obduskey v. Wells Fargo*, 879 F.3d 1216, 1219–21 (10th Cir. 2018). The Tenth Circuit also affirmed the district court's judgment as to the incidental claims. *Id.* at 1223–24.

Obduskey then petitioned for certiorari to the United States Supreme Court which granted his petition on the issue of whether a law firm that is engaged only in security-interest enforcement is a "debt collector" subject to the main coverage of the FDCPA. *Obduskey v.*

*Wells Fargo*, 879 F.3d 1216, 1219 (10th Cir. 2018), *cert. granted sub nom.*, *Obduskey v. McCarthy & Holthus LLP*, 138 S. Ct. 2710 (June 28, 2018) (No. 17-13-07). On March 20, 2019, the Supreme Court unanimously affirmed the Tenth Circuit's decision and held that a business engaged in no more than nonjudicial foreclosure proceedings is not a "debt collector" under the FDCPA, except for the limited purpose of § 1692f(6). *Obduskey v. McCarthy & Holthus LLP*, -- U.S. --, 139 S. Ct. 1029 (2019). The Supreme Court's judgment issued on April 22, 2019, and the case was closed.

### C. In November 2021, Judge Jackson Disclosed that Either He or His Wife Owned Stock in Wells Fargo When He Presided Over this Case.

Then—nearly two years after the Supreme Court's decision and five years after Judge Jackson dismissed Obduskey's claims—on November 8, 2021, the Clerk of Court issued the Letter alerting the parties that Judge Jackson recently learned that while he was presiding over this case, he or his spouse owned stock in Wells Fargo. [ECF 50.] The Letter provides that the parties are "invited to respond to Judge Jackson's disclosure of a conflict in this case." [ECF 50.] Accordingly, Wells Fargo files this response stating that Judge Jackson's disclosure of a conflict is not a basis to reopen or disturb the district court's judgment in this case for three reasons.

## ARGUMENT

### I. There is No Legitimate Question About Judge Jackson's Impartiality in This Case.

The circumstances of this case raise no questions about Judge Jackson's impartiality. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 861 (1988) ("[T]t is critically important in a case of this kind to identify the facts that might reasonably cause an objective

observer to question the judge's] impartiality."). Judge Jackson was unaware of the conflict at the time he presided over the case. As such, when this case was proceeding in front of Judge Jackson in 2016, he had no obligation to disqualify himself based on a conflict of which he was not aware. *Liljeberg*, 486 U.S. at 861 ("[A] judge could never be expected to disqualify himself based on some fact he does not know, even though the fact is one that perhaps he should know or one that people might reasonably suspect that he does know.") (discussing 28 U.S.C. § 455 which requires a judge to disqualify himself in certain circumstances, such as when he or his spouse has a fiduciary interest in the subject matter of the case).

Retroactive application of § 455, the recusal statute, is not warranted here because there is no basis to question Judge Jackson's impartiality in this case based on this stock ownership. A party may challenge a prior decision based on the subsequent discovery of facts requiring the judge's disqualification under Federal Rule of Civil Procedure 60(b)(6). *See Liljeberg*, 486 U.S. at 863–64 ("Section 455 does not, on its own, authorize the reopening of closed litigation."); *see also Driscoll v. MetLife Ins.*, No. 3:15-CV-01162-BTM-LL, 2021 WL 4710852, at *2 (S.D. Cal. Oct. 8, 2021) ("Federal Rule of Civil Procedure 60(b)(6) is the proper avenue to challenge a prior decision based on the subsequent discovery of facts requiring the judge's disqualification under § 455."). Rule 60(b)(6) allows federal courts to relieve a party from a final judgment "upon such terms as are just" provided that the motion is made within a reasonable time. *Liljeberg*, 486 U.S. at 863. Rule 60(b)(6) relief is to be granted only where such action is appropriate to "accomplish justice," and courts limit its application to "extraordinary circumstances." *Liljeberg*, 486 U.S. at 863; *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006) ("[R]elief under Rule 60(b)(6) is

extraordinary and reserved for exceptional circumstances.”). This case does not present the extraordinary or exceptional circumstances that warrant Rule 60(b)(6) relief.

Ownership of stock in Wells Fargo had no bearing on the facts of this case. Obduskey’s suit presented no threat to Wells Fargo or its stockholders’ financial positions. There is no dispute that at the time he initiated his action, Obduskey was already in default on his loan Wells Fargo serviced. Moreover, Obduskey’s suit was not challenging the fact of his default. Rather, Obduskey challenged Wells Fargo’s and McCarthy’s efforts to foreclose on his property following his default. Judge Jackson’s holding on the issue at the heart of this case – whether or not Wells Fargo or McCarthy were acting as debt collectors under the FDCPA – could not have been influenced by his or his wife’s unknown ownership of Wells Fargo stock.

## II. The Tenth Circuit’s De Novo Review and Affirmance of the District Court’s Judgment – as Well as the Supreme Court’s Further Affirmance on the FDCPA Issue – Assuages Any Doubts as to Judge Jackson’s Impartiality.

Even assuming *arguendo* that there was some real question about Judge Jackson’s impartiality – and there is not – any such question is made moot by the fact that this case was reviewed de novo by the Tenth Circuit and affirmed. *Obduskey,* 879 F.3d at 1219 (“We review the grant of a motion to dismiss de novo.”). This de novo review, wherein the Court of Appeals reviewed the law and record without deference to Judge Jackson’s decision, assures that Obduskey’s case was treated fairly and impartially such that Rule 60(b)(6) relief from the district court’s judgment would not be warranted. *Thompson v. State Farm Fire & Cas. Co.,* 34 F.3d 932, 941 (10th Cir. 1994) (stating that when the court reviews a decision de novo it applies “the same legal standards as did the trial judge” and “stand[s] in the shoes of a trial court”). Given that three judges of the Court of Appeals reached the same conclusion as Judge Jackson when

they reviewed the questions of this case anew and without deference to Judge Jackson, there is no doubt that Judge Jackson's or his wife's stock ownership did not cause the ultimate decision in favor of Wells Fargo.

Underscoring this very point, the Supreme Court affirmed the Tenth Circuit's decision as to whether McCarthy was acting as a debt collector under the FDCPA. While the claims against Wells Fargo were not directly on appeal to the Supreme Court, the fact that the Supreme Court affirmed Judge Jackson's reasoning as to McCarthy where he interpreted the same statute to answer the question of whether Wells Fargo was acting as a debt collector provides an extra buttress to the presumption that Judge Jackson reached his decision fairly on a plain reading of the statute and was not influenced by this unknown stock ownership.

The Tenth Circuit de novo review and affirmance of Obduskey's incidental claims also assuages any doubt as to Judge Jackson's impartiality. The cluster of claims Obduskey raised challenging the foreclosure were incidental to his primary FDCPA claim. Judge Jackson considered and dismissed each of those claims as follows: violation of the Colorado Consumer Protection Act for failure to satisfy the public impact requirement [ECF 41 at 8–9]; defamation for failure to plead special damages [ECF 41 at 9–11]; extreme and outrageous conduct for failure to plead any facts satisfying the tort's high bar [ECF 41 at 11–13]; unlawful collections claim for failure to allege that the foreclosure proceedings were untimely or improperly initiated [ECF 41 at 14–16]; and request for a temporary restraining order for failure to show likelihood of success on the merits [ECF 41 at 16–17.] The Tenth Circuit reaffirmed that these claims were merely incidental to the FDCPA claim stating, "Mr. Obduskey's remaining claims warrant summary treatment." *Obduskey*, 879 F.3d at 1223. But, because these claims were disposed of

at the motion to dismiss stage, they were still subject to independent, de novo review by the Tenth Circuit which reached the same decision as Judge Jackson – further underscoring the impartiality of his decision. *Id.* ("We review the grant of a motion to dismiss de novo.").

**III. The Interest of Finality Should Prevail and the Case Should Remain Closed.**

Given the lack of prejudice and the independent confirmation of the judgment through the appellate process, the policy respecting the finality of judgments should be honored here. *Liljeberg*, 486 U.S. at 873 (Rehnquist, J. dissenting) ("This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved."). As stated, Judge Jackson ceased presiding over this case five years ago; the Supreme Court's judgment issued two years ago after nearly five years of litigation. Courts have a special interest in preserving the finality of judgments in order to increase certainty, discourage multiple litigation, and conserve judicial and party resources. *Yeager v. United States*, 557 U.S. 110, 118 (2009); *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The tools that may be used to reopen a final judgment, such as Rule 60(b)(6), are to be used sparingly and only in the most extraordinary of circumstances. *Liljeberg*, 486 U.S. at 863; *McGraw*, 450 F.3d at 505. As discussed, this case does not present those extraordinary circumstances as there is no legitimate challenge to Judge Jackson's impartiality and the independent appellate review in this case reaffirmed his decision. Accordingly, the interest of finality should prevail here. The Court should take no action based on Judge Jackson's disclosure of this conflict. This case should remain closed, and the final judgment should stand.

## CONCLUSION

In response to the Letter, Wells Fargo states that the Court should take no action based on Judge Jackson's disclosure of this conflict, as explained above. This case should remain closed, and the final judgment should stand undisturbed.

Dated: December 15, 2021.

Respectfully submitted,

SNELL & WILMER L.L.P.

*s/ Greg Marshall*
Greg Marshall #19886
Anna Adams #51218
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
Telephone: (303) 634-2000
Facsimile: (303) 634-2020

***Attorneys for Defendant Wells Fargo Bank, N.A.***

## CERTIFICATE OF SERVICE

I hereby certify that, on December 15, 2021, a true and correct copy of the foregoing **DEFENDANT WELLS FARGO BANK, N.A.'S RESPONSE TO LETTER FROM CLERK OF COURT** was filed and served via Colorado Courts E-Filing on the following:

Steven L. Hill, Esq.
RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS, P.C.
50 S. Steele St, Suite 600
Denver, Colorado 80209
Telephone: 303.298.7392
Fax: 303.298.7398
shill@riggsabney.com

Holly R. Shilliday, Esq.
McCarthy Holthus, LLP
7700 E. Arapahoe Road, Suite 230
Centennial, Colorado 80112
Telephone: 303.952.6905
Fax: 866.894.7369
hshilliday@mccarthyholthus.com

*s/Maegann Parsons*
for Snell & Wilmer L.L.P.