# U.S. District Court – District of Colorado
# District of Colorado (Denver)
# CIVIL DOCKET FOR CASE #: 1:15−cv−01734−JLK

| | |
|---|---|
| Obduskey v. Wells Fargo et al | Date Filed: 08/12/2015 |
| Assigned to: Judge John L. Kane | Date Terminated: 07/19/2016 |
| Case in other court:  USCA, 16−01330 | Jury Demand: None |
| Cause: 15:1692 Fair Debt Collection Act | Nature of Suit: 480 Consumer Credit |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Dennis Obduskey**     represented by     **Dennis Obduskey**
*an individual*     604 Alpine Avenue
     Pueblo, CO 81005
     PRO SE

     **Steven Louis Hill , Jr.**
     Law Office of Jennifer S. Gormley, P.C.
     6060 Greenwood Plaza Boulevard
     Suite 300
     Greenwood Village, CO 80111
     303−783−9600
     Email: steven@elderlawsource.com
     *TERMINATED: 04/15/2022*
     *LEAD ATTORNEY*


V.

**Defendant**

**Wells Fargo**     represented by     **Anna Marie Adams**
     Snell & Wilmer LLP−Denver
     1200 17th Street
     One Tabor Center
     Suite 1900
     Denver, CO 80202
     303−623−2061
     Email: amadams@swlaw.com
     *ATTORNEY TO BE NOTICED*

     **Gregory J. Marshall**
     Snell & Wilmer LLP
     400 East Van Buren
     One Arizona Center
     Suite 1900
     Phoenix, AZ 85004−2202
     602−382−6514
     Fax: 602−382−6070
     Email: gmarshall@swlaw.com

*ATTORNEY TO BE NOTICED*

**Defendant**

**Wells Fargo Bank**     represented by    **Anna Marie Adams**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory J. Marshall**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Wells Fargo & Co.**     represented by    **Anna Marie Adams**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory J. Marshall**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Wells Fargo Bank NA**     represented by    **Anna Marie Adams**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher J. L. Diedrich**
Colorado Attorney General's Office
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
720−508−6406
Fax: 720−508−6038
Email: christopher.diedrich@coag.gov
*ATTORNEY TO BE NOTICED*

**Gregory J. Marshall**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Wells Fargo Home Mortgage**     represented by    **Anna Marie Adams**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Gregory J. Marshall**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**McCarthy and Holthus LLP**     represented by

**Holly R. Shilliday**
McCarthy & Holthus, LLP
7700 East Arapahoe Road
Suite 230
Centennial, CO 80112
877–369–6122
Fax: 866–894–7369
Email: hshilliday@mccarthyholthus.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/12/2015 | 1 | | COMPLAINT against All Defendants (Filing fee $ 400,Receipt Number 1082–4548389)Attorney Steven Louis Hill, Jr added to party Dennis Obduskey(pty:pla), filed by Dennis Obduskey. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 22, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Exhibit 25, # 28 Exhibit 26, # 29 Exhibit 27)(Hill, Steven) (Entered: 08/12/2015) |
| 08/12/2015 | 2 | | Case assigned to Judge R. Brooke Jackson and drawn to Magistrate Judge Michael J. Watanabe. Text Only Entry. (amenz, ) (Entered: 08/12/2015) |
| 08/12/2015 | 3 | | SUMMONS issued by Clerk. Magistrate Judge Consent form issued pursuant to Local Rule (Attachments: # 1 Magistrate Judge Consent Form) (amenz, ) (Entered: 08/12/2015) |
| 08/12/2015 | 4 | | NOTICE OF MANDATORY FEE: Despite direct notice by the clerks office, counsel Steven Louis Hill, Jr. has failed to pay the 2013 renewal fee of $50. Failure to pay this fee within 10 days of the date of this docket entry may lead to action by the court.(Text only entry) (mfred) (Entered: 08/12/2015) |
| 08/13/2015 | 5 | | ORDER TO SET SCHEDULING CONFERENCE: This matter comes before the Court sua sponte. The parties are ordered to set an initial scheduling conference in this Court (with Judge Jackson) pursuant to Fed. R. Civ. P. 16(b) and D.C.COLO.LCivR 16.1 no later than 45 days after the answer, motion to dismiss or other response to the complaint is filed. Please see the order for details. By Judge R. Brooke Jackson on 8/13/2015. (rbjsec. ). (Entered: 08/13/2015) |
| 08/17/2015 | 6 | | NOTICE OF MANDATORY FEE: Attorney Steven Louis Hill Jr. has paid the 2013 renewal fee.(Text only entry) (mfred) (Entered: 08/17/2015) |
| 09/03/2015 | 7 | | WAIVER OF SERVICE Returned Executed by Dennis Obduskey. McCarthy and Holthus LLP waiver sent on 9/2/2015, answer due 11/2/2015. (Hill, Steven) (Entered: 09/03/2015) |
| 09/03/2015 | 8 | | SUMMONS Returned Executed by Dennis Obduskey. Wells Fargo served on 8/18/2015, answer due 9/8/2015; Wells Fargo & Co. served on 8/18/2015, answer due 9/8/2015; Wells Fargo Bank served on 8/18/2015, answer due 9/8/2015; Wells Fargo Bank NA served on 8/18/2015, answer due 9/8/2015. |

| | | | |
|---|---|---|---|
| | | | (Hill, Steven) (Entered: 09/03/2015) |
| 09/03/2015 | 9 | | SUMMONS Returned Executed by Dennis Obduskey. McCarthy and Holthus LLP served on 8/13/2015, answer due 11/2/2015. (Hill, Steven) (Entered: 09/03/2015) |
| 09/03/2015 | 10 | | SUMMONS Returned Executed upon *Wells Fargo, Wells Fargo Bank, Wells Fargo NA, Wells Fargo Co.*, SUMMONS Returned Executed by Dennis Obduskey. (Hill, Steven) (Entered: 09/03/2015) |
| 09/04/2015 | 11 | | NOTICE of Entry of Appearance by Christopher J. L. Diedrich on behalf of Wells Fargo Bank NAAttorney Christopher J. L. Diedrich added to party Wells Fargo Bank NA(pty:dft) (Diedrich, Christopher) (Entered: 09/04/2015) |
| 09/04/2015 | 12 | | Stipulated MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint,,, by Defendant Wells Fargo Bank NA. (Diedrich, Christopher) (Entered: 09/04/2015) |
| 09/08/2015 | 13 | | ORDER granting 12 Stipulated MOTION for Extension of Time to File Answer or Otherwise Respond re 1 Complaint. Wells Fargo Bank NA's answer is now due by 9/29/2015. By Judge R. Brooke Jackson on 9/8/2015. Text Only Entry(rbjsec. ) (Entered: 09/08/2015) |
| 09/29/2015 | 14 | | MOTION to Dismiss by Defendant Wells Fargo Bank NA. (Diedrich, Christopher) (Entered: 09/29/2015) |
| 09/29/2015 | 15 | | CORPORATE DISCLOSURE STATEMENT identifying Corporate Parent Wells Fargo & Company for Wells Fargo Bank NA. (Diedrich, Christopher) (Entered: 09/29/2015) |
| 10/21/2015 | 16 | | Stipulated MOTION for Extension of Time to File Response/Reply as to 14 MOTION to Dismiss by Plaintiff Dennis Obduskey. (Attachments: # 1 Proposed Order (PDF Only) Granting Stipulation)(Hill, Steven) (Entered: 10/21/2015) |
| 10/22/2015 | 17 | | ORDER granting 16 Stipulated MOTION for Extension of Time to File Response/Reply as to 14 MOTION to Dismiss. The response is now due on or before November 6, 2015. By Judge R. Brooke Jackson on 10/22/2015. Text Only Entry(rbjsec. ) (Entered: 10/22/2015) |
| 11/02/2015 | 18 | | MOTION to Dismiss *Complaint* by Defendant McCarthy and Holthus LLP. (Shilliday, Holly) (Entered: 11/02/2015) |
| 11/02/2015 | 19 | | CORPORATE DISCLOSURE STATEMENT identifying Other Affiliate McCarthy & Holthus LLP for McCarthy and Holthus LLP. (Shilliday, Holly) (Entered: 11/02/2015) |
| 11/06/2015 | 20 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Dismiss *Complaint* by Plaintiff Dennis Obduskey. (Attachments: # 1 Proposed Order (PDF Only) Proposed Order Granting Motion for Extension of Time to Respond to Motion to Dismiss)(Hill, Steven) (Entered: 11/06/2015) |
| 11/06/2015 | 21 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 14 MOTION to Dismiss by Plaintiff Dennis Obduskey. (Attachments: # 1 Proposed Order (PDF Only) Proposed Order Granting Amended Motion for Extension of Time to Respond to Motion to Dismiss)(Hill, Steven) (Entered: |

| | | | |
|---|---|---|---|
| | | | 11/06/2015) |
| 11/09/2015 | 22 | | ORDER finding as moot 20 Unopposed MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Dismiss Complaint. Found as moot in light of the amended motion filed at ECF No. 21. By Judge R. Brooke Jackson on 11/9/2015. Text Only Entry(rbjsec.) (Entered: 11/09/2015) |
| 11/09/2015 | 23 | | ORDER granting 21 Unopposed MOTION for Extension of Time to File Response/Reply as to 14 MOTION to Dismiss by Plaintiff Dennis Obduskey. The response is now due by 1:00 p.m. on November 10, 2015. By Judge R. Brooke Jackson on 11/9/15. Text Only Entry(rbjsec. ) (Entered: 11/09/2015) |
| 11/10/2015 | 24 | | RESPONSE to 14 MOTION to Dismiss filed by Plaintiff Dennis Obduskey. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit, # 25 Exhibit, # 26 Exhibit, # 27 Exhibit, # 28 Exhibit, # 29 Exhibit, # 30 Exhibit, # 31 Exhibit, # 32 Exhibit, # 33 Exhibit, # 34 Exhibit, # 35 Exhibit, # 36 Exhibit, # 37 Exhibit, # 38 Exhibit)(Hill, Steven) (Entered: 11/10/2015) |
| 11/13/2015 | 25 | | Unopposed MOTION for Leave to File Excess Pages *in regards to Plaintiff's Response to Motion to Dismiss* by Plaintiff Dennis Obduskey. (Attachments: # 1 Proposed Order (PDF Only))(Hill, Steven) (Entered: 11/13/2015) |
| 11/16/2015 | 26 | | ORDER denying 25 Unopposed MOTION for Leave to File Excess Pages in regards to Plaintiff's Response to Motion to Dismiss. A 31–page brief accompanied by 38 exhibits (379 pages) is a grossly excessive response to a Rule 12(b)(6) motion. The Court grants 7 days to file a conforming response (conforming as well to font and other requirements of the local rules). By Judge R. Brooke Jackson on 11/16/2015. Text Only Entry(rbjsec. ) (Entered: 11/16/2015) |
| 11/23/2015 | 27 | | STRICKEN – RESPONSE to 14 MOTION to Dismiss filed by Plaintiff Dennis Obduskey. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit, # 25 Exhibit, # 26 Exhibit, # 27 Exhibit, # 28 Exhibit, # 29 Exhibit, # 30 Exhibit, # 31 Exhibit, # 32 Exhibit, # 33 Exhibit)(Hill, Steven) Modified on 12/8/2015 to strike pursuant to 32 Order (athom, ). (Entered: 11/23/2015) |
| 11/23/2015 | 28 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Dismiss *Complaint* by Plaintiff Dennis Obduskey. (Attachments: # 1 Proposed Order (PDF Only))(Hill, Steven) (Entered: 11/23/2015) |
| 11/24/2015 | 29 | | ORDER granting 28 Unopposed MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Dismiss Complaint. The response is now due by December 1, 2015. By Judge R. Brooke Jackson on 11/24/2015. Text Only Entry(rbjsec. ) (Entered: 11/24/2015) |
| 11/24/2015 | 30 | | Unopposed MOTION to Clarify re 27 Response to Motion,, by Defendant Wells Fargo Bank NA. (Diedrich, Christopher) (Entered: 11/24/2015) |

| 12/01/2015 | 31 | | RESPONSE to 18 MOTION to Dismiss *Complaint* filed by Plaintiff Dennis Obduskey. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit)(Hill, Steven) (Entered: 12/01/2015) |
|---|---|---|---|
| 12/08/2015 | 32 | | ORDER granting 30 Unopposed MOTION to Clarify re 27 Response to Motion. By this order the Court also strikes the response to the motion to dismiss filed at ECF No. 27 and grants plaintiff one more opportunity to file a response that complies with applicable rules and practice standards and is an appropriate response to a Rule 12(b)(6) motion. The second amended response is due in seven days. The stricken response is incomplete and unsigned. It still exceeds this Court's page limits, although by less than plaintiff's first attempt. Most importantly, plaintiff appears to misunderstand the nature of a motion to dismiss. The motion simply asserts that on the face of the Complaint, it does not assert facts that plausibly state a claim on which relief could be granted. If the Court determines that the Complaint states a claim, which generally should not be a difficult assignment at least as to some claims, the motion would be denied. If the draftsman of the complaint did not even set forth facts that, construed in plaintiff's favor, would state a claim, then the Court would grant the motion. It should not take a lengthy brief or a long list of exhibits to develop that simple issue. Generally courts do not consider matters outside the four corners of the complaint in ruling on a 12(b)(6) motion. There can be exceptions, such as for documents attached as exhibits to the complaint. Without having read the response yet, I assume that many if not all of the 32 exhibits attached to the response (and the 16 exhibits attached to plaintiff's response to the law firm's motion to dismiss) will probably not be considered by the Court in ruling on the motions. By Judge R. Brooke Jackson on 12/8/15. Text Only Entry(rbjsec. ) (Entered: 12/08/2015) |
| 12/15/2015 | 33 | | MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Dismiss *Complaint* by Defendant McCarthy and Holthus LLP. (Attachments: # 1 Proposed Order (PDF Only))(Shilliday, Holly) (Entered: 12/15/2015) |
| 12/15/2015 | 34 | | ORDER granting 33 MOTION for Extension of Time to File Response/Reply as to 18 MOTION to Dismiss Complaint. The reply is now due 12/22/15. By Judge R. Brooke Jackson on 12/15/15. Text Only Entry(rbjsec.) (Entered: 12/15/2015) |
| 12/16/2015 | 35 | | Response to 14 MOTION to Dismiss filed by Plaintiff Dennis Obduskey. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8, # 9 Exhibit Exhibit 9, # 10 Exhibit Exhibit 10, # 11 Exhibit Exhibit 11, # 12 Exhibit Exhibit 12, # 13 Exhibit Exhibit 13, # 14 Exhibit Exhibit 14, # 15 Exhibit Exhibit 15, # 16 Exhibit Exhibit 16, # 17 Exhibit Exhibit 17, # 18 Exhibit Exhibit 18, # 19 Exhibit Exhibit 19, # 20 Exhibit Exhibit 20, # 21 Exhibit Exhibit 21, # 22 Exhibit Exhibit 22, # 23 Exhibit Exhibit 23, # 24 Exhibit Exhibit 24, # 25 Exhibit Exhibit 25, # 26 Exhibit Exhibit 26, # 27 Exhibit Exhibit 27, # 28 Exhibit Exhibit 28, # 29 Exhibit Exhibit 29, # 30 Exhibit Exhibit 30, # 31 Exhibit Exhibit 31, # 32 Exhibit Exhibit 32, # 33 Exhibit Exhibit 33)(Hill, Steven) Modified on 12/16/2015 to correct event text (athom, ). (Entered: 12/16/2015) |

| 12/22/2015 | 36 | | REPLY to Response to 18 MOTION to Dismiss *Complaint* filed by Defendant McCarthy and Holthus LLP. (Shilliday, Holly) (Entered: 12/22/2015) |
| --- | --- | --- | --- |
| 01/04/2016 | 37 | | REPLY to Response to 14 MOTION to Dismiss filed by Defendant Wells Fargo Bank NA. (Diedrich, Christopher) (Entered: 01/04/2016) |
| 07/08/2016 | 38 | | SUPPLEMENT/AMENDMENT *CORPORATE DISCLOSURE STATEMENT* by Defendant Wells Fargo Bank NA. (Diedrich, Christopher) (Entered: 07/08/2016) |
| 07/11/2016 | 39 | | MOTION for Temporary Restraining Order *and Preliminary Injunction* by Plaintiff Dennis Obduskey. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Proposed Order (PDF Only) Proposed Order)(Hill, Steven) (Entered: 07/11/2016) |
| 07/15/2016 | 40 | | RESPONSE to 39 MOTION for Temporary Restraining Order *and Preliminary Injunction* filed by Defendant Wells Fargo Bank NA. (Attachments: # 1 Declaration of Christopher J.L. Diedrich, # 2 Exhibit A)(Diedrich, Christopher) (Entered: 07/15/2016) |
| 07/19/2016 | 41 | | ORDER denying 39 Motion for TRO; granting 14 Motion to Dismiss; granting 18 Motion to Dismiss. Plaintiff's claims are dismissed with prejudice. by Judge R. Brooke Jackson on 7/19/16.(jdyne, ) (Entered: 07/19/2016) |
| 07/19/2016 | 42 | | JUDGMENT in favor of the defendants, McCarthy and Holthus LLP and Wells Fargo and against the plaintiff, Dennis Obduskey. by Clerk on 7/19/16. (jdyne, ) (Entered: 07/19/2016) |
| 08/17/2016 | 43 | | NOTICE OF APPEAL as to 41 Order on Motion for TRO, Order on Motion to Dismiss, 42 Judgment by Plaintiff Dennis Obduskey (Filing fee $ 505, Receipt Number 1082−5114146) (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2)(Hill, Steven) (Entered: 08/17/2016) |
| 08/17/2016 | 44 | | LETTER Transmitting Notice of Appeal to all counsel advising of the transmittal of the 43 Notice of Appeal, filed by Dennis Obduskey to the U.S. Court of Appeals. ( Retained Counsel, Fee paid,) (Attachments: # 1 Docket Sheet, # 2 Preliminary Record) (athom, ) (Entered: 08/17/2016) |
| 08/17/2016 | 45 | | USCA Case Number 16−1330 for 43 Notice of Appeal, filed by Dennis Obduskey. (athom, ) (Entered: 08/17/2016) |
| 08/31/2016 | 46 | | TRANSCRIPT ORDER FORM by Plaintiff Dennis Obduskey. Transcript is not necessary re 43 Notice of Appeal,. (athom, ) (Entered: 09/01/2016) |
| 09/01/2016 | 47 | | LETTER TO USCA and all counsel certifying the record is complete as to 43 Notice of Appeal, filed by Dennis Obduskey. A transcript order form was filed stating that a transcript is not necessary. ( Appeal No. 16−1330) Text Only Entry (athom, ) (Entered: 09/01/2016) |
| 01/19/2018 | 48 | | USCA Judgment as to 43 Notice of Appeal, filed by Dennis Obduskey: the judgment of the district court is affirmed. (USCA Case No. 16−1330) (This document is not the Mandate) (dkals, ) (Entered: 01/19/2018) |
| 02/12/2018 | 49 | | MANDATE of USCA as to 43 Notice of Appeal filed by Dennis Obduskey (USCA Case No. 16−1330) (dkals, ) (Entered: 02/12/2018) |
| 11/08/2021 | 50 | | Letter from Clerk of Court. (agarc, ) (Entered: 11/19/2021) |

| | | | |
|---|---|---|---|
| 11/30/2021 | 51 | | Letter by Plaintiff Dennis Obduskey to 50 Letter from Clerk of Court. (agarc, ) (Entered: 12/01/2021) |
| 12/01/2021 | 52 | | MOTION to Withdraw as Attorney by Plaintiff Dennis Obduskey. (Attachments: # 1 Proposed Order (PDF Only))(Hill, Steven) Modified on 12/2/2021 to term the PDF is blank. Corrected Motion filed see 53 (agarc, ). (Entered: 12/01/2021) |
| 12/02/2021 | 53 | | MOTION to Withdraw as Attorney by Plaintiff Dennis Obduskey. (Hill, Steven) (Entered: 12/02/2021) |
| 12/06/2021 | 54 | | NOTICE of Entry of Appearance by Gregory J. Marshall on behalf of Wells Fargo, Wells Fargo & Co., Wells Fargo Bank, Wells Fargo Bank NA, Wells Fargo Home MortgageAttorney Gregory J. Marshall added to party Wells Fargo(pty:dft), Attorney Gregory J. Marshall added to party Wells Fargo & Co.(pty:dft), Attorney Gregory J. Marshall added to party Wells Fargo Bank(pty:dft), Attorney Gregory J. Marshall added to party Wells Fargo Bank NA(pty:dft), Attorney Gregory J. Marshall added to party Wells Fargo Home Mortgage(pty:dft) (Marshall, Gregory) (Entered: 12/06/2021) |
| 12/06/2021 | 55 | | RESPONSE to 51 Response *TO PLAINTIFFS LETTER REQUESTING EXTENSION OF TIME TO RESPOND TO LETTER FROM CLERK OF COURT* by Defendants Wells Fargo, Wells Fargo & Co., Wells Fargo Bank, Wells Fargo Bank NA, Wells Fargo Home Mortgage. (Marshall, Gregory) (Entered: 12/06/2021) |
| 12/06/2021 | 56 | | NOTICE of Entry of Appearance by Anna Marie Adams on behalf of Wells Fargo, Wells Fargo & Co., Wells Fargo Bank, Wells Fargo Bank NA, Wells Fargo Home MortgageAttorney Anna Marie Adams added to party Wells Fargo(pty:dft), Attorney Anna Marie Adams added to party Wells Fargo & Co.(pty:dft), Attorney Anna Marie Adams added to party Wells Fargo Bank(pty:dft), Attorney Anna Marie Adams added to party Wells Fargo Bank NA(pty:dft), Attorney Anna Marie Adams added to party Wells Fargo Home Mortgage(pty:dft) (Adams, Anna) (Entered: 12/06/2021) |
| 12/15/2021 | 57 | | RESPONSE to 50 Letter *FROM CLERK OF COURT* by Defendant Wells Fargo Bank NA. (Marshall, Gregory) (Entered: 12/15/2021) |
| 12/15/2021 | 58 | | CASE REASSIGNED. Pursuant to D.C.COLO.LCivR 40.1(a), and the approval of the Chief Judge, this case is directly reassigned to Judge John L. Kane. All future pleadings should be designated as 15−cv−001734−JLK. (Text Only Entry) (nmilt) (Entered: 12/15/2021) |
| 01/11/2022 | 59 | | ORDER OF RECUSAL. By Judge R. Brooke Jackson on 1/11/2022 nunc pro tunc to 11/8/2021. (rbjsec. ) (Entered: 01/11/2022) |
| 04/15/2022 | 60 | | Memorandum Opinion and Order. Upon completion of an independent and comprehensive review of the orders and rulings in this case, I find that the undisclosed ownership of Wells Fargo stock by Judge Jackson or his wife could not have had any influence on the outcome of this case. As such, Mr. Obduskey was not prejudiced by Judge Jacksons untimely recusal. The matter is deemed terminated. ORDERED by Judge John L. Kane on 4/15/2022.(angar, ) (Entered: 04/15/2022) |
| 05/16/2022 | 61 | | |

| | | | | NOTICE OF APPEAL as to <u>60</u> Order on Motion to Withdraw as Attorney, by Plaintiff Dennis Obduskey. (angar, ) (Entered: 05/17/2022) |
|---|---|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01734-JLK

DENNIS OBDUSKEY,

    Plaintiff,

v.

WELLS FARGO,
WELLS FARGO BANK,
WELLS FARGO & CO.,
WELLS FARGO BANK, N.A.,
WELLS FARGO HOME MORTGAGE, and
MCCARTHY AND HOLTHUS LLP,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Kane, J.

This case was reassigned to me because Judge R. Brooke Jackson disclosed that either he or his wife owned stock in Defendant Wells Fargo Bank, N.A. ("Wells Fargo")[1] during the time he presided over the case. Although Judge Jackson has recused, he did so after ruling on the merits and entering final judgment in favor of Defendants Wells Fargo and McCarthy and Holthus, LLP ("McCarthy"), and against Plaintiff Dennis Obduskey. In response to Judge Jackson's disclosure of the grounds for his disqualification, Mr. Obduskey requested "at least three weeks to locate counsel and . . . potentially request a review." Pl.'s Resp. to Letter from Clerk at 1, ECF No. 51. Wells Fargo requested a similar extension of time to respond. Wells Fargo Resp. to Letter from Clerk at 2, ECF No. 55.

---

[1] Wells Fargo Bank, N.A. asserted Mr. Obduskey improperly filed suit against Wells Fargo, Wells Fargo Bank, Wells Fargo & Co., and Wells Fargo Home Mortgage. *See* Wells Fargo Mot. to Dismiss at 1, ECF No. 14.

I have conducted a *sua sponte* review of the case. For the reasons stated in this Order, I find the circumstances here do not warrant vacatur—the only relief available to Mr. Obduskey—as there was no prejudicial error in the judgment or rulings against him.

*Background*

In 2007, Mr. Obduskey obtained a loan from Magnus Financial Corporation to purchase a home in Bailey, Colorado. The loan was secured by Mr. Obduskey's property and was serviced by Wells Fargo. Mr. Obduskey defaulted on the loan in June 2009. Wells Fargo initiated nonjudicial foreclosure proceedings the next month by filing a Notice of Election and Demand for Sale by Public Trustee ("NED"), pursuant to Colorado law. *See* 7/10/2009 NED, ECF No. 1-29. That nonjudicial foreclosure proceeding, as well as two others on the property, was not completed.

Between 2008 and 2012, Wells Fargo accepted 12 trial payments from Mr. Obduskey in accordance with three loan modification offers. Nevertheless, his loan was not modified. Over the course of that four-year span, Wells Fargo sent documents to Mr. Obduskey with "opposing messages within days of each other" and it "claimed numerous different owners of the note." Compl. at 3 ¶ 5; 5 ¶ 14. In January 2013, Mr. Obduskey became aware that Wells Fargo had reported "dispute resolved; customer disagrees" to the credit bureaus—information he describes as "derogatory." *Id.* at 15 ¶ 25. That same year, despite being notified that Mr. Obduskey was represented by counsel, either Wells Fargo or an authorized representative began posting monthly notices at Mr. Obduskey's home, urging him to contact his mortgage servicer. *Id.* at 8 ¶ 26. When he called the phone number listed on the notices, he was directed to Wells Fargo. *Id.*

In 2014, Wells Fargo retained a new law firm, McCarthy and Holthus, LLP, to initiate a fourth nonjudicial foreclosure of Mr. Obduskey's property. McCarthy sent Mr. Obduskey undated letters in August 2014 advising him that the firm was serving as Wells Fargo's debt collector, and that Wells Fargo intended to re-initiate foreclosure proceedings. The notices informed Mr. Obduskey that McCarthy would assume, for purposes of the Fair Debt Collection Practices Act (the "FDCPA" or "Act"), that the debt was valid unless Mr. Obduskey responded within 30 days. The FDCPA states:

> If the consumer notifies the debt collector in writing within [30 days] . . ., the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b). Although Mr. Obduskey requested verification of the debt, McCarthy did not provide the requested information before initiating a foreclosure action by filing an NED in May 2015. As with the earlier foreclosure attempts, the proceedings "became a matter of public record" and notice of the proceeding appeared in local publications. Compl. at 15 ¶¶ 23, 24.

Mr. Obduskey filed the Complaint in this case in August 2015. In it, he alleged (1) violations of the FDCPA, 15 U.S.C. §§ 1692, *et seq.*; (2) unfair and deceptive trade practices in violation of the Colorado Consumer Protection Act (the "CCPA"), Colo. Rev. Stat. §§ 6-1-101 *et seq.*; (3) defamation; (4) extreme and outrageous conduct; and (5) "commencement of an unlawful collections action." Compl. at 12-18, ECF No. 1. Defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and Judge Jackson granted the motions on

July 19, 2016, dismissing each of Mr. Obduskey's claims with prejudice.² *See* 7/19/2016 Order, ECF No. 41. In his ruling, Judge Jackson determined neither Wells Fargo nor McCarthy qualified as a debt collector under the FDCPA and, consequently, its provisions did not apply. *Id.* at 5-7. He dismissed the remaining four claims for failure to allege a necessary element or failure to plead a recognized cause of action. *Id.* at 8-16. Mr. Obduskey appealed.

On appeal, the Tenth Circuit Court of Appeals conducted a *de novo* review.³ *See Obduskey v. Wells Fargo*, 879 F.3d 1216 (10th Cir. 2018), *aff'd sub nom. Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019). After noting a division among the Circuit Courts, the Tenth Circuit held for the first time that "[e]ntities engaged in non-judicial foreclosure actions in Colorado are not debt collectors under the FDCPA." *Id.* at 1221. The Court affirmed Judge Jackson's dismissal of Mr. Obduskey's FDCPA claim on that basis. It also affirmed the dismissal of Mr. Obduskey's remaining claims, noting they only "warrant[ed] summary treatment." *Id.* at 1223. Again, Mr. Obduskey appealed.

The United States Supreme Court granted Mr. Obduskey's petition for certiorari as to his FDCPA claim against McCarthy⁴ "in light of [the] different views among the Circuits about application of the FDCPA to nonjudicial foreclosure proceedings." *Obduskey*, 139 S. Ct. at 1035.

---

² Judge Jackson also denied Mr. Obduskey's request for a temporary restraining order and preliminary injunction based on his conclusion that dismissal was appropriate. *See* 7/19/2016 Order at 17.

³ A *de novo* review means the reviewing court "uses the trial court's record but reviews the evidence and law without deference to the trial court's rulings." *Appeal De Novo*, Black's Law Dictionary (11th ed. 2019).

⁴ The Tenth Circuit agreed with the district court that Wells Fargo is not a "debt collector" under the FDCPA because it began servicing Mr. Obduskey's loan before he went into default. *Obduskey v. Wells Fargo*, 879 F.3d at 1219 (citing 15 U.S.C. § 1692a(6)(F) (excluding "any person collecting or attempting to collect any debt . . . which was not in default at the time it was obtained by such person")); *see also* 7/19/2016 Order at 6. McCarthy, on the other hand, began its collection efforts after Mr. Obduskey's default.

4

The Court considered the extent to which the FDCPA applies to nonjudicial foreclosure proceedings by focusing on the Act's "limited-purpose definition" as it applied to McCarthy. *Id.* at 1036 ("For the purpose of section 1692f(6) [the] term [debt collector] also includes any person . . . in any business the principal purpose of which is the enforcement of security interests." (quoting 15 U.S.C. § 1692a(6))). While the parties did not dispute McCarthy was subject to section 1692f(6)'s prohibitions, they disagreed about whether it was subject to the main coverage of the Act. *Id.* The Supreme Court held that McCarthy was not subject to the Act's main provisions. *Id.* at 1038 ("[B]ut for § 1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act."). Consequently, on March 20, 2019, the Tenth Circuit's judgment was affirmed.

*Judge Jackson's Recusal*

On November 8, 2021, the Clerk of the Court notified Mr. Obduskey of Judge Jackson's recusal and the reason therefor, explaining that the "stock ownership would have required recusal under the Code of Conduct for United States Judges . . . ." Letter from Clerk at 1, ECF No. 50. Indeed, the Code of Conduct provides: "A judge . . . should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Code of Conduct for United States Judges, Canon 2(A). This provision is advisory and admonitory as reflected in the word "should." More to the point, and binding as a matter of law, is the statutory provision, 28 U.S.C. § 455(a), which states "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The word "shall" makes this statute mandatory rather than advisory. Section 455(a) can be violated without knowledge of a disqualifying circumstance, though a "judge's lack of

knowledge . . . may bear on the question of remedy." *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 859 (1988).

Section 455(b) specifically compels a judge to disqualify himself if either he or his spouse "has a financial interest . . . in a party to the proceeding." It matters not how small the ownership interest is, or how trivial it might be in the context of the judge's financial affairs, as section 455(b) applies to any financial interest, "however small." *Id.* § 455(d)(4). Additionally, section 455(c) states: "A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse . . . ."

Pursuant to these provisions, Judge Jackson should have recused from this case upon its assignment to him without taking any other action beforehand. Nevertheless, he recused in accordance with Canon 3(C)(1) of the aforementioned Code once the Wells Fargo stock ownership was brought to his attention. *See* Order of Recusal, ECF No. 59.

The Clerk's letter regarding the grounds for recusal invited Mr. Obduskey to submit a response and advised that any such response would be considered by another judge of this court without the participation of Judge Jackson. On November 30, 2021, Mr. Obduskey filed a timely response in which he stated he was not represented by counsel, and he had only received a copy of the Clerk's letter a week earlier. Pl.'s Resp. to Letter from Clerk at 1. Mr. Obduskey requested at least three weeks to find new counsel and to "determine [his] ability to pursue the matter in the courts and potentially request a review." *Id.* Aware of Mr. Obduskey's intentions to retain new counsel, his prior counsel filed a Motion to Withdraw as Counsel of Record (ECF No. 53) two days later. That motion is hereby GRANTED. More than four months have passed since Mr. Obduskey submitted his letter and no new attorney has entered an appearance.

6

15

*Independent Review*

Following the submission of Mr. Obduskey's letter and reassignment of this case to me, it is incumbent upon me to review the case *de novo* to confirm that no error affected Mr. Obduskey's substantial rights. To be sure, an error under § 455(b) occurred when Judge Jackson failed to disclose the stock ownership and recuse from the case immediately upon its having been drawn to him by the Clerk's Office. The purpose of my review is to determine whether that error was prejudicial to Mr. Obduskey.[5]

In *Liljeberg*, the Supreme Court explained that "[s]ection 455 does not, on its own, authorize the reopening of closed litigation. However, . . . Federal Rule[] of Civil Procedure 60(b) provides a procedure whereby, in appropriate cases, a party may be relieved of a final judgment." 486 U.S. at 863. "Rule 60(b) . . . grants federal courts broad authority to relieve a party from a final judgment" by vacating the judgment. *Id.* Rather than encourage Mr. Obduskey to pursue a fruitless motion, I have preemptively conducted a comprehensive review of the case and, in doing so, determined that no prejudicial error would support vacatur here.

---

[5] In considering violations of 28 U.S.C. § 455(a), the Supreme Court has directed courts to consider "the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Liljeberg*, 486 U.S. at 864; *see also Harris v. Champion*, 15 F.3d 1538, 1571 (10th Cir. 1994) (extending the *Liljeberg* analysis to violations of § 455(b)). In conducting my review, I draw a careful distinction between the usual standard of "harmless error," i.e., an error or defect that does not affect a party's substantial interest, and the factors articulated by the Supreme Court. I do so because any violation of § 455 causes harm to the integrity of the judicial process and can impair public confidence in the judicial system even when it is promptly corrected. After all, "[t]here are few characteristics of a judiciary more cherished and indispensable to justice than the characteristic of impartiality." *United States v. Greenspan*, 26 F.3d 1001, 1007 (10th Cir. 1994). However, under the circumstances here—in particular, Judge Jackson's lack of awareness of the grounds for disqualification during the time he presided over the case—my review is focused on whether the belatedly disclosed stock ownership was prejudicial to Mr. Obduskey.

This case was decided *entirely* on issues of law taking all of Mr. Obduskey's allegations as true for purposes of the motions to dismiss. Judge Jackson made no findings of fact on contested matters of evidence. He did not, nor was he required to, make any determinations of credibility that might have created a possibility of bias. Hence, Judge Jackson made no discretionary rulings or subjective determinations that favored Defendants.

Judgment entered against Mr. Obduskey because the allegations of his Complaint failed to put forth any claim upon which relief could be granted as a matter of law. Specifically, Mr. Obduskey did not satisfy the CCPA's public impact requirement;[6] he failed to allege special damages, as required for his defamation claim; and he failed to identify conduct that meets the "high bar" necessary to establish a claim for extreme and outrageous conduct. *See* 7/19/2016 Order at 8-13. He failed to state his fifth claim because there is no "unlawful collections" claim or wrongful foreclosure tort under Colorado law. *Id.* at 14. While Mr. Obduskey's FDCPA cause of action showed the most promise, it was also dismissed as a matter of law by all three courts to consider his arguments.

Judge Jackson's decision on appeal to the Tenth Circuit was given *de novo* review. The Tenth Circuit affirmed the dismissal for failure to state a claim. The Court of Appeal's decision affirming Judge Jackson's Order granting the motions to dismiss is determinative of the present issue because none of Judge Jackson's conclusions played a role in the Tenth Circuit's decision.

---

[6] To prevail on a claim for relief under the CCPA, a plaintiff must prove five elements, the third of which is the requirement that the defendant's conduct impact the public:
> (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury.

*Crowe v. Tull*, 126 P.3d 196, 201 (Colo. 2006).

Moreover, the review of the Order was made by an independent panel of appellate judges, none of whom had any disqualifying interest concerning the parties or the judgment entered by the trial court.

The basis for Mr. Obduskey's FDCPA claim—his strongest claim—was that Defendants were debt collectors as defined by the Act. As to Wells Fargo, both the Tenth Circuit and the Supreme Court disagreed with Mr. Obduskey. In regard to McCarthy, the Tenth Circuit held it was not a debt collector because the FDCPA does not apply to Colorado's nonjudicial foreclosure proceedings. The Supreme Court largely concurred with that analysis, however it identified an exception for entities such as McCarthy. The Court held that McCarthy is only a debt collector within the meaning of the Act for the limited purpose of enforcing security interests under section 1692f(6) of the FDCPA. *Obduskey*, 139 S. Ct. at 1038.

According to section 1692f(6), "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f(6). In addition, "the following conduct is [also] a violation of this section":

> Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
>
> - there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>
> - there is no present intention to take possession of the property; or
>
> - the property is exempt by law from such dispossession or disablement.

*Id.* (numbering omitted). After applying this sole exception to Mr. Obduskey's FDCPA claim, the Court determined McCarthy did not violate § 1692f(6) because "the notices sent by McCarthy were antecedent steps required under state law to enforce a security interest," and "the Act's (partial) exclusion of 'the enforcement of security interests' must also exclude the legal

9

means required to do so." *Obduskey*, 139 S. Ct. at 1039. In sum, the Court dismissed Mr. Obduskey's strongest claim on the basis of statutory interpretation.

To put this matter in a stark comment:  Twelve other judges, three on the Court of Appeals and nine on the Supreme Court, gave this case a fresh look unhindered by an appearance of impropriety at all. While Judge Jackson's failure to recuse is sufficient to warrant this examination by another judge, I find his undisclosed stock interest in Wells Fargo could not have had any influence or caused any prejudice to Mr. Obduskey. Consequently, there is no useful purpose in reopening this case.

*Conclusion*

Upon completion of an independent and comprehensive review of the orders and rulings in this case, I find that the undisclosed ownership of Wells Fargo stock by Judge Jackson or his wife could not have had any influence on the outcome of this case. As such, Mr. Obduskey was not prejudiced by Judge Jackson's untimely recusal. The matter is deemed terminated.

DATED this 15th day of April, 2022.

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-01734-JLK

DENNIS OBDUSKEY,

        Plaintiff,

v.

WELLS FARGO,
WELLS FARGO BANK,
WELLS FARGO & CO,
WELLS FARGO BANK, N.A.,
WELLS FARGO HOME MORTGAGE, and
MCCARTHY AND HOLTHUS LLP

        Defendant(s).

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
**5/16/2022**
**JEFFREY P. COLWELL, CLERK**

---

## NOTICE OF APPEAL FROM AN APPEALABLE ORDER

---

DENNIS OBDUSKEY, PRO SE LITIGANT, appeals to the United States Court of Appeals for the Tenth Circuit the MEMORANGUM OPINION AND ORDER entered on April 15, 2022. ___

Dated this 16th day of May, 2022.

Signature: *[signed]*
DENNIS OBDUSKEY
604 ALPINE AVE
PUEBLO, COLORADO 81005
303-929-0040

*Rev. 12/2021*

20