IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-1156, Dist/Ag docket: 1:15-CV-10734-JLK

Obduskey           Plaintiff/Petitioner

v.

Wells Fargo, et al      Defendant(s)/Respondents

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
2:27 pm, Jul 01, 2022
JEFFREY P. COLWELL, CLERK

## MOTION FOR RECONSIDERATION

Plaintiff hereby moves the Court to reconsider its decision to dismiss Plaintiffs' Motion and Affidavit for Leave to Proceed on Appeal [Doc No. 65], and as grounds therefore, state as follows:

1. Plaintiff is in bankruptcy – which is apparent from his application and the amount that he continues to pay to the United States Bankruptcy Court for the District of Colorado (Case No. 18-18627-JGR). Plaintiff is unable to encumber, lease, assign, use as security, or any other form of obtaining funds from the asset the court deemed made him not eligible to be considered indigent. In other words, his one asset is a non-existent source due to United States law, and the court should have taken that fact into consideration. Plaintiff was not in bankruptcy at the inception of the case in 2015, and that is the reason he was able to pay the initial filing fees. Plaintiff is no longer employed and Social Security is his sole source of income. That fact cannot be

overlooked, and it is a highly relevant reason why he cannot pay the docketing fees in this case.  Plaintiff meets the threshold for IFP status.

2.	In its Order dated April 15, 2022 [Doc. 60], the Court did undertake an independent review of Judge Jackson's rulings.  Plaintiff assumes that the Court relied upon that order to determine that the appeal that no merit, without any recitation of facts or legal reasoning regarding the actual question of impropriety, bias or prejudice in its ruling at docket number 65.  What has the Court done to determine that answer?  Review of conflict reports and disclosures are mandatory, but apparently are ignored.  Plaintiff (and the public) have been shut out of the opportunity to have anyone outside the federal courthouse hallways review whether the court had any prejudice or bias in this case due to his financial holdings.  Simply speaking to each other in the federal court hallway is an insufficient ground for concluding there was no bias, prejudice or impropriety, and does not resolve the question of Judge Jackson's knowledge.

3.	Judge Jackson recused after a Wall Street Journal's expose on a nationwide issue of judicial impropriety and potential bias or prejudice.  The Court must not overlook the erosion of confidence in the recent history of our judiciary.  *There is no doubt judicial error occurred.*  It is also obvious that Plaintiff had ineffective assistance of counsel, which may include filing the case in the wrong jurisdiction.  Plaintiff was unable to pursue a claim for legal malpractice until counsel withdrew, and the instant order was entered.  The Bar does not do a very good job of policing its own.  It is absolutely clear

that Judge Jackson was frustrated with Plaintiff's former counsel – how far did that bias go? All these matters have come up since the federal judiciary's practice of not complying with their mandated disclosures came to light, creating the presumption of impropriety. These facts deserve to be developed, reviewed, and are certainly in the public's interest.

WHEREFORE, Plaintiff requests that the Court reconsider the denial of his Motion (Doc. 65).

Dated this 1st day of July, 2022.

_____
Dennis Obduskey

604 Alpine Ave., Pueblo, CO 81005

(303) - 929-0040

denniso@airbiz.net

### Certificate of Service

The undersigned certifies that he has mailed a copy of this Motion to all counsel of record appearing on the docket on the 1st day of July, 2022.

_____
Dennis Obduskey

3